UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19 Civ. ___ (___) <br><br> **COMPLAINT** |

Plaintiffs Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, and E1 SP, a Segregated Account of EMAP SPC, for their complaint against The Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of Venezuela's failure to pay principal and interest on its 13.625% 2018 Bonds and 7.00% 2018 Bonds (the "2018 Bonds") of which the plaintiffs beneficially hold obligations with a stated principal amount in excess of $101,800,000.

2.      Venezuela issued the 2018 Bonds and sold them to investors under "fiscal agency agreements" it executed in 1998 (the "1998 FAA") and 2001 (the "2001 FAA").   In the 1998 FAA and 2001 FAA, and in the offering documents for the 2018 Bonds issued pursuant to those contracts, Venezuela unconditionally promised to make regularly scheduled principal and interest payments to holders of the 2018 Bonds.  The 1998 FAA and 2001 FAA are each governed by New York law without regard to conflict of laws principles.

3.       Venezuela has defaulted on its obligations under the 2018 Bonds and under the 1998 FAA and 2001 FAA.  Beginning in October 2017, Venezuela failed to make required interest payments on the 2018 Bonds as those payments became due.  And when the 2018 Bonds issued under the 1998 FAA and the 2001 FAA matured in 2018, Venezuela also failed to pay the principal on the 2018 Bonds in full.

4.      Contrarian Capital Management, L.L.C. ("Contrarian") acts as investment adviser for certain investment funds and separately-managed accounts (the "Contrarian Funds") that are beneficial holders of the 2018 Bonds and the other plaintiffs named herein.  Contrarian does not beneficially hold the 2018 Bonds but brings this suit to recover the due and unpaid principal and interest on the 2018 Bonds to which the Contrarian Funds are entitled.

## PARTIES

5.      Contrarian Capital Management, L.L.C. is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

6.      Contrarian Capital Fund I, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

7.      Contrarian Dome du Gouter Master Fund, LP is a limited partnership organized

under the laws of Canada with its principal place of business in Greenwich, Connecticut.

8. Contrarian Capital Senior Secured, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

9. Contrarian EM II, LP is a limited partnership organized under the laws of the State of Connecticut with its principal place of business in Greenwich, Connecticut.

10. Contrarian Emerging Markets, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

11. Boston Patriot Summer St LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Greenwich, Connecticut.

12. Polonius Holdings, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

13. E1 SP, a Segregated Account of EMAP SPC is a segregated portfolio company organized under the laws of the Cayman Islands with its principal place of business in Greenwich, Connecticut.

14. Each of the Contrarian Funds is a beneficial owner of 2018 Bonds of which the holder of record is Cede & Co., as nominee of the Depository Trust Company.  Each Contrarian Fund has been authorized to take any and all actions and exercise any and all rights and remedies that Cede & Co. is entitled to take as the holder of record of the 2018 Bonds.

15. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

16. This Court has jurisdiction under 28 U.S.C. § 1605 and § 1330 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity.  In the 1998

FAA, the 2001 FAA, and the terms and conditions of the 2018 Bonds, Venezuela expressly and irrevocably waived any immunity from suits against it with respect to the 2018 Bonds, the contracts under which the 2018 Bonds were issued, or any coupon appertaining thereto.

17. Venezuela is also not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2) because it conducts commercial activity in the United States. Venezuela engaged in a commercial activity carried on in the United States when it marketed the 2018 Bonds in the United States, offered them for sale in the United States, allowed them to be traded in the United States, promised to make payments on them in the United States, and directed the actions of its fiscal agents located in the United States. These actions caused direct effects in the United States, including damages to Contrarian and other investors from Venezuela's breach of its payment obligations on the 2018 Bonds.

18. This Court has personal jurisdiction over Venezuela because, in the 1998 FAA and 2001 FAA, Venezuela irrevocably submitted itself to the jurisdiction of this Court with respect to any suit arising with respect to the 2018 Bonds, the contracts under which the 2018 Bonds were issued, or any coupon appertaining thereto. In addition, this Court has personal jurisdiction over Venezuela because it contracted to provide goods and services in this State by promising to make principal and interest payments on the 2018 Bonds in New York, New York.

19. In the 1998 FAA, the 2001 FAA, and the terms and conditions of the 2018 Bonds, Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which currently maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

20. Venue is proper because, in the 1998 FAA and 2001 FAA, Venezuela consented to and irrevocably waived any objection to venue in this District. Venue is also proper under 28

U.S.C. §1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District.  Moreover, in the 1998 FAA and 2001 FAA, Venezuela also waived any defense that this Court would be an inconvenient forum for this action.

## FACTUAL ALLEGATIONS

21.     The 1998 FAA is a contract entered into as of August 6, 1998 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent.  The parties to the 1998 FAA amended that contract in amendments dated January 14, 2004 and September 29, 2004.  The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

22.     The 2001 FAA is a contract entered into among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents.  The parties to the 2001 FAA amended that contract with three amendments entered into as of September 19, 2003, March 21, 2005, and December 17, 2007.  The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela, and without regard to conflict of laws.

23.     From time to time, Venezuela has issued unsecured bonds pursuant to the 1998 FAA and 2001 FAA.  The principal amount, interest rate, maturity, and other terms of the 2018 Bonds are set forth in the offering documents and in the 2018 Bonds themselves.  In the 1998 FAA and the 2001 FAA, Venezuela pledged its full faith and credit for the due and punctual

payment of all bonds issued under those agreements.

24. The Contrarian Funds are beneficial owners of 13.625% 2018 Bonds issued under the 1998 FAA with the following terms, as described in the offering document attached as Exhibit A:

- ISINs:                              US922646AT10; USP9395PAA95
- Due Date:                           August 15, 2018
- Principal Beneficially Held:        $45,999,000
- Payment dates:                      February 15; August 15

25. The Contrarian Funds are beneficial owners of 7.00% 2018 Bonds issued under the 2001 FAA with the following terms, as described in the offering document attached as Exhibit B:

- ISIN:                               USP97475AD26
- Due Date:                           December 1, 2018
- Principal Beneficially Held:        $55,814,000
- Payment dates:                      June 1; December 1

26. Beginning in October of 2017, Venezuela stopped making interest payments on the 2018 Bonds. Since then, Venezuela has not made any of the interest payments required by the 2018 Bonds' terms. Specifically, Venezuela failed to make interest payments on the 13.625% 2018 Bonds on February 15, 2018, August 15, 2018, February 15, 2019, and August 15, 2019. Venezuela failed to make interest payments on the 7.00% 2018 Bonds on December 1, 2017, June 1, 2018, December 1, 2018, and June 1, 2019.

27. Venezuela further failed to pay the entire principal amount on the 2018 Bonds when they became due. Specifically, it failed to pay the entire principal amount on the 13.625%

2018 Bonds when they became due on August 15, 2018 and it failed to pay the entire principal amount of the 7.00% 2018 Bonds when they became due on December 1, 2018.

28. Under the terms of the 2018 Bonds, interest continues to accrue on those bonds whether or not their maturity date has passed.

29. Venezuela's failure to pay principal and interest currently owing on the 2018 Bonds has remained continuing for more than 30 days. As a result, an Event of Default exists under the terms and conditions of the 2018 Bonds.

## COUNT I

### Breach of Contract on the 13.625% 2018 Bonds

30. All foregoing paragraphs are incorporated by reference herein.

31. The 13.625% 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

32. Venezuela failed to make interest payments due to Contrarian on the 13.625% 2018 Bonds on February 15, 2018, August 15, 2018, February 15, 2019, and August 15, 2019 as required by the terms of those bonds.

33. Venezuela failed to pay Contrarian the entire principal amount of the 13.625% 2018 Bonds, which became due and payable when the bonds matured on August 15, 2018.

34. Venezuela therefore owes Contrarian the entire principal amount of Contrarian's 13.625% 2018 Bonds, plus accrued interest and prejudgment interest.

## COUNT II

### Breach of Contract on the 7.00% 2018 Bonds

35. All foregoing paragraphs are incorporated by reference herein.

36. The 7.00% 2018 Bonds are valid and enforceable promissory notes executed by

Venezuela.

37. Venezuela failed to make interest payments due to Contrarian on the 7.00% 2018 Bonds on December 1, 2017, June 1, 2018, December 1, 2018, and June 1, 2019 as required by the terms of those Bonds.

38. Venezuela failed to pay Contrarian the entire principal amount of the 7.00% 2018 Bonds, which became due and payable when those Bonds matured on December 1, 2018.

39. Venezuela therefore owes Contrarian the entire principal amount of Contrarian's 7.00% 2018 Bonds, plus accrued interest and prejudgment interest.

**PRAYER FOR RELIEF**

WHEREFORE Contrarian respectfully requests that the Court enter judgment in its favor and against Venezuela as follows:

A. Declaring that the 2018 Bonds, the 1998 FAA, and the 2001 FAA are enforceable, valid, and unconditional obligations owed by Venezuela;

B. Declaring that Venezuela has breached the terms of the 2018 Bonds, the 1998 FAA, and the 2001 FAA by failing to pay Contrarian the contractually required interest payments and repayment of principal;

C. Awarding damages to Contrarian in an amount to be proven at trial, but in no event less than $128,487,865;

D. Awarding Contrarian its fees and costs as permitted by law;

E. Awarding Contrarian pre-judgment and post-judgment interest; and

F. Awarding Contrarian such other and further relief as the Court deems just and equitable.

November 29, 2019
New York, New York

        Respectfully submitted.

        /s/ Steven F. Molo
        Steven F. Molo
        Justin M. Ellis
        Lauren F. Dayton
        MOLOLAMKEN LLP
        430 Park Avenue
        New York, NY 10022
        Tel: (212) 607-8160
        Fax: (212) 607-8161
        smolo@mololamken.com

        *Attorneys for Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, and E1 SP, a Segregated Account of EMAP SPC*