

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

February 3, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_NYSDChambers@nysd.uscourts.gov

      Re:    *Contrarian Capital Management, LLC v. Bolivarian Republic of Venezuela*,
              19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 19 Civ. 3123 & 18 Civ. 11940):
              <u>Service and Initial Pretrial Conference</u>

Dear Judge Torres:

      We represent the Plaintiffs. Pursuant to the Court's order of January 24, 2020, Dkt. 26, we write to inform you that service on the Republic was completed on January 31, 2020. Specifically, the State Department has provided us with a certified copy of a diplomatic note sent to the Republic on that date, which is the effective date of service. *See* Ex. A (certification of diplomatic note); 28 U.S.C. § 1608(c)(1) (for diplomatic service, "[s]ervice shall be deemed to have been made . . . as of the date of transmittal indicated in the certified copy of the diplomatic note"). We understand the Department of State has also sent a certified copy of the diplomatic note to the Clerk of Court.

      Now that service is complete, Plaintiffs respectfully request that the Court hold a pretrial conference at the Court's earliest convenience. An early pretrial conference would assist in efficiently resolving this case because only minimal discovery and merits briefing will likely be necessary. As with the related *Pharo Gaia* and *Casa Express* cases, this case raises only straightforward issues about bonds issued by the Republic for which the Republic has missed scheduled principal and interest payments. *See* Dkt. 21 (operative amended complaint) ¶¶ 1-4; *see also* Notice of Removal, *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, Dkt. 1 (S.D.N.Y. Apr. 8, 2019); Complaint, *Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, Dkt. 1 (S.D.N.Y. Dec. 18, 2018). Further, the Republic has long been on notice of this action, both because Plaintiffs advised the Republic's counsel in the *Pharo Gaia* and *Casa Express* cases of this action in a December 11, 2019 letter

Hon. Analisa Torres						February 3, 2020

and because this case has been accepted as related to those actions. There is therefore no need to wait until the Republic answers the Plaintiffs' complaint to set a discovery and summary judgment schedule now.

Further, there is significant factual and legal overlap between this case and the *Pharo Gaia* and *Casa Express* cases that will allow the parties and the Court to resolve pretrial proceedings quickly. Like those cases, Plaintiffs anticipate that the only discovery needed here will be to provide the Republic with documents showing that Plaintiffs beneficially hold and have the right to sue upon the bonds at issue. Plaintiffs are ready to produce those documents now and will do so as soon as a protective order is entered. Plaintiffs also anticipate that the issues raised on the merits will be largely similar to, if not identical to, the issues raised in the related cases' summary-judgment briefing – not least because the Republic has chosen not to contest its liability on the bonds at issue in those cases. *See* Nos. 18 Civ. 11940 & 19 Civ. 3123, Dkt. 66 (S.D.N.Y. Jan. 16, 2020) (summary-judgment brief by the Republic requesting a stay and contesting prejudgment interest, but not contesting its obligation to pay the subject bonds); *see also* Ex. B, Republica Bolivariana de Venezuela Asamblea Nacional, *PDVSA 2020 Bond Trial Doesn't Mean Repudiation of Venezuela's Foreign Debt*, (Nov. 14, 2019), https://presidenciave.com/en/international/pdvsa-2020-bond-trial-doesnt-mean-repudiation-of-venezuelas-foreign-debt/ (disclaiming any intent to "disregard [ ] the total national public debt" or "repudiate . . . the private claims against the State" other than certain PDVSA bonds not at issue in this case).

Given that overlap, and given the limited open issues in this case, we respectfully suggest that the most efficient way forward is to resolve this case on a schedule as close as possible to the *Pharo Gaia* and *Casa Express* cases. Plaintiffs stand ready to meet and confer with the Republic and to submit a joint status letter and proposed case-management order in advance of the pretrial conference whenever it is scheduled.

						Respectfully submitted,

						/s/ Steven F. Molo
						Steven F. Molo


CC:    All counsel of record via CM/ECF