April 2, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Contrarian Capital Management, LLC v. Bolivarian Republic of Venezuela*,
              19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 19 Civ. 3123 & 18 Civ. 11940):
              <u>Joint Status Letter</u>

Dear Judge Torres:

      Pursuant to the Court's February 4, 2020 order, Dkt. 28, the parties respectfully submit this joint letter regarding the initial pretrial conference scheduled in this action for 3:00 p.m. Eastern time on Thursday, April 9, 2020. Enclosed with this letter is a copy of the parties' proposed Case Management Plan and Scheduling Order.

      **1.**      **Brief Summary of The Case**

      This is a breach-of-contract action against the Bolivarian Republic of Venezuela based on the Republic's alleged non-payment of scheduled interest and principal on nine series of its sovereign bonds (the "Bonds"). Plaintiffs' claims are based on the terms of the Bonds, as set forth in the offering documents and the Bonds themselves, as well as two "Fiscal Agency Agreements" ("FAAs") under which the Republic issued the Bonds.

      Plaintiffs are Contrarian Capital Management, L.L.C. ("Contrarian") and certain investment funds and separately managed accounts (the "Contrarian Funds") for which Contrarian acts as investment adviser. The Contrarian Funds are beneficial holders of the Bonds and, together with Contrarian, seek missed principal and interest payments on the Bonds together with statutory pre-judgment interest and attorney's fees. Plaintiffs filed this action on November 29, 2019, Dkt. 1, then amended their complaint with a First Amended Complaint filed on December 19, 2019, Dkt. 15, and a Corrected First Amended Complaint filed on January 7, 2020, Dkt. 21.

      Defendant is the Bolivarian Republic of Venezuela as represented by the Interim Government of Juan Guaidó. While the Interim Government has control of the Republic's assets in the United States and elsewhere, the Republic remains a blocked person under OFAC sanctions regulations and any transfers of its assets must be licensed by OFAC. The Interim Government is not yet in control of the territory of Venezuela and alleges that it lacks information necessary to determine the validity of claims against it.

Hon. Analisa Torres                                                                                                April 2, 2020

In July 2019, the Interim Government announced its intention to enter into a consensual restructuring of its debts. The Guidelines for the renegotiation of claims against the Republic issued by the Office of the Special Attorney General make clear that "it shall be the policy of the Authorities to proceed with an orderly and consensual renegotiation of legacy private claims" and that all claims will be eligible to participate in the renegotiation on equal terms with all other reconciled claims.

On February 3, 2020, the U.S. Department of State certified that, as of January 31, 2020, it had completed service on the Republic of the Corrected First Amended Complaint via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4). Dkt. 27-1. Beginning in March 2020, the parties have engaged in informal discovery. On March 26, 2020, Plaintiffs produced to the Republic (1) account statements that Plaintiffs assert show the amount of the Plaintiffs' holdings in the Bonds and (2) letters from Cede & Co., as nominee for the Depository Trust Company ("Cede"), the Bonds' holder of record, that Plaintiffs assert show that Cede has granted Plaintiffs all rights with respect to the Bonds that Cede may have. On April 1 and 2, 2020, the Republic raised with Plaintiffs questions about the records produced, and served Plaintiffs with informal document requests and interrogatories seeking information regarding how Plaintiffs acquired the Bonds on which they have brought suit and the identity of their beneficial owners. The Republic asserts such discovery is necessary to ensure that Plaintiffs acquired the right to sue on the bonds in due course and without fraud and are not sanctioned persons or subject to counterclaims. Plaintiffs are conferring with the Republic about those questions and discovery requests and intend to produce relevant responsive documents on or before April 23, 2020. Plaintiffs do not intend to seek discovery from the Republic at this time, and neither party intends to seek third-party discovery.

The Republic appeared and filed its answer on March 31, 2020. Dkt. 34. In its answer, the Republic asserted two affirmative defenses: (1) that "OFAC sanctions bar entry of judgment in this case;" and (2) that the Republic "has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to it, and therefore reserves the right to assert such additional defenses in the event that discovery or further factual investigation indicate they would be appropriate." *Id.* at 11-12.

    **2.**    **Contemplated motions**: The parties' positions on motion practice are as follows:

*Plaintiffs' Position*: Plaintiffs intend to file a motion for summary judgment on liability and damages and respectfully request that the Court schedule that motion as soon as possible. This is a straightforward contract case about the Republic's liability on its Bonds, and none of the facts proving Plaintiffs' claims are seriously in dispute. The Republic does not contest the Bonds' validity or the Court's jurisdiction, and Plaintiffs have produced account statements showing that the Republic has missed principal and interest payments on those Bonds. Moreover, Plaintiffs have already produced to the Republic all documents necessary to show that Plaintiffs beneficially hold and have the right to sue upon the Bonds at issue in this complaint. While the Republic protests that it purportedly lacks information to assess whether the Bonds have been paid, it neither challenges Plaintiffs' proof of non-payment nor seeks any discovery on that issue – and, in fact, has admitted that it has not paid its bond payments in both the related

Hon. Analisa Torres                                                                                         April 2, 2020

cases and its public statements. *See, e.g.*, No. 18 Civ. 11940, Dkt. 66-1 (press release by the Republic proposing public restructuring of "unpaid principal and interest" on its bonds); *see also id.*, Dkt. 67 (not contesting Rule 56.1 statement in the related cases showing that the Republic has failed to pay certain of the Bonds at issue in this case). And Plaintiffs stand ready to produce all further relevant information the Republic has asked for in its April 1 informal discovery request. Plaintiffs likewise do not seek any further discovery and do not need more than the limited set of documents they have already produced to prove their claims. As a result, neither protracted discovery nor trial is necessary. This case is ripe for decision. The Court should thus proceed to summary-judgment practice now.

Moreover, summary-judgment practice can and should proceed on an expedited schedule. Not only would protracted additional discovery be unnecessary and wasteful, but Defendants' affirmative defenses and arguments for a stay lack merit. While the Republic invokes OFAC regulations and raises the specter of a purported "race among creditors" for its assets, both those concerns would, at best, warrant putting off *enforcement* of a judgment, not entering a judgment. Likewise, the international-law doctrines that the Republic raises, such as the "doctrine of necessity," do not apply to these Bonds and contracts arising under New York law. By contrast, any delay in briefing or deciding summary judgment would prejudice Plaintiffs compared to the other creditors – in this District and elsewhere – whose suits against the Republic and its instrumentalities are proceeding. Plaintiffs agree that the Republic's stay motion should be briefed and decided on the same schedule as their motion for summary judgment.

In addition, the issues in this case are largely the same as, if not identical to, the issues raised in the related cases before this Court brought by other bondholders against the Republic. In those cases, the Republic did not contest any of the facts in the plaintiffs' Rule 56.1 Statement. Because the Republic has announced that it will follow the same strategy it has pursued in the related cases, no further time is necessary for the Republic to respond to Plaintiffs' Rule 56.1 statement in this case as well. And the Republic's asserted grounds for a stay in this case are the same grounds it has asserted in the related cases. Both parties should therefore be able to brief the summary-judgment and stay motion in this case with little additional difficulty or expense. The parties have agreed to a schedule that allows for both Plaintiffs' summary-judgment motion and the Republic's stay request to be fully submitted in under three months. This Court should schedule this case so that it can reach a decision on summary judgment and the Republic's stay request in this case at the same time as it reaches a decision in the related cases.

***Defendants' Position*:** Defendant does not contest the validity of the bonds or the Court's jurisdiction. Defendant lacks access to information necessary to determine the true owners of the bonds or the extent of payments made on the bonds. If the discovery confirms the identity of Plaintiffs' beneficial owners, their right to sue on the bonds and the legitimacy of their acquisition of the bonds, Defendant intends to oppose a motion for summary judgment on the grounds set forth by the Republic with respect to the plaintiffs' motions for summary judgment in *Casa Express Corp.* v. *Bolivarian Republic of Venezuela* (No. 1:18-cv-11940-AT) (ECF. No. 66) and *Pharo Gaia Fund Ltd., et al.* v. *Bolivarian Republic of Venezuela* (No. 1:19-cv-03123-AT) (ECF. No. 44), namely that (1) OFAC sanctions bar entry of judgment at this time, absent a

Hon. Analisa Torres								April 2, 2020

specific license, and (2) the Court should exercise its discretion to stay this case for the reasons set forth below in support of Defendant's motion for a stay.

The Republic intends to ask the Court to stay this case in light of the extraordinary political, humanitarian, and economic crisis facing the Republic. *First*, the Court should exercise its inherent power to stay the litigation because further proceedings could cause tremendous harm to the Republic and its citizens by triggering a race among creditors to get judgments in the hopes of getting a leg up in the eventual restructuring of the Republic's debts. Further proceedings would also waste critical assets and would undermine the Republic's efforts to address the unprecedented humanitarian crisis within Venezuela, and would waste valuable judicial resources because plaintiffs will be unable to enforce any judgment that might be entered due to OFAC sanctions that forbid any person subject to U.S law from enforcing such a judgment absent a specific license. *Second*, the Court should stay the litigation as a matter of international comity and under the international law doctrine of necessity in light of Venezuela's unprecedented economic collapse, massive migrant and refugee crisis, and complex humanitarian emergency, and because the Republic is unable to access the critical information it needs in order to perform or settle its financial obligations at this time.

Defendant believes that informal discovery can be completed within the discovery period set forth in the parties' proposed case management plan, and will work expeditiously to accomplish that. If, however, informal discovery has not established the identity of their beneficial owners, their right to sue on the bonds and the legitimacy of their acquisition of the bonds, Defendant reserves the right to oppose summary judgment on those grounds or to seek an extension or postponement of the close of fact discovery and of the proposed briefing schedule set forth below.

Defendant proposes to brief its motion for a stay on the same schedule as plaintiff's proposed motion for summary judgment.

***Proposed Briefing Schedule***: The parties respectfully propose the below schedule for briefing Plaintiffs' motion for summary judgment and the Republic's cross-motion for a stay:

- By **April 30, 2020,** Plaintiffs shall file their motion for summary judgment;

- By **May 28, 2020**, Defendant shall file its opposition to summary judgment and cross-motion for a stay;

- By **June 11, 2020**, Plaintiffs shall file their reply in support of their motion for summary judgment and opposition to Defendant's cross-motion;

- By **June 25, 2020**, Defendant shall file its reply in support of its cross-motion.

Hon. Analisa Torres April 2, 2020

### 3. Prospects for Settlement

The parties have conferred and will continue to confer in good faith about potential voluntary resolutions to this case. As noted above, the Republic has also announced that it intends to achieve an orderly consensual restructuring of its sovereign debt, including the Bonds at issue in this case. At this time, however, the parties do not request a settlement conference or other form of alternative dispute resolution.

Respectfully submitted,

*/s/ Steven F. Molo*
Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue
New York, NY 10022
Tel:   (212) 607-8160
Fax:   (212) 607-8161
smolo@mololamken.com

*Counsel for Plaintiffs*

*/s/ Joseph E. Neuhaus*
Joseph E. Neuhaus
Sergio J. Galvis
James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Tel:   (212) 558-4000
Fax:   (212) 558-3588
neuhausj@sullcrom.com

Angela N. Ellis
1700 New York Avenue, N.W. Suite 700
Washington, D.C.  20006-5215
Tel:   (202) 956-7500
Fax:   (202) 293-6330

*Counsel for Defendant*