

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

April 2, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *Contrarian Capital Management, LLC v. Bolivarian Republic of Venezuela*,
     19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 19 Civ. 3123 & 18 Civ. 11940):
     <u>Motion for Summary Judgment</u>

Dear Judge Torres:

  We represent the Plaintiffs. We write pursuant to Rules III.A and III.C of the Court's individual practices to respectfully request leave to move for summary judgment. Because there is no serious dispute either that Plaintiffs hold bonds validly issued by the Defendant Bolivarian Republic of Venezuela or that the Republic has failed to pay scheduled principal and interest on those bonds, good cause exists to consider summary judgment now, just as the Court has done in the two bondholder cases marked as related to this one. *See* Nos. 19 Civ. 3123 & 18 Civ. 11940.

  Moreover, summary-judgment practice in this case can and should proceed quickly. The parties agree that the legal issues in this case are identical to the issues in the related cases: The Republic intends to oppose Plaintiffs' summary-judgment motion "on the grounds set forth by the Republic" in those cases. *See* Dkt. 35 (joint status letter) at 3. And Plaintiffs' informal discovery productions – which are already complete in substantial part – will ensure that this case can proceed on the same record as in the related cases. Plaintiffs therefore respectfully request that the Court adopt the parties' agreed briefing schedule so the Court can decide Plaintiffs' proposed motion at the same time as the related cases' pending motions.

  **I.**  **Background[1]**

  This case concerns the Republic's failure to pay principal and interest on nine series of bonds (the "Bonds") with an original principal balance of nearly $575,000,000. Rule 56.1 Statement ¶ 138. The Republic issued the Bonds and sold them to investors under two contracts

---

[1] The following facts are drawn from Plaintiffs' Rule 56.1 statement of undisputed material facts, filed contemporaneously with this letter, and from correspondence enclosed with this letter as Exhibit 1.

Hon. Analisa Torres                                                                                                April 2, 2020

called "fiscal agency agreements" (or "FAAs").  56.1 Statement ¶ 14; *see* Rule 56.1 Statement Exs. J, K.  In both FAAs and under the Bonds' terms, the Republic unconditionally promised to make regularly scheduled principal and interest payments to the Bonds' holders.  56.1 Statement ¶¶ 18, 22, 33, 52, 66, 77, 88, 99, 110, 121, 132.  Since October 2017, however, the Republic has failed to make interest payments on the Bonds as they have come due.  *Id.* ¶¶ 37, 56, 69, 80, 91, 102, 113, 124, 135.  In addition, the Republic failed to pay the entire principal amount of the 13.625% 2018 Bonds and the 7.00% 2018 Bonds when those Bonds matured.  *Id.* ¶¶ 42, 59.

Plaintiffs are Contrarian Capital Management, L.L.C. and certain investment funds and separately managed accounts for which Contrarian acts as investment adviser.  56.1 Statement ¶ 12.  They have produced to the Republic account statements showing that they hold the Bonds for which the Republic has failed to pay $284,700,412.01 of principal and interest due as of March 26, 2020.  *Id.* ¶ 139.  Further, Plaintiffs have obtained written authorization from Cede & Co., the Bonds' holder of record, to exercise all rights and remedies with regard to the Bonds that Cede is entitled to take.  *Id.* ¶¶ 151-60.

Since filing this complaint, Plaintiffs have taken steps to expedite this action and provide complete discovery to the Republic.  On December 11, 2019, Plaintiffs wrote to the Republic's counsel in the related cases to advise the Republic of this action and to ask the Republic to comply with its contractual promises (which it had breached) to accept service of process at its New York consulate.  Ex. 1 at PDF 2.  Immediately after completing diplomatic service, Plaintiffs sent the Republic's counsel in the related cases Plaintiffs' initial disclosures and a proposed draft protective order, and offered to produce all relevant discovery.  *Id.* at PDF 3-4.  The parties have since executed a protective order, Dkt. 30, and Plaintiffs produced on March 26, 2020, all documents the Republic informally requested as of that date.  After the Republic requested additional documents and information on April 1, 2020, Plaintiffs committed to produce all relevant responsive materials by April 23.  Dkt. 35 (joint status letter) at 2.  Because Plaintiffs do not need any further discovery to prove their claims, discovery will be effectively complete within two weeks of the Court's April 9 pretrial conference.

### II.    Summary Judgment Is Warranted

The Court should grant summary judgment for Plaintiffs because there is no meaningful disagreement about either the facts or the applicable law.  The elements of a breach-of-contract claim like this one under New York law are "'the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages.'"  *Markov v. Katt*, 176 A.D.3d 401, 401-02 (1st Dep't 2019).  None of those elements is disputed in this case.  There is no question that the FAAs and Bonds are valid contracts, 56.1 Statement ¶¶ 17, 21, 32, 51, 65, 76, 87, 98, 109, 120, 131; *see also* Dkt. 35 at 3 (Republic's admission in joint status letter), that Plaintiffs have fully performed any obligations they may have as beneficial owners, 56.1 Statement ¶ 23, that the Republic has breached its payment obligations, *id.* ¶¶ 37, 42, 56, 59, 69, 80, 91, 102, 113, 124, 135, and that Plaintiffs have suffered damages in the form of missed principal and interest payments, *id.* ¶ 139.  Plaintiffs are also entitled to statutory prejudgment interest on the unpaid coupon interest.  *See* CPLR 5001, 5004.  Finally, because the Republic's failure to pay interest and principal has lasted more than 30 days, there is an "Event of Default"

Hon. Analisa Torres April 2, 2020

entitling Plaintiffs to attorney's fees. *See, e.g.*, Ex. M at PDF 11.

The Republic has not seriously contested its liability or damages on these Bonds. While the Republic alleges that it lacks information about whether the Bonds have been paid on schedule, *see* Dkt. 34 ¶¶ 28-30 (answer), it has neither challenged Plaintiffs' account statements showing that it has missed multiple payments nor attempted to seek other discovery on that issue (such as subpoenaing the Bonds' "Fiscal Agent"). *See* Dkt. 35 at 2 (disclaiming any need for third-party discovery). Rather, the Republic has admitted in both the related cases and its public statements that it has not made its bond payments. *See, e.g.*, No. 18 Civ. 11940, Dkt. 66-1 (press release by the Republic proposing public restructuring of "unpaid principal and interest" on its bonds). In fact, the Republic declined to contest *any* facts in the Rule 56.1 statement it filed in the related cases. *See* No. 18 Civ. 11940, Dkt. 45. Because there is no genuine dispute as to Venezuela's liability or Plaintiffs' damages, the Court should enter summary judgment.

### III. The Republic's Arguments Against Judgment Lack Merit

The only affirmative defense the Republic asserts in its answer is that OFAC sanctions supposedly bar entry of judgment. *See* Dkt. 34 at 11. The Republic has also indicated that it intends to move for a stay. Dkt. 35 (joint status letter) at 4.[2] But both of the Republic's justifications for putting off entry of judgment lack merit.

***OFAC restrictions do not prevent judgment.*** The Republic argues that, because the Republic is a "blocked person" under sanctions issued by the Office of Foreign Assets Control, this Court cannot enter a judgment unless Plaintiffs specifically obtain a license for that purpose. Dkt. 34 at 11; Dkt. 35 (joint status letter) at 2, 4; *see also* No. 18 Civ. 11940, Dkt. 73 at 2-6. That is wrong. Courts "'do not lightly assume'" that the scope of a court's inherent power, such as the power to issue judgment, has been abrogated without a clear statement to the contrary. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). And OFAC has not issued *any* statement, let alone a clear one, barring entry of judgment against the Republic. To the contrary, under current OFAC regulations, a specific license is "***not ordinarily required*** to initiate or continue U.S. legal proceedings" against a "person" blocked under the Venezuela sanctions program. U.S. Treasury, FAQ No. 808, https://www.treasury.gov/resource-center/faqs/sanctions/pages/faq_other.aspx#-venezuela (emphasis added). A license is only necessary to "***enforce[]*** . . . any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process ***purporting to transfer or otherwise alter or affect property or interests in [blocked] property***." 31 C.F.R. § 591.407 (emphasis added). Because Plaintiffs are not asking to enforce any judgment, OFAC's specific license requirement does not apply.

Nor would entering judgment alter Venezuela's property rights in violation of OFAC regulations, as the Republic has argued. *See* 18 Civ. 11940, Dkt. 73, at 3-5. The Bonds are the Republic's ***contract*** obligations, not its property. Issuing a judgment would thus not "transfer[], pa[y], export[], withdraw[], or otherwise deal[] in" the Republic's "property and interests in property," and therefore is not prohibited. *See* Exec. Order No. 13884, § 1(a), 84 Fed. Reg.

---

[2] The parties agree that the Republic's proposed stay motion should be briefed at the same time as Plaintiffs' motion for summary judgment. Dkt. 35 (joint status letter) at 3, 4-5.

Hon. Analisa Torres                                                                                                                April 2, 2020

38,843 (Aug. 5, 2019); Exec. Order No. 13808 § 1(a)(iii), 82 Fed. Reg. 41,155 (Aug. 24, 2017).

*A stay is not appropriate.* The Republic's proposed stay motion rests on the same grounds it has invoked in the related cases. Dkt. 35 (joint status letter) at 3. Those arguments lack merit. The Republic's arguments hinge on the supposed need to avoid a "race among creditors" for its assets. *Id.* at 4. But Plaintiffs seek *entry* of judgment, not enforcement. Entry of a judgment will not affect the Republic's assets until either OFAC regulations limiting enforcement are lifted or modified, or until Contrarian obtains a specific license for enforcement. There is thus no reason to avoid clarifying Plaintiffs' rights in a judgment now.

Nor is a stay justified under comity principles, international law, or foreign policy concerns. To be sure, comity might warrant a stay to defer to an ongoing foreign bankruptcy. *See, e.g.*, *Pravin Banker Assocs., Ltd. v. Banco Popular del Peru*, 109 F.3d 850, 855-56 (2d Cir. 1997). But the Republic has not begun any restructuring. Nor is there any evidence that one will begin anytime soon. The Republic has taken no public steps towards a restructuring since announcing the "guidelines" it refers to in its joint status letter. *See* Dkt. 35 at 2. Likewise, international law is irrelevant when the Bonds are governed by New York law. And entering judgment will not harm U.S. foreign policy when OFAC regulations *permit* entering judgment. *See* p.3, *supra*. Although the difficult situation in Venezuela continues, that is no reason to defer adjudicating Plaintiffs' contractual rights.

Staying this case, however, would prejudice Plaintiffs vis-à-vis other creditors whose suits are not stayed. In this District alone, nine of the ten cases against the Republic and its instrumentalities are proceeding. Plaintiffs would obviously be harmed if their case is stayed while suits by similarly situated creditors in this same Court are allowed to proceed. The Republic itself has recognized that a stay would prejudice creditors like Plaintiffs when, in the related cases, it suggested that this Court could modify or lift its stay if another creditor, Crystallex International Corp., began enforcing its judgment. *See* 18 Civ. 11940, Dkt. 73 at 9. Given that Plaintiffs will have provided all the discovery the Republic could need or has asked for by April 23, the fairest way to proceed is to adopt the parties' agreed summary-judgment briefing schedule and decide this case on the same schedule as the related cases.

*       *       *

This is a simple case. Plaintiffs' claims against the Republic can – and should – be decided quickly. The Court should grant leave for summary judgment to proceed on the following agreed schedule: (1) Plaintiffs' opening brief due April 30, 2020; the Republic's response due May 28, 2020; and (3) Plaintiffs' reply due June 11, 2020. Dkt. 35 at 4.

                                                                            Respectfully submitted,

                                                                            /s/ Steven F. Molo

                                                                            Steven F. Molo

Encl.