# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*
_____

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

April 8, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres,
    United States District Court,
        Southern District of New York,
            Daniel Patrick Moynihan U.S. Courthouse,
                500 Pearl Street,
                    New York, NY 10007-1312.

    Re:    *Contrarian Capital Management LLC, et al.* v. *Bolivarian Republic of Venezuela*, No. 1-19-cv-11018 (S.D.N.Y.) (rel. Nos. 1-18-cv-11940 and 1:19-cv-03123)

Dear Judge Torres:

        We represent Defendant the Bolivarian Republic of Venezuela (the "Republic") in the above-captioned matter. I write in response to the Plaintiffs' pre-motion letter filed on April 2, 2020, ECF No. 36 (the "Pre-Motion Letter").

        Plaintiffs' Pre-Motion Letter and accompanying 160-paragraph Rule 56.1 statement plainly are premature. Plaintiffs filed the Pre-Motion Letter just one day after the Republic served informal document requests and interrogatories, and weeks before the parties' agreed-upon goal for the close of fact discovery. The Republic does not yet possess evidence necessary to respond to Plaintiffs' purported statements of undisputed fact. In fact, prior to Plaintiffs filing the Pre-Motion Letter, the Republic identified gaps in Plaintiffs' March 26 production, and requested additional discovery. Plaintiffs have since produced additional documents and objected to certain of the Republic's requests. The parties are continuing to discuss this, and we expect to reach agreement, but Plaintiffs filed the Pre-Motion Letter in a manner inconsistent with Your Honor's Individual Practices, prior to serving the Republic with their Rule 56.1 statement, and without affording the Republic the opportunity to respond. *See* Individual Practices in Civil Cases Rule III.C.

        The Republic wishes to resolve this matter efficiently, without unnecessary use of the Court's limited resources and without needless expense to the parties. Thus, while the Republic stands ready to proceed to motion practice in accordance with the schedule laid out in the parties' proposed scheduling order, ECF No. 35, the Republic respectfully suggests, in light of Plaintiffs' Pre-Motion Letter, that a more efficient way to proceed with this matter would be, once the parties

Hon. Analisa Torres -2-

have completed the informal discovery process in which they are now engaged, for the Court to hold this case in abeyance pending resolution of the related cases before this Court, *Pharo Gaia Fund Ltd., et al.* v. *Bolivarian Republic of Venezuela*, (No. 1-19-cv-03123) and *Casa Express Corp.* v. *Bolivarian Republic of Venezuela*, (No. 1-19-cv-11940) (the "Related Cases"). That course of action is appropriate here because the legal questions at issue in the Related Cases are identical to the issues the parties intend to raise in this litigation, and the Court's ruling on the pending motions in those cases likely will resolve, or substantially narrow, the issues to be briefed and decided here. *See, e.g.*, *Trikona Advisors Ltd.* v. *Kai-Lin Chuang*, 2013 WL 1182960 at *1 (E.D.N.Y. Mar. 20, 2013) (staying case pending the resolution of a related case in view of the "strong public interest in avoiding time-consuming and unnecessary duplicative litigation"). Should the outcome of the Related Cases leave any issues unresolved or should this case present any new issues, the Court may then provide the parties an opportunity to brief those issues after the Related Cases have been resolved.

If, however, the Court wishes to consider motion practice at this time, I would respectfully refer the Court to the parties' joint letter of April 2, 2020, ECF No. 35, which summarizes the parties' respective positions with respect to Plaintiffs' proposed summary judgment motion and the Republic's proposed stay motion. I would also like to respond briefly to a new assertion in Plaintiffs' Pre-Motion Letter. Plaintiffs' letter states that "the Republic has taken no public steps towards a restructuring since announcing the 'guidelines' it refers to in its joint status letter." ECF No. 36 at 4. To the contrary – the Republic is in the process of retaining a Reconciliation Agent ("RA") and has issued a preliminary request for proposals to potential RAs.[1] Once appointed, the RA will, among other things, assist the Republic in compiling a comprehensive inventory of all the private claims against the Republic and, in certain cases, conducting factual investigations.[2] Notwithstanding the extraordinary obstacles being thrown up by the illegitimate Maduro regime in Venezuela, the U.S.-recognized Interim Government is moving forward on its commitment to restructure the private claims against the Republic in a fair and organized way, and the Court should exercise its discretion to stay these proceedings to allow that restructuring to proceed in an orderly manner.

Respectfully,

*Joseph E. Neuhaus*
Joseph E. Neuhaus

---

[1] *See* Debtwire, *Venezuela interim government distributes preliminary RFP for debt reconciliation agent*, (Mar. 4, 2020), https://www.debtwire.com/intelligence/view/prime-2996157?searchTerm=venezuela.

[2] *See* Office of the Special Attorney General of the Bolivarian Republic of Venezuela, *Guidelines for the Renegotiation of the Chávez/Maduro Era Legacy Public External Debt*, (July 1, 2019) at 2, *filed in Pharo Gaia Fund Ltd. et al.* v. *Bolivarian Republic of Venezuela*, No. 1-19-cv-03123 (ECF. No. 44) (Ex. 1).