

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

May 22, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

>    Re:   *Contrarian Capital Management, LLC v. Bolivarian Republic of Venezuela*,
>          19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 19 Civ. 3123 & 18 Civ. 11940):
>          <u>Motion for Summary Judgment</u>

Dear Judge Torres:

      We represent Plaintiffs Contrarian Capital Management, L.L.C. ("Contrarian") and certain investment funds and separately managed accounts for which Contrarian acts as investment adviser (the "Contrarian Funds"). Pursuant to Rules III.A and III.C of the Court's individual practices, the Court's instructions at the April 9, 2020 telephonic conference, and the Court's April 10, 2020 order, Dkt. 42, Plaintiffs respectfully renew their request to move for summary judgment on liability and damages against the Defendant Bolivarian Republic of Venezuela. The parties have completed all discovery, and Plaintiffs have fully complied with the Court's pre-motion requirements for summary judgment. The parties have also conferred in good faith to substantially resolve the claims at issue. Those events have made clear that no material factual disputes remain in this case. Good cause thus exists for Plaintiffs to move for summary judgment on an expedited basis.

      Pursuant to the Court's scheduling order, the parties completed fact discovery on April 23, 2020. *See* Dkt. 41. During discovery, Plaintiffs produced to the Republic documents and interrogatory responses confirming that they hold the bonds legitimately and in good faith, that neither Plaintiffs nor their beneficial owners are blocked by OFAC or connected to the Maduro regime, and that Plaintiffs have received authorization to sue from Cede & Co. and Plaintiffs' securities intermediaries. *See* Dkt. 43 at 4-5 (describing in part Plaintiffs' productions); *see also* Ex. A ¶¶ 12, 31-34, 150-168. Plaintiffs have also answered all follow-up questions raised by the Republic about their discovery productions. No open issues or disputes remain in fact discovery

that warrant postponing Plaintiffs' motion for summary judgment.[1]  The parties have also agreed that expert discovery is not necessary in this action.  *See* Dkt. 41 at 2.

After fact discovery closed, Plaintiffs served their first amended Rule 56.1 statement on April 28, 2020.  Dkt. 50 (joint letter) at 1.  Plaintiffs and the Republic then engaged in good-faith discussions to partially resolve the claims at issue in this case (including the settlement conference required by the Court's scheduling order, *see* Dkt. 41 at 2; Dkt. 48 at 2).  As a result of those discussions, the parties stipulated to dismiss without prejudice all claims by three of the Plaintiff funds and certain claims by the remaining Plaintiffs.  *See* Dkts. 49, 53 (so-ordered stipulations of dismissal).  The parties also met and conferred to resolve their remaining disagreements about the proper calculation of interest owing on the Republic's bonds.  *See* Dkt. 50 (joint letter to court) at 1.  And the parties also agreed on a schedule for Plaintiffs to serve a second revised Rule 56.1 statement reflecting the parties' agreements and for the parties to submit pre-motion letters regarding Plaintiffs' proposed motion for summary judgment and the Republic's proposed motion for a stay.  *Id.* at 2.  The Court so-ordered that schedule on May 7, 2020.  Dkt. 51.

Accordingly, Plaintiffs served their second revised Rule 56.1 statement on the Republic on May 13, 2020.  *See* Ex. A (response to 56.1 statement).  As in the original 56.1 statement, Plaintiffs' second revised 56.1 statement describes how the Republic issued and sold bonds to investors and promised to make regular principal and interest payments on those bonds.[2]  The Contrarian Funds beneficially own and are pursuing claims on $432,862,156 of the Republic's bonds, all of which Contrarian acquired from institutional SEC-registered broker-dealers in the ordinary course of business in good faith and for value at prevailing market prices.[3]  However, since October 2017, the Republic has failed to pay scheduled principal and interest payments owing on the bonds that the Contrarian Funds hold.[4]  Accordingly, the Republic currently owes Plaintiffs $262,058,239.50 in overdue principal and interest.[5]  Plaintiffs have obtained authorization to sue for all bonds on which they are pursuing claims from Cede & Co., as nominee for the bonds' holder of record, and from Plaintiffs' securities intermediaries.[6]

On May 20, 2020, the Republic served its response to Plaintiffs' Rule 56.1 statement.  Ex. A.  As with its Rule 56.1 responses in the related cases, the Republic does not contest any of

---

[1] On April 23, 2020, the parties submitted to the Court a dispute about whether the Republic was entitled to discover the names of certain of Plaintiffs' beneficial owners.  Dkt. 43 (joint letter).  On April 24, 2020, the Court referred that dispute to Magistrate Judge Fox for resolution.  Dkt. 44.  At an April 30, 2020 telephonic conference, Magistrate Judge Fox ordered Plaintiffs to identify those beneficial owners.  Apr. 30, 2020 Text Order.  On May 13, 2020, Plaintiffs served supplemental interrogatory responses in compliance with Judge Fox's order.

[2] Ex. A ¶¶ 22-30, 36-39, 42-48, 60-61, 64-68, 74-75, 78-82, 86-88, 90-94, 98-99, 102-106, 110-111, 114-118, 122-123, 126-130, 134-135, 138-142.

[3] Ex. A ¶¶ 22, 31-34, 41, 62, 76, 88, 100, 112, 124, 136, 146.

[4] Ex. A ¶¶ 49, 53, 55-56, 69, 71-72, 83, 95, 107, 119, 131, 143.

[5] Ex. A ¶¶ 50-51, 54, 57, 70, 73, 84-85, 96-97, 108-109, 120-121, 132-133, 144-149.  Plaintiffs reserve the right to provide updated interest calculations to ensure that the interest awarded in any judgment in their favor is up to date.

[6] Ex. A ¶¶ 150-168.

the elements of Plaintiffs' contract causes of action. *See Markov v. Katt*, 176 A.D.3d 401, 401-02 (1st Dep't 2019) (quoting *Harris v. Seward Park Hous. Corp.*, 79 A.D.3d 425, 426 (1st Dep't 2010)) (elements of a contract claim are "the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages"). The Republic does not dispute that it is contractually obliged to pay principal and interest on the bonds at issue.[7] The Republic does not contest that Plaintiffs have performed all possible obligations they owe under the contracts and that they have authorization to sue.[8] The Republic also does not dispute that it failed to make the principal and interest payments it was required to make.[9] And the Republic does not challenge the amount of principal and interest owed to Plaintiffs on their bonds, other than to raise the same purely legal dispute it has raised in the related cases about whether New York's statutory prejudgment interest rate or the federal post-judgment rate applies to missed coupon payments.[10] The fact that the Republic does not challenge Plaintiffs' factual proof of their contract claims demonstrates that summary judgment is appropriate now.

Rather than contest liability or damages, the Republic has pursued two arguments that do not go to the merits: (1) that OFAC sanctions purportedly bar entry of judgment; and (2) that the Court should stay this case, either as a matter of its inherent authority or as a matter of international law. Dkt. 35 at 3-4 (the Republic's position statement). Those arguments mirror the arguments the Republic has made for a stay in the related cases. *See* No. 19 Civ. 3123, Dkt. 44, at 8-23. As Plaintiffs explained in their position statement in the parties' April 2, 2020 joint letter, Dkt. 35 at 2-3, and in Plaintiffs' prior pre-motion letter, Dkt. 36 at 3-4, Plaintiffs will show that the Republic's arguments against entry of judgment and for a stay are meritless.

In particular, the Republic is wrong to claim that OFAC regulations bar entry of judgment. Those regulations only prohibit "the ***enforcement*** of any . . . judgment," not the entry of judgment. 31 C.F.R. § 591.407 (emphasis added); *see* U.S. Treasury, FAQ No. 808, https://www.treasury.gov/resource-center/faqs/sanctions/pages/faq_other.aspx#venezuela. As the District of Delaware noted in a ruling today lifting a stay on the attachment of shares of the Republic's state-owned oil company, and in ordering briefing on how those shares might be sold to satisfy one of the Republic's judgment creditors, "[n]o Executive Branch order or regulation prohibits [a] [c]ourt from moving forward in determining how the attached shares will be sold."

---

[7] Ex. A ¶¶ 23-30, 36-39, 44-45, 48, 55, 60-61, 64-68, 71, 74-75, 79-82, 86-87, 91-94, 98-99, 103-106, 110-111, 115-118, 122-123, 127-128, 130, 134-135, 139-142.

[8] Ex. A ¶ 35 (not disputing Plaintiffs' performance); *id.* ¶¶ 150-168 (not disputing Plaintiffs' authorization to sue).

[9] Ex. A ¶¶ 49, 53, 56, 69, 72, 83, 95, 107, 119, 131, 143.

[10] Ex. A ¶¶ 50-51, 54, 57, 70, 73, 84-85, 96-97, 108-109, 120-121, 132-133, 144-145, 147 (not disputing principal and coupon interest calculations); for the dispute on prejudgment interest, *see id.* ¶¶ 148-149 (not disputing Plaintiffs' calculation of New York statutory prejudgment interest on coupon payments, but asserting such calculation is immaterial because the federal postjudgment rate purportedly applies); No. 19 Civ. 3123, Dkt. 44, at 23-27 (asserting that the Court should either not award prejudgment interest on missed coupon payments or apply the federal rate). As Plaintiffs will show in their summary-judgment papers, the Republic is incorrect: When a sovereign issues bonds under New York law, as the Republic did, courts apply New York's prejudgment interest rate to coupon payments that the sovereign misses. *See, e.g.*, *Capital Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 296 (2d Cir. 2009); *NML Capital v. Republic of Argentina*, 17 N.Y.3d 250, 266 (2011). However, because the Republic's argument on this point is purely legal, that argument can be litigated through summary-judgment briefing, as it has been in the related cases.

Mem. Order, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, Dkt. 174, at 2 (D. Del. May 22, 2020) (attached as Ex. B) (quotation omitted).  If OFAC regulations prohibiting the ***enforcement*** of judgments permit courts to structure and entertain briefing on attachment procedures for already-entered judgments, as the *Crystallex* court held, those regulations logically permit the ***entry*** of judgment as well.

      In any event, the Court has already indicated at the April 9, 2020 pretrial conference that the Republic's arguments do not warrant putting off summary judgment practice.  The parties have previously agreed that the Republic will brief its proposed cross-motion for a stay on the same schedule as Plaintiffs' motion for summary judgment.  Dkt. 35 at 3, 4 (proposed schedule).  Accordingly, Plaintiffs respectfully request leave to file their motion for summary judgment at the Court's earliest convenience.  Given the Court's indication at the April 9, 2020 conference that it intends to decide summary judgment in this case at the same time as the related cases, given that the Republic does not challenge Plaintiffs' *prima facie* contract claims, and given that the Republic's grounds for opposing entry of judgment are the same as it already briefed in the related cases, Plaintiffs respectfully submit that a protracted briefing schedule for summary judgment is unnecessary.  Plaintiffs expect to be ready to file their opening brief for summary judgment on or shortly after the date for the Court's current compliance conference set for June 9, 2020.  Dkt. 51 at 1.  While the Court stated at the April 9 conference that it intends to set its own briefing schedule, the parties stand ready to assist in that process if necessary, including providing a proposed schedule.

      Thank you for your time, attention, and assistance.

Respectfully submitted,

*/s/ Steven F. Molo*
Steven F. Molo

Encls.