# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

May 29, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres,
    United States District Court,
        Southern District of New York,
            Daniel Patrick Moynihan U.S. Courthouse,
                500 Pearl Street,
                    New York, NY 10007-1312.

Re:    *Contrarian Capital Management LLC, et al.* v. *Bolivarian Republic of Venezuela*,
    No. 1:19-cv-11018 (S.D.N.Y.) (rel. Nos. 1:18-cv-11940 and 1:19-cv-03123)

Dear Judge Torres:

We represent Defendant the Bolivarian Republic of Venezuela (the "Republic") in the above-captioned matter.  We write in response to the Plaintiffs' renewed pre-motion letter filed on May 22, 2020 (ECF No. 56) ("Plaintiffs' Pre-Motion Letter").

Following the April 9, 2020 telephonic case management conference, the Republic conducted expedited informal fact discovery, which resulted in the voluntary dismissal of a substantial portion of Plaintiffs' claims.  *See* ECF Nos. 49 & 53 (stipulations of dismissal); Plaintiffs' Pre-Motion Letter at 2 (ECF No. 56).  The Republic does not challenge the remaining Plaintiffs' acquisition, ownership, or authorization to sue on the bonds.

For the reasons set forth in the Republic's May 22, 2020 letter (ECF No. 55), however, the Republic urges the Court to stay these proceedings in view of the unique circumstances of this case, including the presence of sanctions administered by the Office of Foreign Assets Control ("OFAC") that all agree block the Republic's property in the United States and bar plaintiffs from executing on any judgment in this case, as well as the United States' foreign policy interests in fostering a consensual resolution of Venezuela's sovereign debts.  If, however, the Court elects to move forward with summary judgment, the Republic intends to oppose

Hon. Analisa Torres                                                                                      -2-

Plaintiffs' motion for summary judgment for essentially the same reasons, summarized below, as set forth in the opposition to summary judgment in the related cases.[1]

     *First*, the Court should deny summary judgment because Plaintiffs cannot obtain a judgment without a specific license from OFAC.  (This is also a ground on which the Republic seeks a stay.  *See* ECF No. 55 at 4.)  Plaintiffs' Pre-Motion Letter argues that the fact that Judge Stark in unrelated attachment proceedings pending in the District of Delaware has ordered briefing on procedures for how any shares already attached can be sold means that OFAC sanctions permit entry of judgment in this action.  *See* ECF No. 56 at 3-4 (citing Mem. Order, *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:17-mc-00151, ECF No. 174 (D. Del. May 22, 2020)).  That is incorrect.  In the Delaware action, the judgment at issue was rendered in April 2017[2] and the writ of attachment was issued in August 2018,[3] both well before the current set of sanctions, issued in 2019, which comprehensively blocked Venezuela's property and interests in property.  Those sanctions bar any "actual or purported act or transaction … alter[ing] any interest with respect to [blocked] property."  31 C.F.R. § 591.310; *see also* Exec. Order No. 13884 § 1(a), 84 Fed. Reg. 38,843 (Aug. 5, 2019).  Entering the judgment sought by Plaintiffs would, by virtue of the doctrine of merger, effectively replace significant parts of the Plaintiffs' contractual claim under a debt instrument with a new claim under a court judgment—a clear alteration of Venezuela's interests in those contractual obligations.  The sanctions prevent this; indeed, the sanctions declare such an act "null and void."  31 C.F.R. § 591.202(a) (providing that any act or transaction in violation of the sanctions is "null and void").  No court has to date issued a judgment in comparable circumstances under these new sanctions.

     *Second,* even if Plaintiffs might otherwise be entitled to summary judgment, Plaintiffs' request for prejudgment interest at the New York statutory rate should be denied.  As an initial matter, the Court should exercise its discretion to deny pre-judgment interest on the unpaid interest payments.  *See Endico Potatoes, Inc.* v. *CIT Grp./Factoring, Inc.,* 67 F.3d 1063, 1071 (2d Cir. 1995) ("The decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion.") (quotations marks and citation omitted)).  An award of prejudgment interest here would overcompensate Plaintiffs, who purchased the bonds at a significant discount with full awareness of the risks of their investment. *Wickham Contracting Co.* v. *Local Union No. 3, Int'l Bhd. of Elec. Workers, AFL-*

---

[1] *See* Memorandum of the Bolivarian Republic of Venezuela in Response to Motion for Summary Judgment and in Support of Cross-Motion for a Stay at 23-27, *Pharo Gaia Fund Ltd. et al.* v. *Bolivarian Republic of Venezuela*, No. 1:19-cv-03123, (S.D.N.Y. Jan. 16, 2020) (ECF No. 44); *Casa Express Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:18-cv-11940 (S.D.N.Y. Jan. 16, 2020) (ECF No. 66); Reply Memorandum of the Bolivarian Republic of Venezuela in Support of Cross-Motion for a Stay and Surreply in Opposition to Plaintiffs' Consolidated Motion for Summary Judgment at 2-6, *Pharo Gaia Fund Ltd. et al.* v. *Bolivarian Republic of Venezuela*, No. 1:19-cv-03123, (S.D.N.Y. Feb. 27, 2020) (ECF No. 49); *Casa Express Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:18-cv-11940 (S.D.N.Y. Feb. 27, 2020) (ECF No. 71).

[2] *Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 386 (D. Del. 2018).

[3] *See Crystallex Int'l Corp.* v. *Bolivarian Republic of Venezuela*, No. 1:17-mc-00151, ECF No. 95 (D. Del. Aug. 23, 2018).

Hon. Analisa Torres                                                                                    -3-

*CIO*, 955 F.2d 831, 834 (2d Cir. 1992) ("Awards of prejudgment interest must not result in overcompensation of the plaintiff.").

        If the Court is inclined to award prejudgment interest, it should do so at the federal post-judgment interest rate set forth in 28 U.S.C. § 1961(a). *See Endico Potatoes,* 67 F.3d at 1072 (affirming district court's refusal to apply the New York statutory rate because case arose under federal statute); *see also Guides, Ltd.* v. *Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1077 (10th Cir. 2002) ("[A] federal rate of interest rather than the state rate applies where jurisdiction is based on a federal question."). Contrarian brought this suit against the Republic in federal court, invoking federal jurisdiction under the FSIA, 28 U.S.C. § 1330. Second Amended Complaint ¶ 17, ECF No. 54. The FSIA provides "the sole basis for obtaining jurisdiction over a foreign state in our courts." *Arch Trading Corp.* v. *Republic of Ecuador*, 839 F.3d 193, 200 (2d Cir. 2016) (quoting *Argentine Republic* v. *Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989)). The Court's jurisdiction therefore arises from a federal question, and the federal standard should apply.

        Respectfully,

        */s/ Joseph E. Neuhaus*
        Joseph E. Neuhaus

cc:  Counsel of record (via ECF)