# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, and CONTRARIAN FUNDS, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123 & 18 Civ. 11940] <br><br> Hon. Analisa Torres |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND REVISED RULE 56.1 STATEMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendant Bolivarian Republic of Venezuela (the "Republic") respectfully submits this response ("Response") to Plaintiff's second revised Rule 56.1 statement of undisputed material facts ("Plaintiffs' SMF").

### I. THE PARTIES

1. Contrarian Capital Management, L.L.C., is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut. Schwartz Decl. ¶ 3.

**Republic's Response**: Undisputed.

2. Contrarian Capital Fund I, L.P., is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut. Schwartz Decl. ¶ 4.

**Republic's Response**: Undisputed.

3. Contrarian Dome du Gouter Master Fund, LP, is a limited partnership organized under the laws of Ontario, Canada with its principal place of business in Greenwich, Connecticut. Schwartz Decl. ¶ 5.

**Republic's Response**: Undisputed.

4. Contrarian Capital Senior Secured, L.P., is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut. Schwartz Decl. ¶ 6.

**Republic's Response**: Undisputed.

5. Contrarian EM II, LP, is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut. Schwartz Decl. ¶ 7.

**Republic's Response**: Undisputed.

6. Contrarian Emerging Markets, L.P., is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut. Schwartz Decl. ¶ 8.

**Republic's Response**: Undisputed.

7. Polonius Holdings, LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

Schwartz Decl. ¶ 9.

**Republic's Response**: Undisputed.

8.        Contrarian Funds, L.L.C., is a limited liability company organized under the laws of Delaware with its principal place of business in Greenwich, Connecticut. Contrarian Funds, L.L.C., is the parent of Polonius Holdings, LLC. Schwartz Decl. ¶ 10.

**Republic's Response**: Undisputed.

9.        The "Contrarian Funds" comprise Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Polonius Holdings, LLC, and Contrarian Funds, L.L.C. Schwartz Decl. ¶ 11.

**Republic's Response**: This is not a statement of fact, but rather a defined term. There is, however, no dispute over the use of the defined term herein.

10.        The Contrarian Funds hold interests in accounts held by Polonius Holdings, LLC directly, and through a master participation agreement with Contrarian Funds, L.L.C. Schwartz Decl. ¶ 11.

**Republic's Response**: Undisputed.

11.        Contrarian Capital Management, L.L.C., acts as an investment manager for each of the Contrarian Funds. Schwartz Decl. ¶11.

**Republic's Response**: Undisputed.

12.        None of Plaintiffs, nor, to Plaintiffs' knowledge, any of the beneficial owners of any Plaintiff, is (a) the state and Government of Venezuela; (b) any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela and the Venezuelan Economic and Social Development Bank; (c) any person owned or controlled, directly or indirectly, by the

entities listed in subsections (a) or (b); (d) any person who has acted or purported to act directly or indirectly for, or on behalf of, the entities listed in subsections (a) or (b), including without limitation any member of the Nicolás Maduro regime; (e) any "Senior Foreign Political Figure" as defined in 31 C.F.R. § 1010.605(p) to the extent that the term "covered financial institution" in 31 C.F.R. § 1010.605(p) is construed to refer to Plaintiffs; (f) any spouse, parent, sibling, child, or spouse's parent or sibling, of any natural person listed in subsections (a)-(e); or close associate of any natural person listed in subsection (a)-(e). Schwartz Decl. ¶ 12.

**Republic's Response**: Undisputed.

13.     Defendant Bolivarian Republic of Venezuela ("Venezuela" or the "Republic") is a foreign state as defined in 28 U.S.C. § 1603(a). *See* Dkt. 34 (Answer) ¶ 17.

**Republic's Response**: Undisputed.

## II.     <u>WAIVER OF SOVEREIGN IMMUNITY</u>

14.     Section 14(a) of the 1998 Fiscal Agency Agreement (the "1998 FAA") provides:

> The Issuer agrees that any suit, action or proceeding against it or its properties, assets or revenues with respect to this Agreement, any Security or a coupon appertaining thereto (a "Related Proceeding") shall be brought exclusively in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York . . . as the person bringing such Related Proceeding may elect in its sole discretion . . . (all such courts described in this sentence being called herein "Specified Courts"). . . . The Issuer hereby irrevocably submits to the exclusive jurisdiction of each of the Specified Courts for the purpose of any Related Proceeding . . . .

> Ex. J § 14(a).

**Republic's Response**: Undisputed.

15.     Section 14(a) of the 2001 Fiscal Agency Agreement (the "2001 FAA") provides:

> The Issuer agrees that any suit, action or proceeding against it or

its properties, assets or revenues with respect to this Agreement, any Note or a coupon appertaining thereto (a "Related Proceeding") shall be brought exclusively in the Supreme Court of the State of New York, County of New York; in the United States District Court for the Southern District of New York . . . as the person bringing such Related Proceeding may elect in its sole discretion . . . (all such courts described in this sentence being called herein "Specified Courts"). . . . The Issuer hereby irrevocably submits to the exclusive jurisdiction of each of the Specified Courts for the purpose of any Related Proceeding . . . .

Ex. K § 14(a).

**Republic's Response**: Undisputed.

16.    Plaintiffs' suit is a "Related Proceeding" within the meaning of the 1998 FAA because it is a "suit, action or proceeding against [Venezuela] or its properties, assets or revenues with respect to this Agreement, any Security or a coupon appertaining thereto." Ex. J § 14(a).

**Republic's Response**: Undisputed.

17.    Plaintiffs' suit is a "Related Proceeding" within the meaning of the 2001 FAA because it is a "suit, action or proceeding against [Venezuela] or its properties, assets or revenues with respect to this Agreement, any Note or a coupon appertaining thereto." Ex. K § 14(a).

**Republic's Response**: Undisputed.

18.    The "United States District Court for the Southern District of New York" is a "Specified Court" as defined in the 1998 FAA. Ex. J § 14(a).

**Republic's Response**: Undisputed.

19.    The "United States District Court for the Southern District of New York" is a "Specified Court" as defined in the 2001 FAA. Ex. K § 14(a).

**Republic's Response**: Undisputed.

20.    Under § 12 of the 1998 FAA, the 1998 FAA "shall be governed by, and interpreted in accordance with, the laws of the State of New York without regard to principles

of conflicts of laws. . . ." Ex. J § 12.

**Republic's Response**: Undisputed.

21.     Under § 12 of the 2001 FAA, the 2001 FAA "shall be governed by, and interpreted in accordance with, the laws of the State of New York without regard to principles of conflict of laws . . . ." Ex. K § 12.

**Republic's Response**: Undisputed.

### III.     <u>THE BONDS AND VENEZUELA'S FAILURE TO PAY</u>

22.     The Contrarian Funds are beneficial owners of bonds issued by the Bolivarian Republic of Venezuela (the "Bonds") under the 1998 FAA, as amended, and the 2001 FAA, as amended. Schwartz Decl. ¶13.

**Republic's Response**: Undisputed.

23.     The 1998 FAA is between the Republic of Venezuela and Banco Central de Venezuela, as Venezuela's official fiscal agent, and The Chase Manhattan Bank, as fiscal agent. Ex. J at 1.

**Republic's Response**: Undisputed.

24.     The 1998 FAA was signed on behalf of Venezuela by a then-authorized representative of Venezuela. Ex. J at 30.

**Republic's Response**: Undisputed.

25.     The 1998 FAA provides that any bonds issued under it are "unsecured . . . , direct, unconditional and general obligations of Venezuela." Ex. J § 1(a).

**Republic's Response**: Undisputed.

26.     The 1998 FAA provides that the "full faith and credit of Venezuela will be pledged for the due and punctual payment of all Securities and for the due and timely

performance of all obligations of Venezuela in respect thereof." Ex. J § 1(a).

**Republic's Response**: Undisputed.

27.     The 2001 FAA is between the Bolivarian Republic of Venezuela and Banco

Central de Venezuela, as Venezuela's official fiscal agent, and Deutsche Bank AG and Bankers

Trust Company, as fiscal agents and principal paying agents. Ex. K at 1.

**Republic's Response**: Undisputed.

28.     The 2001 FAA was signed on behalf of Venezuela by a then-authorized

representative of Venezuela. Ex. K at PDF 36.

**Republic's Response**: Undisputed.

29.     The 2001 FAA provides that any bonds issued under it are "unsecured . . . , direct,

unconditional and general obligations of the Republic." Ex. K § 1(a).

**Republic's Response**: Undisputed.

30.     The 2001 FAA provides that the "full faith and credit of the Republic will be

pledged for the due and punctual payment of all Notes and for the due and timely performance

of all obligations of the Republic in respect thereof." Ex. K § 1(a).

**Republic's Response**: Undisputed.

31.     Plaintiffs purchased the Bonds from institutional broker-dealers who are or were

at the time Plaintiffs transacted with them for the Bonds, registered with the U.S. Securities and

Exchange Commission and regulated by FINRA. Schwartz Decl. ¶ 15.

**Republic's Response**: Undisputed.

32.     Plaintiffs acquired the Bonds as buyers in the ordinary course of business.

Schwartz Decl. ¶ 16.

**Republic's Response**: Undisputed.

33.     Plaintiffs purchased the Bonds in good faith, for value, and without notice of any adverse claim. Schwartz Decl. ¶ 17.

**Republic's Response**: Undisputed.

34.     Plaintiffs paid a price within the range of market prices for each of the Bonds on the day of the purchase. Schwartz Decl. ¶18.

**Republic's Response**: Undisputed.

35.     Plaintiffs have performed all obligations they may have under the FAAs or any Bonds issued pursuant to the FAAs. Schwartz Decl. ¶ 19.

**Republic's Response**: Undisputed.

> **A.      The 13.625% 2018 Bonds**

36.     In August 1998, Venezuela issued a series of bonds designated ISIN US922646AT10 (the "13.625% 2018 (-AT10) Bonds"). *See* Ex. A at S-5, S-16.

**Republic's Response**: Undisputed.

37.     In September 2001, Venezuela issued a series of bonds designated ISIN USP9395PAA95 (the "13.625% 2018 RegS Bonds," together with the 13.625% 2018 (-AT10) Bonds, the "13.625% 2018 Bonds"). *See* Ex. M at PDF 3.

**Republic's Response**: Undisputed.

38.     The 13.625% 2018 (-AT10) Bonds are governed by the 1998 FAA. Ex. A at 76.

**Republic's Response**: Undisputed.

39.     The 13.625% 2018 RegS Bonds are governed by the 2001 FAA. Ex. M at PDF 5.

**Republic's Response**: Undisputed.

40.     Plaintiff Polonius Holdings, LLC, is the current beneficial owner of a principal amount of $20,680,000.00 of 13.625% 2018 (-AT10) Bonds. Schwartz Decl. ¶14.

**Republic's Response**: Undisputed.

41.     Plaintiff Polonius Holdings, LLC, is the current beneficial owner of a principal amount of $25,319,000.00 of 13.625% 2018 RegS Bonds. Schwartz Decl. ¶14.

**Republic's Response**: Undisputed.

42.     The terms of the 13.625% 2018 (-AT10) Bonds are set forth in a prospectus. *See* Ex. A.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

43.     The terms of the 13.625% 2018 RegS Bonds are set forth in the Global Note. *See* Ex. M.

**Republic's Response**: Undisputed.

44.     The 13.625% 2018 Bonds are "direct, unconditional, unsecured and general obligations" of the Bolivarian Republic of Venezuela. Ex. A at S-3; Ex. M at PDF 5.

**Republic's Response**: Undisputed that the 13.625% 2018 Bonds are direct, unconditional, unsecured and general obligations, but disputed that the quoted language in Plaintiffs' SMF ¶44 appears in both exhibits. Ex. A at S-1; S-3; 78.

45.     Venezuela "pledge[d] its full faith and credit for the due and punctual payment of all amounts due in respect of the [13.625% 2018] Notes." Ex. M at PDF 5.

**Republic's Response**: Undisputed as to the 13.265% 2018 RegS Bonds, but disputed that Plaintiffs' Ex. M, which contains the language quoted in Plaintiffs' SMF ¶ 45, addresses the terms relevant to all 13.635% 2018 Bonds.

46.     Under the terms of the 13.625% 2018 Bonds, beginning on February 15, 1999, half of the annual interest payment owed on the 13.625% 2018 Bonds – 6.8125% – is due biannually on February 15 and August 15 of each year. Ex. A at S-5; Ex. M at PDF 8; Schwartz Decl. ¶13.

**Republic's Response**: Undisputed as to the 13.625% 2018 (AT10) Bonds, but disputed as to the 13.625% 2018 RegS Bonds, which were issued in 2001.

47.     The 13.625% 2018 Bonds provide that interest continues to accrue "until the principal hereof is paid or made available for payment," that is, "until actual redemption" of the 13.625% 2018 Bonds. Ex. M at PDF 3, PDF 8.

> **Republic's Response**: Undisputed as to the 13.265% 2018 RegS Bonds, but disputed that Plaintiffs' Ex. M, which contains the language quoted in Plaintiffs' SMF ¶ 47, addresses the terms relevant to all 13.635% 2018 Bonds.

48.     Venezuela was obligated to make bi-annual interest payments on the 13.625% 2018 (-AT10) Bonds and 13.625% 2018 RegS Bonds beneficially owned by Plaintiff Polonius Holdings, LLC, on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, and February 15, 2020, as required by the terms of those bonds. *See* Ex. A at S-5; Ex. M at PDF 8; Schwartz Decl. ¶ 13.

> **Republic's Response**: Undisputed.

49.     Venezuela did not make and has yet to make the interest payments owed to Plaintiff Polonius Holdings, LLC on the 13.625% 2018 Bonds on February 15, 2018, August 15, 2018, February 15, 2019, August 15, 2019, and February 15, 2020. Schwartz Decl. ¶ 20(a).

> **Republic's Response**: Undisputed.

50.     As of May 10, 2020, the total amount of unpaid interest payments owed to Plaintiff Polonius Holdings, LLC on the 13.625% 2018 (-AT10) Bonds (before statutory prejudgment interest) is $7,702,092.72. Schwartz Decl. ¶ 23.

> **Republic's Response**: Undisputed.

51.     As of May 10, 2020, the total amount of unpaid interest payments owed to Plaintiff Polonius Holdings, LLC on the 13.625% 2018 RegS Bonds (before statutory prejudgment interest) is $9,429,849.40. Schwartz Decl. ¶ 23.

> **Republic's Response**: Undisputed.

52.     On August 15, 2018, the 13.625% 2018 (-AT10) Bonds matured, at which time the entire principal amount of $20,680,000.00 beneficially owned by Plaintiff Polonius Holdings, LLC, became due and payable. Ex. A at S-3, S-5; Ex. M at PDF 8.

**Republic's Response**: Undisputed.

53.     Venezuela did not make and has yet to make the August 15, 2018 principal payment owed to Plaintiff Polonius Holdings, LLC, on the 13.625% (-AT) 2018 Bonds. Schwartz Decl. ¶21.

**Republic's Response**: Undisputed.

54.     As a result of Venezuela's failure to meet its obligations on the 13.625% 2018 (-AT10) Bonds, as of May 10, 2020, Venezuela owes Plaintiff Polonius Holdings, LLC, on the 13.625% 2018 (-AT10) Bonds (not including prejudgment interest) a total of $28,382,092.72, which represents: (1) $20,680,000.00 in overdue principal; and (2) $7,702,092.72 in overdue interest payments. Schwartz Decl. ¶23.

**Republic's Response**: Undisputed.

55.     On August 15, 2018, the 13.625% 2018 RegS Bonds matured, at which time the entire principal amount of $25,319,000.00 beneficially owned by Plaintiff Polonius Holdings, LLC, became due and payable. Ex. A at S-3, S-5; Ex. M at PDF 8.

**Republic's Response**: Undisputed.

56.     Venezuela did not make and has yet to make the August 15, 2018 principal payment owed to Plaintiff Polonius Holdings, LLC, on the 13.625% 2018 RegS Bonds. Schwartz Decl. ¶21.

**Republic's Response**: Undisputed.

57.     As a result of Venezuela's failure to meet its obligations on the 13.625% 2018

RegS Bonds, as of May 10, 2020, Venezuela owes Plaintiff Polonius Holdings, LLC, on the 13.625% 2018 RegS Bonds (not including prejudgment interest) a total of $34,748,849.40, which represents: (1) $25,319,000.00 in overdue principal; and (2) $9,429,849.40 in overdue interest payments. Schwartz Decl. ¶23.

**Republic's Response**: Undisputed.

58.     Under the offering memorandum for the 13.625% 2018 (-AT10) Bonds and under the Global Note for the 13.625% 2018 RegS Bonds, the following events constitute an "Event of Default" under the 13.625% 2018 Bonds:

> (a) the Republic shall fail to pay the principal amount of any Debt Security when due and such failure continues for a period of 30 days; or
>
> (b) the Republic shall fail to pay interest or other amounts due on any Debt Security when due and such failure continues for a period of 30 days; or ….

> Ex. A at 81; *see* Ex. M. at PDF 10.

**Republic's Response**: Undisputed.

59.     Under the Global Note for the 13.625% 2018 RegS Bonds:

> If an [Event] of [D]efault described in subparagraph (a) or (b) hereof shall have occurred and be continuing, Venezuela agrees to pay within 30 days after receipt of a demand therefor all reasonable and documented out-of-pocket expenses of the holders (including, without limitation, all reasonable counsel fees and court costs, stamp taxes, duties and fees) incurred in connection with any reasonable investigation of any such Event of Default or the enforcement of the Securities.

> Ex. M at PDF 11.

**Republic's Response**: Undisputed.

**B.      The 7.00% 2018 Bonds**

60.     In December 2003, Venezuela issued a series of bonds designated ISIN USP97475AD26 (the "7.00% 2018 Bonds"). *See* Ex. B at 11, 139.

**Republic's Response**: Undisputed.

61.     The 7.00% 2018 Bonds are governed by the 2001 FAA, as amended by Amendment No. 1 to the Fiscal Agency Agreement, dated as of September 19, 2003. Ex. B at 11.

**Republic's Response**: Undisputed.

62.     Plaintiff Polonius Holdings, LLC, is the current beneficial owner of a total principal amount of $55,814,000.00 of 7.00% 2018 Bonds. Schwartz Decl. ¶14.

**Republic's Response**: Undisputed.

63.     The terms of the 7.00% 2018 Bonds are set forth in the prospectus. *See* Ex. B.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

64.     The 7.00% 2018 Bonds are "direct, unconditional, unsecured and general obligations of the Republic." Ex. B at 11.

**Republic's Response**: Undisputed.

65.     Venezuela "pledge[d] its full faith and credit for the due and punctual payment of all amounts due in respect of the [7.00% 2018] Notes." Ex. B at 11.

**Republic's Response**: Undisputed.

66.     Under the terms of the 7.00% 2018 Bonds, beginning on June 1, 2004, half of the annual interest payment owed on the 7.00% 2018 Bonds – 3.5% – is due biannually on December 1 and June 1 of each year. Ex. B at 11, 14; Schwartz Decl. ¶13.

**Republic's Response**: Undisputed.

67.     The offering memorandum provides that, if Venezuela fails to redeem the 7.00%
2018 Bonds when due, interest continues to accrue beyond the due date until the 7.00% 2018
Bonds are actually redeemed. Ex. B at 14.

**Republic's Response**: Undisputed.

68.     Venezuela was obligated to make bi-annual interest payments on the principal
amount of 7.00% 2018 Bonds beneficially owned by Plaintiff Polonius Holdings, LLC, on
December 1, 2017, June 1, 2018, December 1, 2018, June 1, 2019, and December 1, 2019, as
required by the terms of those bonds. *See* Ex. B at 14; Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

69.     Venezuela did not make and has yet to make the interest payments owed to
Plaintiff Polonius Holdings, LLC on the 7.00% 2018 Bonds on December 1, 2017, June 1, 2018,
December 1, 2018, June 1, 2019, and December 1, 2019. Schwartz Decl. ¶20(b).

**Republic's Response**: Undisputed.

70.     As of May 10, 2020, the total amount of unpaid interest payments owed to
Plaintiff Polonius Holdings, LLC on the 7.00% 2018 Bonds (before statutory prejudgment
interest) is $11,486,094.21. Schwartz Decl. ¶23.

**Republic's Response**: Undisputed.

71.     The 7.00% 2018 Bonds matured on December 1, 2018, at which time the entire
principal amount of $55,814,000 beneficially owned by Plaintiff Polonius Holdings, LLC,
became due and payable. Ex. B at 14.

**Republic's Response**: Undisputed.

72.     Venezuela did not make and has yet to make the December 1, 2018 principal
payment owed to Plaintiff Polonius Holdings, LLC, on the 7.00% 2018 Bonds. Schwartz Decl.

¶ 22.

     **Republic's Response**: Undisputed.

     73.    As a result of Venezuela's failure to meet its obligations on the 7.00% 2018 Bonds, as of May 10, 2020, Venezuela owes Plaintiff Polonius Holdings, LLC, on the 7.00% 2018 Bonds (not including prejudgment interest) a total of $67,300,094.21, which represents: (1) $55,814,000 in overdue principal; and (2) $11,486,094.21 in overdue interest payments. Schwartz Decl. ¶ 23.

     **Republic's Response:** Undisputed.

     **C.**     **The 12.75% 2022 Bonds**

     74.    In August 2010, Venezuela issued a series of bonds designated ISIN USP17625AC16 (the "12.75% 2022 Bonds"). *See* Ex. C at 12, 126.

     **Republic's Response**: Undisputed.

     75.    The 12.75% 2022 Bonds are governed by the 2001 FAA (July 25, 2001 (as amended by Amendment No. 1 to the Fiscal Agency Agreement dated as of September 19, 2003· Amendment No. 2 to the Fiscal Agency Agreement dated as of March 25, 2005; and Amendment No. 3 to the Fiscal Agency Agreement dated as of December 17, 2007)). Ex. C at 12.

     **Republic's Response**: Undisputed.

     76.    Plaintiffs are current beneficial owners of a total principal amount of $49,703,673.00 of 12.75% 2022 Bonds. Schwartz Decl. ¶ 13.

     **Republic's Response**: Undisputed.

     77.    Specifically, the following Plaintiffs are beneficial owners of the following principal amounts of the 12.75% 2022 Bonds (the "12.75% Plaintiff Owners"):

| Beneficial Owner | Amount Held |
|---|---|
| Contrarian Capital Senior Secured, L.P. | $179,000 |
| Contrarian Emerging Markets, L.P. | $47,125,473 |
| Contrarian EM II, LP | $2,399,200 |
| **Total 12.75% 2022 Bonds** | **$49,703,673.00** |

Schwartz Decl. ¶ 14.

**Republic's Response**: Undisputed.

78.     The terms of the 12.75% 2022 Bonds are set forth in the prospectus.  Ex. C.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

79.     The 12.75% 2022 Bonds are "direct, unconditional, and unsecured obligations of the Republic." Ex. C at 13.

**Republic's Response**: Undisputed.

80.     Venezuela "pledged its full faith and credit for the due and punctual payment of all amounts due in respect of the [12.75% 2022] Bonds." Ex. C at 13.

**Republic's Response**: Undisputed.

81.     Under the terms of the 12.75% 2022 Bonds, beginning on February 23, 2011, half of the annual interest payment owed on the 12.75% 2022 Bonds – 6.375% – is due biannually on February 23 and August 23 of each year. Ex. C at 12, 15; Schwartz Decl. ¶13.

**Republic's Response**: Undisputed.

82.     Venezuela was obligated to make bi-annual interest payments on the principal amount of 12.75% 2022 Bonds beneficially owned by the 12.75% Plaintiff Owners on February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, and February 23, 2020, as required by the terms of those bonds. *See* Ex. C at 12, 15; Schwartz Decl. ¶13.

**Republic's Response**: Undisputed.

83.     Venezuela did not make and has yet to make the interest payments owed to the 12.75% Plaintiff Owners on the 12.75% 2022 Bonds on February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, and February 23, 2020. Schwartz Decl. ¶20(c).

**Republic's Response**: Undisputed.

84.     As of May 10, 2020, the total amount of unpaid interest payments owed to the 12.75% Plaintiff Owners (before statutory prejudgment interest) on the 12.75% 2022 Bonds is $17,183,611.18. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

85.     As a result of Venezuela's failure to meet its obligations on the 12.75% 2022 Bonds, as of May 10, 2020, Venezuela owes the 12.75% Plaintiff Owners (not including prejudgment interest) $17,183,611.18 in overdue interest payments on the 12.75% 2022 Bonds. Schwartz Decl. ¶23.

**Republic's Response**: Undisputed.

### D.     The 9.00% 2023 Bonds

86.     In May 2008, Venezuela issued a series of bonds due in 2023 bearing an interest rate of 9.00% per annum that were designated ISIN USP17625AA59 (the "9.00% 2023 Bonds"). *See* Ex. D at 11, 22.

**Republic's Response**: Undisputed.

87.     The 9.00% 2023 Bonds are governed by the 2001 FAA (July 25, 2001 (as amended by Amendment No. 1 to the Fiscal Agency Agreement dated as of September 19, 2003; Amendment No. 2 to the Fiscal Agency Agreement dated as of March 25, 2005; and Amendment No. 3 to the Fiscal Agency Agreement dated as of December 17, 2007)). Ex.

D at 11.

    **Republic's Response**: Undisputed.

88.    Plaintiffs  are current beneficial owners of a total principal amount of

$1,672,583.00 of 9.00% 2023 Bonds. Schwartz Decl. ¶ 13.

    **Republic's Response**: Undisputed.

89.    Specifically, the following Plaintiffs are beneficial owners of the following

principal amounts of the 9.00% 2023 Bonds (the "9.00% Plaintiff Owners"):

| Beneficial Owner | Amount Held |
|---|---|
| Contrarian Emerging Markets, L.P. | $1,472,583 |
| Contrarian EM II, LP | $200,000 |
| **Total 9.00% 2023 Bonds** | **$1,672,583.00** |

Schwartz Decl. ¶ 14.

    **Republic's Response**: Undisputed.

90.    The terms of the 9.00% 2023 Bonds are set forth in the prospectus. Ex. D.

    **Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The
terms are set forth in the Bonds and the FAA.

91.    The 9.00% 2023 Bonds are "direct, unconditional, unsecured and general

obligations of the Republic." Ex. D at 11.

    **Republic's Response**: Undisputed.

92.    Venezuela "pledged its full faith and credit for the due and punctual payment

of all amounts due in respect of the [9.00% 2023] Bonds." Ex. D at 12.

    **Republic's Response**: Undisputed.

93.    Under the terms of the 9.00% 2023 Bonds, beginning on May 7, 2008, half of the

annual interest payment owed on the 9.00% 2023 Bonds – 4.5% – is due biannually on May 7

and November 7 of each year. Ex. D at 14; Schwartz Decl. ¶ 13.

> **Republic's Response**: Disputed insofar as Plaintiffs' SMF ¶ 93 suggests that any interest payment was owed on May 7, 2008; the first interest payment was due on November 7, 2008. Ex. D at 14.

94. Venezuela was obligated to make bi-annual interest payments on the principal amount of 9.00% 2023 Bonds beneficially owned by the 9.00% Plaintiff Owners on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019 November 7, 2019, and May 10, 2020, as required by the terms of those bonds. *See* Ex. D at 14; Schwartz Decl. ¶ 13.

> **Republic's Response**: Disputed insofar as Plaintiffs' SMF ¶ 94 states that interest was due on May 10, 2020, rather than May 7, 2020.  Schwartz Decl. ¶ 20(d).

95. Venezuela did not make and has yet to make the interest payments owed to the 9.00% Plaintiff Owners on the 9.00% 2023 Bonds  on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, and May 10, 2020. Schwartz Decl. ¶ 20(d).

> **Republic's Response**: Disputed insofar as Plaintiffs' SMF ¶ 95 states that interest was due on May 10, 2020, rather than May 7, 2020. Schwartz Decl. ¶ 20(d).

96. As of May 10, 2020, the total amount of unpaid interest payments owed to the 9.00% Plaintiff Owners on the 9.00% 2023 Bonds (before statutory prejudgment interest) is $452,838.06. Schwartz Decl. ¶ 23.

> **Republic's Response**: Undisputed.

97. As a result of Venezuela's failure to meet its obligations on the 9.00% 2023 Bonds, as of May 10 2020, Venezuela owes the 9.00% Plaintiff Owners (not including prejudgment interest) $452,838.06 in overdue interest payments on the 9.00% 2023 Bonds. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed

### E.      The 8.25% 2024 Bonds

98.      In October 2009, Venezuela issued a series of bonds designated ISIN USP97475AP55 (the "8.25% 2024 Bonds"). *See* Ex. E at 12,120.

**Republic's Response**: Undisputed.

99.      The 8.25% 2024 Bonds are governed by the 2001 FAA (July 25, 2001 (as amended by Amendment No. 1 to the Fiscal Agency Agreement dated as of September 19, 2003; Amendment No. 2 to the Fiscal Agency Agreement dated as of March 25, 2005; and Amendment No. 3 to the Fiscal Agency Agreement dated as of December 17, 2007)). Ex. E at 12.

**Republic's Response**: Undisputed.

100.     Plaintiffs are current beneficial owners of a total principal amount of $4,844,186.00 of 8.25% 2024 Bonds. Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

101.     Specifically, the following Plaintiffs are beneficial owners of the following principal amounts of the 8.25% 2024 Bonds (the "8.25% Plaintiff Owners"):

| Beneficial Owner | Amount Held |
|---|---|
| Contrarian Emerging Markets, L.P. | $4,499,186 |
| Contrarian EM II, LP | $345,000 |
| **Total 8.25% 2024 Bonds** | **$4,844,186.00** |

Schwartz Decl. ¶ 14.

**Republic's Response**: Undisputed.

102.     The terms of the 8.25% 2024 Bonds are set forth in the prospectus. Ex. E.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

103.    The 8.25% 2024 Bonds are "direct, unconditional, unsecured and general obligations of the Republic." Ex. E at 13.

**Republic's Response**: Undisputed.

104.    Venezuela "pledged its full faith and credit for the due and punctual payment of all amounts due in respect of the [8.25% 2024] Bonds." Ex. E at 13.

**Republic's Response**: Undisputed.

105.    Under the terms of the 8.25% 2024 Bonds, beginning on April 13, 2010, half of the annual interest payment owed on the 8.25% 2024 Bonds – 4.125% – is due biannually on April 13 and October 13 of each year. Ex. E at 15; Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

106.    Venezuela was obligated to make bi-annual interest payments on the principal amount of 8.25% 2024 Bonds beneficially owned by the 8.25% Plaintiff Owners on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, and April 13, 2020 as required by the terms of those bonds. *See* Ex. E at 15; Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

107.    Venezuela did not make and has yet to make the interest payments owed to the 8.25% Plaintiff Owners on the 8.25% 2024 Bonds on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, and April 13, 2020. Schwartz Decl. ¶ 20(e).

**Republic's Response**: Undisputed.

108.    As of May 10, 2020, the total amount of unpaid interest payments (before statutory prejudgment interest) owed to the 8.25% Plaintiff Owners on the 8.25% 2024 Bonds

is $1,228,418.07. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

109.    As a result of Venezuela's failure to meet its obligations on the 8.25% 2024 Bonds, as of May 10, 2020, Venezuela owes the 8.25% Plaintiff Owners (not including prejudgment interest) $1,228,418.07 in overdue interest payments on the 8.25% 2024 Bonds. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

### F.    The 11.75% 2026 Bonds

110.    In October 2011, Venezuela issued a series of bonds designated ISIN USP17625AE71 (the "11.75% 2026 Bonds"). *See* Ex. F at 12, 140.

**Republic's Response**: Undisputed.

111.    The 11.75% 2026 Bonds are governed by the 2001 FAA (July 25, 2001 (as amended by Amendment No. 1 to the Fiscal Agency Agreement dated as of September 19, 2003· Amendment No. 2 to the Fiscal Agency Agreement dated as of March 25, 2005; and Amendment No. 3 to the Fiscal Agency Agreement dated as of December 17, 2007)). Ex. F at 12.

**Republic's Response**: Undisputed.

112.    Plaintiffs are current beneficial owners of a total principal amount of $221,862,476.00 of 11.75% 2026 Bonds. Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

113.    Specifically, the following Plaintiffs are beneficial owners of the following principal amounts of the 11.75% 2026 Bonds (the "11.75% Plaintiff Owners"):

| Beneficial Owner | Amount Held |
|---|---|
| Contrarian Capital Senior Secured, L.P. | $1,319,000 |
| Contrarian Capital Fund I, L.P. | $22,223,000 |
| Contrarian Dome du Gouter Master | $7,279,000 |
| Contrarian Emerging Markets, L.P. | $169,386,476 |
| Contrarian EM II, LP | $21,655,000 |
| **Total 11.75% 2026 Bonds** | **$221,862,476.00** |

Schwartz Decl. ¶ 14.

**Republic's Response**: Undisputed.

114.    The terms of the 11.75% 2026 Bonds are set forth in the prospectus.  Ex. F.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

115.    The 11.75% 2026 Bonds are "direct unconditional, unsecured and general obligations of the Republic." Ex. F at 13.

**Republic's Response**: Undisputed.

116.    Venezuela "pledged its full faith and credit for the due and punctual payment of all amounts due in respect of the [11.75% 2026] Bonds." Ex. F at 13.

**Republic's Response**: Undisputed.

117.    Under the terms of the 11.75% 2026 Bonds, beginning on October 21, 2011, half of the annual interest payment owed on the 11.75% 2026 Bonds – 5.875% – is due biannually on April 21 and October 21 of each year. Ex. F at 12, 15; Schwartz Decl. ¶13.

**Republic's Response**: Disputed insofar as Plaintiffs' SMF ¶ 93 suggests that any interest payment was owed on October 21, 2011; the first payment was due on April 21, 2012. Ex. F at 12.

118.    Venezuela was obligated to make bi-annual interest payments on the principal amount of 11.75% 2026 Bonds beneficially owned by the 11.75% Plaintiff Owners on October

21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, and April 21, 2020, as required by the terms of those bonds. *See* Ex. F at 12, 15; Schwartz Decl. ¶13.

**Republic's Response**: Undisputed.

119.   Venezuela did not make and has yet to make the interest payments owed to the 11.75% Plaintiff Owners on the 11.75% 2026 Bonds on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, and April 21, 2020. Schwartz Decl. ¶ 20(f).

**Republic's Response**: Undisputed.

120.   As of May 10, 2020, the total amount of unpaid interest payments (before statutory prejudgment interest) owed to the 11.75% Plaintiff Owners on the 11.75% 2026 Bonds is $79,559,823.28. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

121.   As a result of Venezuela's failure to meet its obligations on the 11.75% 2026 Bonds, as of May 10, 2020, Venezuela owes the 11.75% Plaintiff Owners (not including prejudgment interest) $79,559,823.28 in overdue interest payments on the 11.75% 2026 Bonds. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

### G.   The 9.25% 2028 Bonds

122.   In May 2008, Venezuela issued a series of bonds due in 2028 bearing an interest rate of 9.25% per annum that were designated ISIN USP17625AB33 (the "9.25% 2028 Bonds"). *See* Ex. D at 11, 22.

**Republic's Response**: Undisputed.

123.   The 9.25% 2028 Bonds are governed by 2001 FAA (July 25, 2001 (as amended by Amendment No. 1 to the Fiscal Agency Agreement dated as of September 19,

2003· Amendment No. 2 to the Fiscal Agency Agreement dated as of March 25, 2005; and Amendment No. 3 to the Fiscal Agency Agreement dated as of December 17, 2007)). Ex. D at 11.

**Republic's Response**: Undisputed.

124.   Plaintiffs are current beneficial owners of a total principal amount of $2,650,675.00 of 9.25% 2028 Bonds. Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

125.   Specifically, the following Plaintiffs are beneficial owners of the following principal amounts of the 9.25% 2028 Bonds (the "9.25% Plaintiff Owners"):

| Beneficial Owner | Amount Held |
|---|---|
| Contrarian Emerging Markets, L.P. | $2,395,675 |
| Contrarian EM II, LP | $255,000 |
| **Total 9.25% 2028 Bonds** | **$2,650,675.00** |

Schwartz Decl. ¶ 14.

**Republic's Response**: Undisputed.

126.   The terms of the 9.25% 2028 Bonds are set forth in the prospectus. Ex. D.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

127.   The 9.25% 2028 Bonds are "direct, unconditional, unsecured and general obligations of the Republic." Ex. D at 11.

**Republic's Response**: Undisputed.

128.   Venezuela "pledged its full faith and credit for the due and punctual payment of all amounts due in respect of the [9.25% 2028] Bonds." Ex. D at 12.

**Republic's Response**: Undisputed.

129.     Under the terms of the 9.25% 2028 Bonds, beginning on May 7, 2008, half of the annual interest payment owed on the 9.25% 2028 Bonds - 4.625% - is due biannually on May 7 and November 7 of each year. Ex. D at 14; Schwartz Decl. ¶ 13.

**Republic's Response**: Disputed insofar as Plaintiffs' SMF ¶ 93 suggests that any interest payment was owed on May 7, 2008; the first interest payment was due on November 7, 2008. Ex. D at 14.

130.     Venezuela was obligated to make bi-annual interest payments on the principal amount of 9.25% 2028 Bonds beneficially owned by the 9.25% Plaintiff Owners on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, and May 7, 2020, as required by the terms of those bonds. *See* Ex. D at 14; Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

131.     Venezuela did not make and has yet to make the interest payments owed to the 9.25% Plaintiff Owners on the 9.25% 2028 Bonds on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, and May 7, 2020. Schwartz Decl. ¶ 20(g).

**Republic's Response**: Undisputed.

132.     As of May 10, 2020, the total amount of unpaid interest payments (before statutory prejudgment interest) owed to the 9.25% Plaintiff Owners on the 9.25% 2028 Bonds is $737,583.09. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

133.     As a result of Venezuela's failure to meet its obligations on the 9.25% 2028 Bonds, as of May 10, 2020, Venezuela owes the 9.25% Plaintiff Owners (not including prejudgment interest) $737,583.09 in overdue interest payments on the 9.25% 2028 Bonds. Schwartz Decl. ¶23.

**Republic's Response**: Undisputed.

H.      **The 11.95% 2031 Bonds**

134.    In August 2011, Venezuela issued a series of bonds designated ISIN USP17625AD98 (the "11.95% 2031 Bonds"). *See* Ex. G at 11, 77.

**Republic's Response**: Undisputed.

135.    The 11.95% 2031 Bonds are governed by the 2001 FAA (July 25, 2001 (as amended by Amendment No. 1 to the Fiscal Agency Agreement dated as of September 19, 2003; Amendment No. 2 to the Fiscal Agency Agreement dated as of March 25, 2005; and Amendment No. 3 to the Fiscal Agency Agreement dated as of December 17, 2007)). Ex. G at 11.

**Republic's Response**: Undisputed.

136.    Plaintiffs are current beneficial owners of a total principal amount of $50,315,563.00 of 11.95% 2031 Bonds. Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

137.    Specifically, the following Plaintiffs are beneficial owners of the following principal amounts of the 11.95% 2031 Bonds (the "11.95% Plaintiff Owners"):

| Beneficial Owner | Amount Held |
|---|---|
| Contrarian Emerging Markets, L.P. | $50,205,763 |
| Contrarian EM II, LP | $109,800 |
| **Total 11.95% 2031 Bonds** | **$50,315,563.00** |

Schwartz Decl. ¶ 14

**Republic's Response**: Undisputed.

138.    The terms of the 11.95% 2031 Bonds are set forth in the prospectus. Ex. G.

**Republic's Response**: Disputed insofar as the Prospectus summarizes the terms. The terms are set forth in the Bonds and the FAA.

139.    The 11.95% 2031 Bonds are "direct, unconditional, unsecured and general

obligations of the Republic." Ex. G at 12.

**Republic's Response**: Undisputed.

140.    Venezuela "pledged its full faith and credit for the due and punctual payment of all amounts due in respect of the [11.95% 2031] Bonds." Ex. G at 12.

**Republic's Response**: Undisputed.

141.    Under the terms of the 11.95% 2031 Bonds, beginning on February 5, 2012, half of the annual interest payment owed on the 11.95% 2031 Bonds - 5.975% - is due biannually on February 5 and August 5 of each year. Ex. G at 11, 14; Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

142.    Venezuela was obligated to make bi-annual interest payments on the principal amount of 11.95% 2031 Bonds beneficially owned by the 11.95% Plaintiff Owners on February 5, 2018, August 5, 2018, February 5, 2019, August 5, 2019, and February 5, 2020, as required by the terms of those bonds. *See* Ex. G at 11, 14; Schwartz Decl. ¶ 13.

**Republic's Response**: Undisputed.

143.    Venezuela did not make and has yet to make the interest payments owed to the 11.95% Plaintiff Owners on the 11.95% 2031 Bonds on February 5, 2018, August 5, 2018, February 5, 2019, August 5, 2019, and February 5, 2020. Schwartz Decl. ¶ 20(h).

**Republic's Response**: Undisputed.

144.    As of May 10, 2020, the total amount of unpaid interest payments (before statutory prejudgment interest) owed to the 11.95% Plaintiff Owners on the 11.95% 2031 Bonds is $16,601,025.62. Schwartz Decl. ¶ 23.

**Republic's Response**: Undisputed.

145.     As a result of Venezuela's failure to meet its obligations on the 11.95% 2031 Bonds, as of May 10, 2020, Venezuela owes the 11.95% Plaintiff Owners (not including prejudgment interest) $16,601,025.62 in overdue interest payments on the 11.95% 2031 Bonds. Schwartz Decl. ¶23.

**Republic's Response**: Undisputed.

### I.     Total Amount Outstanding

146.     Plaintiffs beneficially own a total principal balance of $432,862,156 of the Bonds. Schwartz Decl. ¶¶ 13-14, 23.

**Republic's Response**: Undisputed.

147.     As a result of Venezuela's failure to meet its obligations on all of the Bonds beneficially owned by Plaintiffs, as of May 10, 2020, Venezuela owes Plaintiffs (not including prejudgment interest) overdue principal and interest payments amounting to $246,194,335.63. Schwartz Decl. ¶¶ 23-24; Ex. 1 to the Schwartz Decl. (interest worksheet).

**Republic's Response**: Undisputed.

148.     Applying New York's 9% statutory prejudgment interest, which accrues on each missed coupon payment, as of May 10, 2020, Venezuela's unpaid coupon payments to Plaintiffs have accrued prejudgment interest amounting to $15,863,903.87. *See* Schwartz Decl. ¶ 25; Ex. 1 to the Schwartz Decl. (interest worksheet).

**Republic's Response**: Disputed that Plaintiffs' SMF ¶ 148 states a material fact insofar as it is based on New York 9% statutory prejudgment interest rather than the federal interest rate.  *See* 28 U.S.C. § 1961.

149.     Including unpaid prejudgment interest on missed interest payments at New York's statutory rate of 9.00%, as of May 10, 2020, Venezuela owes Plaintiffs overdue principal and interest payments for the Bonds at issue amounting to $262,058,239.50. Schwartz Decl. ¶

26; *see also* Ex. 1 to the Schwartz Decl. (interest worksheet).

> **Republic's Response**: Disputed that Plaintiffs' ¶ 149 states a material fact insofar as it is based on New York 9% statutory prejudgment interest rather than the federal interest rate.  *See* 28 U.S.C. § 1961.

## IV.    AUTHORIZATION TO SUE

### A.    Authorizations From Cede & Co. and From Plaintiffs' Securities Intermediaries

150.    Cede & Co. ("Cede"), as nominee of the Depository Trust Company, is the registered owner and holder of the bond issuances held beneficially by Plaintiffs. *See* Ex. A at S-5; Ex. B at 23; Ex. C at 118; Ex. D. at 11; Ex. E at 112; Ex. F at 132; Ex. G at 69; Ex. H at S-13; Ex. I at S-15; Ex. L.

> **Republic's Response**: Undisputed.

151.    With respect to the 13.625% 2018 (-AT10) Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediary "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L. at 1.

> **Republic's Response**: Undisputed.

152.    With respect to the 13.625% 2018 (-AT10) Bonds, Plaintiffs' securities intermediary has, in turn, authorized Plaintiff Polonius Holdings, LLC, to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 2-3.

> **Republic's Response**: Undisputed.

153.    With respect to the 13.625% 2018 RegS Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediary "solely with respect to the Notes held

by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 4.

**Republic's Response**: Undisputed.

154.    With respect to the 13.625% 2018 RegS Bonds, Plaintiffs' securities intermediary has, in turn, authorized Plaintiff Polonius Holdings, LLC, to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 5-6.

**Republic's Response**: Undisputed.

155.    With respect to the 7.00% 2018 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediary "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 7.

**Republic's Response**: Undisputed.

156.    With respect to the 7.00% 2018 Bonds, Plaintiffs' securities intermediary has, in turn, authorized Plaintiff Polonius Holdings, LLC, to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take. . . to the full extent permissible under applicable law." Ex. L at 8-9.

**Republic's Response**: Undisputed.

157.    With respect to the 12.75% 2022 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediaries "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that

Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 10-11.

    **Republic's Response**: Undisputed.

158.    With respect to the 12.75% 2022 Bonds, Plaintiffs' securities intermediaries have, in turn, authorized the 12.75% Plaintiff Owners to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 12-14.

    **Republic's Response**: Undisputed.

159.    With respect to the 9.00% 2023 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediary "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 15-16.

    **Republic's Response**: Undisputed.

160.    With respect to the 9.00% 2023 Bonds, Plaintiffs' securities intermediary has, in turn, authorized the 9.00% Plaintiff Owners to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 17-19.

    **Republic's Response**: Undisputed.

161.    With respect to the 8.25% 2024 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediary "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the

full extent permissible under applicable law." Ex. L at 20-21.

      **Republic's Response**: Undisputed.

    162.    With respect to the 8.25% 2024 Bonds, Plaintiffs' securities intermediary has, in turn, authorized the 8.25% Plaintiff Owners to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 22-24.

      **Republic's Response**: Undisputed.

    163.    With respect to the 11.75% 2026 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediaries "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 25-26.

      **Republic's Response**: Undisputed.

    164.    With respect to the 11.75% 2026 Bonds, Plaintiffs' securities intermediaries have, in turn, authorized the 11.75% Plaintiff Owners to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 27-29.

      **Republic's Response**: Undisputed.

    165.    With respect to the 9.25% 2028 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediary "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 30-31.

**Republic's Response**: Undisputed.

166.    With respect to the 9.25% 2028 Bonds, Plaintiffs' securities intermediaries have, in turn, authorized the 9.25% Plaintiff Owners of those bonds to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 32-34.

**Republic's Response**: Undisputed.

167.    With respect to the 11.95% 2031 Bonds, Cede has provided written authorization permitting Plaintiffs' securities intermediaries "solely with respect to the Notes held by the Beneficial Owner, to take any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take" with respect to the Notes "to the full extent permissible under applicable law." Ex. L at 35-36.

**Republic's Response**: Undisputed.

168.    With respect to the 11.95% 2031 Bonds, Plaintiffs' securities intermediaries have, in turn, authorized the 11.95% Plaintiff Owners to take "any and all actions and exercise any and all rights and remedies that Cede & Co. as the holder of record of Notes is entitled to take . . . to the full extent permissible under applicable law." Ex. L at 37-39.

**Republic's Response**: Undisputed.

Dated: May 20, 2020
New York, New York

*/s/ Joseph E. Neuhaus*
Joseph E. Neuhaus
Sergio J. Galvis
James L. Bromley
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: 212-558-4000
Facsimile: 212-558-3588
neuhausj@sullcrom.com
galviss@sullcrom.com
bromleyj@sullcrom.com

Angela N. Ellis
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Suite 700
Washington, D.C. 20006-5215
Telephone: 202-956-7500
Facsimile: 202-293-6330
ellisan@sullcrom.com

*Attorneys for Defendant*