

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

September 24, 2020

BY CM/ECF AND EMAIL

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

>      Re:   *Contrarian Capital Management, LLC v. Bolivarian Republic of Venezuela*,
>            No. 19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 19 Civ. 3123 & 18 Civ. 11940):
>            <u>Motion for Summary Judgment and Opposition to Motion To Stay</u>

Dear Judge Torres:

      We represent the Plaintiffs. We respectfully write to inform the Court of statements made by the United States during a recent hearing in *Crystallex International Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151 (D. Del.), which are relevant to Plaintiffs' motion for summary judgment and the Republic's cross-motion to stay this case. *See* Ex. A (transcript).

      The court in *Crystallex* is currently considering whether and how to authorize the sale of U.S. assets held by the Republic's state-owned oil company in satisfaction of another creditor's judgment against the Republic. *See Crystallex*, Dkt. 174, at 1-2. In that case, the Republic cited interpretive guidance by OFAC known as "FAQs" to argue that the court there should not take even "preliminary steps" towards a sale "unless and until Crystallex has obtained [a] OFAC license." *Crystallex*, Dkt. 188, at 2. At a September 17, 2020 hearing, the court asked an attorney for the United States whether it is "the government's view that a license is required before the Court would establish sales procedures or only when we would start to follow those sales procedures." Ex. A at 104. In response, the United States drew a distinction between what steps the Court may take and what steps private parties may make:

> Well, your Honor, I think OFAC has tried to draw a distinction in FAQs 808 and 809 between, you know, whether there is – whether it is imposing limitation on what Your Honor can do and what Crystallex can do. ***So the United States hasn't taken the position that Your Honor is blocked from moving forward. You know, the Court can do whatever it wants***. However, OFAC – the Executive Orders and the OFAC regulations and the FAQs cited in Director Gacki's letter make clear that Crystallex might well be in violation of OFAC regulations if it takes these proposed steps.

- 2 -

Hon. Analisa Torres                                                                                           September 24, 2020

Ex. A at 105 (emphasis added).  The attorney for the government also noted that the views expressed in *Crystallex* were "the considered views of the United States" and not merely the "views of DOJ line attorneys."  *Id.* at 42.

The United States' position in *Crystallex* disproves one of the arguments that the Republic has used in this case to request a stay and oppose summary judgment.  Similar to its position in *Crystallex*, the Republic has invoked OFAC's interpretive guidance to argue that a specific license is required before this Court may enter judgment.  Dkt. 69 at 19-20 & n.37.  However, the United States has clarified that it considers its regulations to "impos[e] limitation[s] on what" private parties like Crystallex or Plaintiffs "can do" – ***not*** what this Court can do.  Ex. A. at 105.  In other words, while OFAC regulations may limit Plaintiffs' ability to act on any judgment they may receive, those regulations do not bar this Court from entering a judgment in the first place.  Together with Plaintiffs' other arguments, the United States' position shows that OFAC regulations do not bar this Court from entering judgment against the Republic.

                                                                Respectfully submitted,

                                                                /s/ Steven F. Molo

                                                                Steven F. Molo

Encl.