UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, and CONTRARIAN FUNDS, L.L.C., <br><br>Plaintiffs, <br><br>v. <br><br>BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br>Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123 & 18 Civ. 11940] <br><br>Hon. Analisa Torres |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RELIEF UNDER 28 U.S.C. §1610(C)

Plaintiffs Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Polonius Holdings, LLC, and Contrarian Funds, L.L.C. ("Plaintiffs") hereby move for a determination under 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since this Court entered final judgment on October 16, 2020 so that Plaintiffs may seek to execute that judgment against the Defendant Bolivarian Republic of Venezuela's assets.

## BACKGROUND

This case arises out of the Republic's failure since October 2017 to pay principal and interest it owes on several bonds beneficially held by Contrarian (the "Bonds"). Dkt. 74 at 3. Plaintiffs originally filed their complaint in this action on November 29, 2019. *See* Dkt. 1.

Plaintiffs later amended their complaint to add allegations and counts related to other Bonds. *See* Dkts. 15, 21, 54. After expedited discovery, Plaintiffs moved for summary judgment, and the Republic cross-moved for a stay. Dkts. 63-71.

On October 1, 2020, the Court granted Plaintiffs' motion for summary judgment and denied the Republic's motion for a stay. Dkt. 74. On October 16, 2020, the Court entered judgment in favor of Plaintiffs and against the Republic for nearly $289 million. Dkt. 81. That judgment became final in November 2020 when the Republic did not appeal. *See* Fed. R. App. P. 4(a)(1)(A). Since the Court has entered judgment, the Republic has made no efforts to pay Plaintiffs what it owes or to discuss a payment plan. *See* Declaration of Justin M. Ellis ("Ellis Declaration") ¶ 5. Instead, the Republic has continued to miss scheduled coupon interest payments it owes on the same Bonds reduced to judgment. *Id.* ¶ 6.

## ARGUMENT

Before a judgment creditor may attach or execute against a foreign sovereign's assets, the Foreign Sovereign Immunities Act ("FSIA") requires a court to determine that "a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c). "The purpose of obtaining an order finding compliance with § 1610(c) . . . is to permit a FSIA plaintiff to establish that one of the prerequisites is satisfied so that the plaintiff may pursue specific attachments without worry over any lingering § 1610(c) requirements." *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 271 (D.D.C. 2011). Because the Republic has made no effort to pay the judgment it owes, Plaintiffs seek a determination under § 1610(c) so that they may begin enforcement efforts consistent with applicable sanctions.

When deciding whether a given period of time after judgment is "reasonable" under § 1610(c), courts consider "'evidence that the foreign state is actively taking steps to pay the judgment,' the steps necessary to pay the judgment, or evidence of evasion of the judgment."

2

*Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017); *see* H.R. Rep. 94-1487, at 30 (1976). Courts in this District have repeatedly concluded that three to four months – and sometimes significantly less – is a reasonable time. *See, e.g.*, *Peterson v. Islamic Republic of Iran*, No. 10 Civ. 4518, 2013 WL 1155576, at *35 (S.D.N.Y. Mar. 13, 2013) ("more than 100 days" is "reasonable for the purposes of § 1610(c)"); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (three months). At least one court in this District has found that a period as short as ten days can qualify. *See, e.g.*, *Elliott Assocs., L.P. v. Banco De La Nacion*, No. 96 Civ. 7916, 2000 WL 1449862, at *4 (S.D.N.Y. Sept. 29, 2000) (referencing the Court's earlier ruling that "ten days was a reasonable period").

Likewise, several courts hearing creditors' cases against the Republic have found that two months is a "reasonable" time to begin execution under § 1610(c). *Crystallex*, 2017 WL 6349729, at *1 ("60 days"); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, No. 14 Civ. 2014 (D.D.C. Jan. 20, 2016), Dkt. No. 48 (finding that two months was a reasonable time under § 1610(c)); *see also OI Eur. Grp. B.V. v. Bolivarian Republic of Venezuela*, 419 F. Supp. 3d 51, 55 (D.D.C. 2019) ("[F]ive months is typically longer than periods of time found reasonable by other courts in this district."). Those cases are consistent with the amount of time found "reasonable" in cases involving other sovereigns. *See, e.g.*, *TECO Guatemala Holdings, LLC v. Republic of Guatemala*, No. 17 Civ. 102, 2020 WL 2934951, at *2 (D.D.C. June 2, 2020) ("[C]ounsel has cited no case in which a period of two months was found to be insufficient to satisfy the U.S.C. § 1610(c)'s 'reasonable period of time' requirement, and the Court is unaware of any such precedent."); *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01 Civ. 634, 2002 WL 32107929, at *1 (S.D. Tex. Jan. 25, 2002) (50 days reasonable).

3

As one court has noted, the FSIA itself gives sovereigns only 60 days to respond to a summons and complaint, 28 U.S.C. § 1608(d), suggesting that a longer period is "reasonable" under § 1610(c). *See Agudas Chasidei Chabad*, 798 F. Supp. 2d at 269-70 (comparing time under § 1608(d) to eight months since entry of judgment).

Here, the five months that have passed since this Court entered judgment is a more than reasonable time within the meaning of § 1610(c). The Republic's failure to take any steps towards paying its debts since judgment was entered, by itself, shows that a reasonable amount of time has elapsed. Ellis Decl. ¶¶ 5-6; *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001); *see Crystallex*, 2017 WL 6349729, at *1. That is still so even if the Republic is not presently taking active steps to evade the judgment. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015); *see OI Eur. Grp.*, 419 F. Supp. 3d at 55 ("While there is no evidence of evasion, there is also no evidence of steps being taken to satisfy the judgment.").

At the same time, other courts have allowed other creditors of the Republic to take steps towards enforcement. *See OI Eur. Grp.*, 419 F. Supp. 3d at 56 (granting leave to seek attachment and execution). In fact, the District of Delaware recently allowed some of the Republic's other creditors to take steps towards a judicial sale of CITGO, the primary asset of the Republic's state-owned oil company, pending final approval by sanctions authorities. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17 Misc. 151, 2021 WL 129803 (D. Del. Jan. 14, 2021); No. 17 Misc. 151, Dkt. 251 (D. Del. Mar. 2, 2021) (scheduling conference to discuss the appointment of a special master for judicial sale). Those actions, too, make allowing execution in this case reasonable to avoid prejudicing Plaintiffs relative to the Republic's other creditors. *See Casa Express Corp. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, 2020 WL 5817282 at *4 (S.D.N.Y. Sept. 30, 2020) (recognizing stay would "significantly prejudice" plaintiffs vis-à-vis plaintiffs in other cases); *see also Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*,

No. 19 Civ. 3123, Dkt. 69-1, at 4 (S.D.N.Y. Jan. 26, 2021) (moving for relief under § 1610(c) "to position [plaintiffs] to receive full recovery once they are able to do so"). Allowing execution now would also further judicial economy by allowing the District of Delaware to address together creditors' competing claims to the Republic's assets such as CITGO. *See OI Eur. Grp.*, 419 F. Supp. 3d at 56.

The Republic's arguments against a pending § 1610(c) motion in one of the related cases offer no reason to withhold relief. *See Pharo Gaia*, No. 19 Civ. 3123, Dkt. 72. The Republic first argues that the ongoing political and humanitarian crisis in Venezuela, and its lack of control over Venezuela's territory and institutions, warrant denying § 1610(c) relief so that it can be "given time to address the Republic's obligations in a global manner." *Id.* at 4. There is no doubt about the severity of Venezuela's crises or their terrible human cost. But the Republic's argument for "giv[ing] [it] time" to deal with its obligations is simply a rehash of its earlier arguments for a stay. *See, e.g.*, Rep.'s Mem. in Supp. Mot. for Stay, Dkt. 69 at 10-12, 17-18. The Court already rejected those arguments, and its holding is law of the case. Dkt. 74 at 5-6; *see United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009) ("[W]hen a court has ruled on an issue, 'that decision should generally be adhered to by that court in subsequent stages in the same case.'"). In any event, a sovereign's professed inability to pay a judgment does not make the time that has elapsed since judgment any more or less reasonable – especially where, as here, the sovereign has not even made any effort to pay.[1]

---

[1] The Republic has not asserted that it lacks funds to pay the judgment, either in this case or in its opposition to the motion for an order under § 1610(c) in the related case, *see Pharo Gaia*, No. 19 Civ. 3123, Dkt. 72 at 3-4 (citing the Guaidó administration's lack of "full access to the necessary levers of power within Venezuela" and the "complex financial and humanitarian crisis," but not asserting that the Republic cannot pay the judgment).

In fact, as other courts have recognized, "the political uncertainty in Venezuela is also a circumstance that bolsters plaintiff's argument that it should be allowed to seek attachment," not a reason to delay enforcement. *OI Eur. Grp.*, 419 F. Supp. 3d at 54; *see also Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 932 F.3d 126 (3d Cir. 2019) (affirming grant of writ of attachment against assets of Republic's state-owned oil company despite arguments relating to humanitarian and political crisis). Precisely because "the Guaidó government cannot take any actions to satisfy its debts," and because "it would not be appropriate or fair to the plaintiff to stay the case indefinitely," there is no reason for the Court to delay entering an order under § 1610(c). *OI Eur. Grp.*, 419 F. Supp. 3d at 55-56.

The Republic has also raised OFAC sanctions policy as a basis not to grant relief under § 1610(c). *Pharo Gaia*, No. 19 Civ. 3123, Dkt. 72, at 4-6. But an order from this Court that a reasonable time has passed would not "transfer" the Republic's property in violation of OFAC sanctions; it would simply recognize that Plaintiffs have satisfied the requirements of § 1610(c). *See Agudas Chasidei Chabad*, 798 F. Supp. 2d at 270. As this Court previously concluded, "[t]o the extent that the policy of the Executive Branch is to protect Defendant's property in light of the tumult in Venezuela, that interest is fully served in this case by the requirement that Plaintiff apply for an OFAC license before it can pursue Defendant's assets." Dkt. 74 at 7. That conclusion applies just as much to a request for relief under § 1610(c) as it did to the Republic's stay motion.

Moreover, current sanctions policy does not change the fact that § 1610(c)'s requirements are, in fact, met here. That Executive Branch policy currently limits how Plaintiffs may enforce their judgment does not make the amount of time that has passed any less reasonable. Nor does it change the fact that the Republic has made no progress towards satisfying its debts. The Court has also already found that OFAC sanctions do not warrant staying the judicial process in this case. Dkt. 74 at 5-7. To the extent Executive Branch policy seeks to limit enforcement on the Republic's

6

assets, the best way to serve that policy is through the OFAC licensing process, not through § 1610(c). *Id.* at 7.[2]

Finally, the Republic has also opposed § 1610(c) relief in one of the related cases on the basis that "the Guaidó government is working diligently to develop an orderly, consensual debt-restructuring process under which all similarly situated claims will be treated equally." *Pharo Gaia*, No. 19 Civ. 3123, Dkt. 72 at 4. The Republic had made similar claims about a potential restructuring when it sought a stay. *See, e.g.*, Dkt. 69 at 9, 16-18, 20-22. To the extent the Republic seeks to use its opposition to § 1610(c) relief as a back-door way to obtain a stay, that argument, too, is barred by the law of the case. *Carr*, 557 F.3d at 102. Moreover, a restructuring is no more in prospect now than it was when the Republic sought a stay in 2020. And the mere fact that the Republic may someday, somehow restructure its debts does not make the time that has passed since judgment any less reasonable. The Court should certify under § 1610(c) that a reasonable amount of time has passed and permit Plaintiffs to proceed towards execution consistent with applicable law and sanctions policy.

## **CONCLUSION**

The Court should issue an order finding that a reasonable time under 28 U.S.C. § 1610(c) has passed since this Court's October 16, 2020 judgment.

---

[2] The Republic has also asked in the related case that the Court solicit the views of the United States. *Pharo Gaia*, No. 19 Civ. 3123, Dkt. 72, at 7. However, the United States' views would not change the fact that courts have already allowed § 1610(c) relief against the Republic in other cases. *See* p. 3, *supra*. Because that relief is clearly appropriate, soliciting input from the Executive Branch would serve little purpose other than to delay.

Dated: March 15, 2021
New York, New York

Respectfully submitted,

*/s/ Steven F. Molo*
Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue, 6th Floor
New York, NY 10022
Tel.: (212) 607-8170
Fax: (212) 607-8161
smolo@mololamken.com

Elizabeth K. Clarke (admitted *pro hac vice*)
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL 60654
Tel.: (312) 450-6700
Fax: (312) 450-6701

*Counsel for Plaintiffs*