UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123, 18 Civ. 11940, 20 Civ. 10342, 21 Civ. 597, & 21 Civ. 2678]<br><br>Hon. Analisa Torres<br><br>**FIRST SUPPLEMENTAL COMPLAINT** |

Plaintiffs Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., E1 SP, a Segregated Account of EMAP SPC, Emma 1 Master Fund, L.P., and Contrarian Funds, L.L.C., for their First Supplemental Complaint against The Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of Venezuela's failure to pay principal and interest on various series of bonds (the "Bonds") of which the plaintiffs beneficially hold obligations.

2. Venezuela issued the Bonds and sold them to investors under a contract called a "fiscal agency agreement," which it executed in 2001 (the "2001 FAA"). In the 2001 FAA and the offering documents for each Bond issued pursuant to that contract, Venezuela unconditionally promised to make regularly scheduled principal and interest payments to holders of the Bonds. The 2001 FAA is governed by New York law without regard to conflict of laws.

3. Venezuela has defaulted on its obligations under the 2001 FAA and the Bonds. Beginning in October 2017, Venezuela failed to make required interest payments on the Bonds as those payments became due.

4. Contrarian Capital Management, L.L.C. ("Contrarian") acts as investment adviser for certain investment funds and separately managed accounts (the "Contrarian Funds") that are beneficial holders of the Bonds. Contrarian does not beneficially hold the Bonds but brings this suit to recover the due and unpaid principal and interest on the Bonds to which the Contrarian Funds are entitled.

5. For purposes of this Supplemental Complaint, the "Contrarian Funds" comprise Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., E1 SP, a Segregated Account of EMAP SPC, Emma 1 Master Fund, L.P., and Contrarian Funds, L.L.C. Contrarian Capital Management, L.L.C. acts as an investment manager for each of the Contrarian Funds.

6. None of Plaintiffs, nor, to Plaintiffs' knowledge, any of the beneficial owners of any Plaintiff, is (a) the state and Government of Venezuela; (b) any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela, and the Venezuelan Economic and

Social Development Bank; (c) any person owned or controlled, directly or indirectly, by the entities listed in subsections (a) or (b); (d) any person who has acted or purported to act directly or indirectly for, or on behalf of, the entities listed in subsections (a) or (b), including without limitation any member of the Nicolás Maduro regime; (e) any "Senior foreign political figure" as defined in 31 C.F.R. § 1010.605(p) to the extent that the term "covered financial institution" in 31 C.F.R. § 1010.605(p) is construed to refer to Plaintiffs; (f) any spouse, parent, sibling, child, or spouse's parent or sibling of any natural person listed in subsections (a)-(e); or close associate of any natural person listed in subsection (a)-(e).

## PARTIES

7. Contrarian is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

8. Contrarian Capital Fund I, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

9. Contrarian Capital Senior Secured, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

10. Contrarian EM II, LP is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

11. Contrarian Emerging Markets, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

12. E1 SP, a Segregated Account of EMAP SPC is a segregated portfolio company organized under the laws of the Cayman Islands with its principal place of business in Greenwich, Connecticut.

13. Emma 1 Master Fund, L.P. is a limited partnership organized under the laws of

the Cayman Islands with its principal place of business in Greenwich, Connecticut.

14. Contrarian Funds, L.L.C. is a limited liability company organized under the laws of Delaware with its principal place of business in Greenwich, Connecticut.

15. Each of the Contrarian Funds is a beneficial owner of Bonds of which the holder of record is Cede & Co., as nominee of the Depository Trust Company. Each Contrarian Fund has been authorized to take any and all actions and to exercise any and all rights and remedies that Cede & Co. is entitled to take as the holder of record of the Bonds.

16. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. § 1605 and § 1330 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity. In the 2001 FAA, and the terms and conditions of each Bond, Venezuela expressly and irrevocably waived any immunity from suits against it with respect to the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto.

18. In the 2001 FAA, Venezuela waived sovereign immunity for pre-judgment attachment with respect to the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto.

19. Venezuela is also not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2) because it conducts commercial activity in the United States. Venezuela engaged in a commercial activity carried on in the United States when it marketed the Bonds in the United States, offered them for sale in the United States, allowed them to be traded in the United States, promised to make payments on them in the United States, and directed the actions of its fiscal agents located in the United States. These actions caused direct effects in the United States,

including damages to Contrarian, the Contrarian Funds, and other investors from Venezuela's breach of its payment obligations on the Bonds.

20. This Court has personal jurisdiction over Venezuela because, in the 2001 FAA, Venezuela irrevocably submitted itself to the jurisdiction of this Court for the purpose of any suit arising from the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto. In addition, this Court has personal jurisdiction over Venezuela because it contracted to provide goods and services in this State by promising to make principal and interest payments on the Bonds in New York, New York.

21. In the 2001 FAA, and the terms and conditions of each Bond, Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

22. Venue is proper because, in the 2001 FAA, Venezuela consented to and irrevocably waived any objection to venue in this District. Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District. Moreover, in the 2001 FAA, Venezuela waived any defense that this Court would be an inconvenient forum for this action.

## FACTUAL ALLEGATIONS

23. The 2001 FAA is a contract entered into among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties to the 2001 FAA amended that contract with three amendments entered into as of September 19, 2003 ("Amendment No. 1"), March 21, 2005 ("Amendment No. 2"), and December 17, 2007 ("Amendment No. 3"). The

2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

24. From time to time, Venezuela has issued unsecured bonds pursuant to the 2001 FAA. The principal amount, interest rate, maturity, and other terms of each bond are set forth in the Bonds themselves and in the offering documents for each Bond. In the 2001 FAA, Venezuela pledged its full faith and credit for the due and punctual payment of all Bonds issued under those agreements.

25. Plaintiffs purchased the Bonds from institutional broker-dealers who are, or were at the time Plaintiffs transacted with them for the Bonds, registered with the U.S. Securities and Exchange Commission and regulated by FINRA.

26. Plaintiffs acquired the Bonds as buyers in the ordinary course of business.

27. Plaintiffs purchased the Bonds in good faith, for value, and without notice of any adverse claim.

28. Plaintiffs paid a price within the range of market prices for each of the Bonds on the day of the purchase.

29. The Contrarian Funds are beneficial owners of the following Bonds issued under the 2001 FAA with the following terms:

| Issue | ISIN | Date Due | FAA | Payment Dates |
|---|---|---|---|---|
| 12.75% 2022 Bonds | USP17625AC16 | 08/23/2022 | 2001 FAA and Amend. Nos. 1-3 | Feb. 23; Aug. 23 |
| 9.00% 2023 Bonds | USP17625AA59 | 05/07/2023 | | Nov. 7; May 7 |
| 8.25% 2024 Bonds | USP97475AP55 | 10/13/2024 | | Oct. 13; Apr. 13 |
| 11.75% 2026 Bonds | USP17625AE71 | 10/21/2026 | | Oct. 21; Apr. 21 |
| 9.25% 2028 Bonds | USP17625AB33 | 05/07/2028 | | Nov. 7; May 7 |
| 11.95% 2031 Bonds | USP17625AD98 | 08/05/2031 | | Feb. 5; Aug. 5 |

The terms of each Bond held by the Contrarian Funds are set out in each Bond's offering memorandum.

### A. Missed Interest Payments on the Bonds that Were the Subject of the October 16, 2020 Judgment

30. On October 16, 2020, this Court granted judgment to Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, and Contrarian Emerging Markets, L.P. for breach of contract for nonpayment of principal and interest on certain bond holdings, including the following (the "October 2020 Judgment Bonds"):

| Plaintiff | Bond | Bond ISIN | Principal Amount |
|---|---|---|---|
| Contrarian Emerging Markets, L.P. | 9.00% Bonds due 2023 | USP17625AA59 | $1,472,583 |
| Contrarian EM II, LP | 9.00% Bonds due 2023 | USP17625AA59 | $200,000 |
| Contrarian Emerging Markets, L.P. | 9.25% Bonds due 2028 | USP17625AB33 | $2,395,675 |
| Contrarian EM II, LP | 9.25% Bonds due 2028 | USP17625AB33 | $255,000 |
| Contrarian Capital Senior Secured, L.P. | 12.75% Bonds due 2022 | USP17625AC16 | $179,000 |
| Contrarian Emerging Markets, L.P. | 12.75% Bonds due 2022 | USP17625AC16 | $47,125,473 |
| Contrarian EM II, LP | 12.75% Bonds due 2022 | USP17625AC16 | $2,399,200 |
| Contrarian Emerging Markets, L.P. | 11.95% Bonds due 2031 | USP17625AD98 | $50,205,763 |
| Contrarian EM II, LP | 11.95% Bonds due 2031 | USP17625AD98 | $109,800 |
| Contrarian Capital Senior Secured, L.P. | 11.75% Bonds due 2026 | USP17625AE71 | $1,319,000 |
| Contrarian Capital Fund I, L.P. | 11.75% Bonds due 2026 | USP17625AE71 | $22,223,000 |
| Contrarian Emerging Markets, L.P. | 11.75% Bonds due 2026 | USP17625AE71 | $169,386,476 |
| Contrarian EM II, LP | 11.75% Bonds due 2026 | USP17625AE71 | $21,655,000 |
| Contrarian Emerging Markets, L.P. | 8.25% Bonds due 2024 | USP97475AP55 | $4,499,186 |
| Contrarian EM II, LP | 8.25% Bonds due 2024 | USP97475AP55 | $345,000 |

31.   Since October 16, 2020, the Republic has missed additional interest payments on those Bonds as follows:

    i.   9.00% 2023 Bonds:      Nov. 7, 2020; May 7, 2021

    ii.  9.25% 2028 Bonds:      Nov. 7, 2020; May 7, 2021

| | | |
|---|---|---|
| iii. | 12.75% 2022 Bonds: | Feb. 23, 2021 |
| iv. | 11.95% 2031 Bonds: | Feb. 5, 2021 |
| v. | 11.75% 2026 Bonds: | Oct. 21, 2020; April 21, 2021 |
| vi. | 8.25% 2024 Bonds | Apr. 13, 2021 |

32. Venezuela's failure to pay interest currently owing on the Bonds has continued for more than 30 days. As a result, an Event of Default exists under the terms and conditions of the Bonds.

33. Plaintiffs have performed all obligations they may have under the 2001 FAA or any Bonds issued pursuant to the 2001 FAA.

### B. Renewal of Voluntarily Dismissed Claims on Additional Bonds

34. In two stipulations dated May 1, 2020 and May 4, 2020 (ECF Nos. 47 and 52), Plaintiffs Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC, stipulated to dismiss without prejudice certain claims on certain bond holdings. The Court entered both stipulations of dismissal without prejudice (ECF Nos. 49 and 53).

35. In the first stipulation, Plaintiffs Contrarian Emerging Markets, L.P. and Emma 1 Master Fund, L.P. dismissed the following claims in the following amounts:

| Plaintiff | Bond | Bond ISIN | Principal Amount |
|---|---|---|---|
| Contrarian Emerging Markets, L.P. | 12.75% Bonds due 2022 | USP17625AC16 | $4,390,027.00 |
| Contrarian Emerging Markets, L.P. | 9.00% Bonds due 2023 | USP17625AA59 | $113,517.00 |

| Plaintiff | Bond | Bond ISIN | Principal Amount |
|---|---|---|---|
| Contrarian Emerging Markets, L.P. | 8.25% Bonds due 2024 | USP97475AP55 | $325,014.00 |
| Contrarian Emerging Markets, L.P. | 11.75% Bonds due 2026 | USP17625AE71 | $16,660,324.00 |
| Contrarian Emerging Markets, L.P. | 9.25% Bonds due 2028 | USP17625AB33 | $173,125.00 |
| Contrarian Emerging Markets, L.P. | 11.95% Bonds due 2031 | USP17625AD98 | $4,459,937.00 |
| Emma 1 Master Fund, L.P. | 12.75% Bonds due 2022 | USP17625AC16 | $301,073.00 |
| Emma 1 Master Fund, L.P. | 9.00% Bonds due 2023 | USP17625AA59 | $7,783.00 |
| Emma 1 Master Fund, L.P. | 8.25% Bonds due 2024 | USP97475AP55 | $22,286.00 |
| Emma 1 Master Fund, L.P. | 11.75% Bonds due 2026 | USP17625AE71 | $1,142,576.00 |
| Emma 1 Master Fund, L.P. | 9.25% Bonds due 2028 | USP17625AB33 | $11,875.00 |
| Emma 1 Master Fund, L.P. | 11.95% Bonds due 2031 | USP17625AD98 | $305,863.00 |

36.     In the second stipulation, Plaintiffs E1 SP, a Segregated Account of EMAP SPC, and Emma 1 Master Fund, L.P. dismissed the following claims in the following amounts,

corresponding to their remaining holdings of Bonds:[1]

| Plaintiff | Bond | Bond ISIN | Principal Amount |
| --- | --- | --- | --- |
| E1 SP, a Segregated Account of EMAP SPC | 12.75% Bonds due 2022 | USP17625AC16 | $3,059,300 |
| E1 SP, a Segregated Account of EMAP SPC | 11.75% Bonds due 2026 | USP17625AE71 | $13,783,000 |
| E1 SP, a Segregated Account of EMAP SPC | 11.95% Bonds due 2031 | USP17625AD98 | $1,965,800 |
| Emma 1 Master Fund, L.P. | 12.75% Bonds due 2022 | USP17625AC16 | $3,231,927 |
| Emma 1 Master Fund, L.P. | 9.00% Bonds due 2023 | USP17625AA59 | $107,717 |
| Emma 1 Master Fund, L.P. | 8.25% Bonds due 2024 | USP97475AP55 | $308,514 |
| Emma 1 Master Fund, L.P. | 11.75% Bonds due 2026 | USP17625AE71 | $11,616,624 |
| Emma 1 Master Fund, L.P. | 9.25% Bonds due 2028 | USP17625AB33 | $164,325 |
| Emma 1 Master Fund, L.P. | 11.95% Bonds due 2031 | USP17625AD98 | $3,634,137 |

37.     Claims on the Bonds that were voluntarily dismissed without prejudice by Plaintiffs Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., and E1 SP, a

---

[1] Plaintiffs Contrarian Emerging Markets, L.P. and Contrarian EM II, LP also voluntarily dismissed additional claims for unrelated reasons.  *See* Dkt. 53, Second Joint Stipulation of Dismissal, ¶4.  Plaintiffs do not currently seek to renew those claims in this supplemental complaint.

Segregated Account of EMAP SPC (the "Additional Bonds") were not included in the October 16, 2020 judgment.

38.     Beginning in October 2017, Venezuela stopped making interest payments on the Additional Bonds. Since then, Venezuela has not made any of the interest payments required by the Additional Bonds' terms. Specifically, Venezuela has failed to make the following interest payments:

| | | |
|---|---|---|
| vii. | 12.75% 2022 Bonds: | Feb. 23, 2018, Aug. 23, 2018, Feb. 23, 2019, Aug. 23, 2019, Feb. 23, 2020, Aug. 23, 2020, and Feb. 23, 2021 |
| viii. | 9.00% 2023 Bonds: | Nov. 7, 2017, May 7, 2018, Nov. 7, 2018, May 7, 2019, Nov. 7, 2019, May 7, 2020, Nov. 7, 2020, and May 7, 2021 |
| ix. | 8.25% 2024 Bonds: | Oct. 13, 2017, Apr. 13, 2018, Oct. 13, 2018, Apr. 13, 2019, Oct. 13, 2019, Apr. 13, 2020, Oct. 13, 2020, and Apr. 13, 2021 |
| x. | 11.75% 2026 Bonds: | Oct. 21, 2017, Apr. 21, 2018, Oct. 21, 2018, Apr. 21, 2019, Oct. 21, 2019, Apr. 21, 2020, Oct. 21, 2020, and April 21, 2021 |
| xi. | 9.25% 2028 Bonds: | Nov. 7, 2017, May 7, 2018, Nov. 7, 2018, May 7, 2019, Nov. 7, 2019, May 7, 2020, Nov. 7, 2020, and May 7, 2021 |

xii.   11.95% 2031 Bonds:   Feb. 5, 2018, Aug. 5, 2018, Feb. 5, 2019, Aug. 5, 2019, Feb. 5, 2020, Aug. 5, 2020, and Feb. 5, 2021

39.   Venezuela's failure to pay interest currently owing on the Additional Bonds has continued for more than 30 days. As a result, an Event of Default exists under the terms and conditions of the Bonds.

40.   Plaintiffs have performed all obligations they may have under the 2001 FAA or any Bonds issued pursuant to the 2001 FAA.

## COUNT I

### Breach of Contract on the 12.75% 2022 Bonds

41.   All foregoing paragraphs are incorporated by reference herein.

42.   The 12.75% 2022 Bonds are valid and enforceable promissory notes executed by Venezuela.

43.   Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 12.75% 2022 Bonds.

44.   Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 12.75% 2022 Additional Bonds on February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, February 23, 2020, August 23, 2020, and February 23, 2021, as required by the terms of those bonds.

45.   Venezuela also failed to make an interest payment due to Contrarian and the Contrarian Funds on the 12.75% 2022 October 2020 Judgment Bonds on February 23, 2021, as required by the terms of those bonds.

46.   Venezuela therefore owes Contrarian and the Contrarian Funds the accrued

13

unpaid interest on their 12.75% 2022 Bonds, plus pre-judgment interest.

## COUNT II

### Breach of Contract on the 9.00% 2023 Bonds

47. All foregoing paragraphs are incorporated by reference herein.

48. The 9.00% 2023 Bonds are valid and enforceable promissory notes executed by Venezuela.

49. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 9.00% 2023 Bonds.

50. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 9.00% 2023 Additional Bonds on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, and May 7, 2021, as required by the terms of those bonds.

51. Venezuela also failed to make interest payments due to Contrarian and the Contrarian Funds on the 9.00% 2023 October 2020 Judgment Bonds on November 7, 2020 and May 7, 2021, as required by the terms of those bonds.

52. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 9.00% 2023 Bonds, plus pre-judgment interest.

## COUNT III

### Breach of Contract on the 8.25% 2024 Bonds

53. All foregoing paragraphs are incorporated by reference herein.

54. The 8.25% 2024 Bonds are valid and enforceable promissory notes executed by Venezuela.

55. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 8.25% 2024 Bonds.

56. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 8.25% 2024 Additional Bonds on October 13, 2017, April 13, 2018, October 13, 2018, April 13, 2019, October 13, 2019, April 13, 2020, October 13, 2020, and April 13, 2021, as required by the terms of those bonds.

57. Venezuela also failed to make an interest payment due to Contrarian and the Contrarian Funds on the 8.25% October 2020 Judgment Bonds on April 13, 2021, as required by the terms of those bonds.

58. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 8.25% 2024 Bonds, plus pre-judgment interest.

## COUNT IV

### Breach of Contract on the 11.75% 2026 Bonds

59. All foregoing paragraphs are incorporated by reference herein.

60. The 11.75% 2026 Bonds are valid and enforceable promissory notes executed by Venezuela.

61. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 11.75% 2026 Bonds.

62. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 11.75% 2026 Additional Bonds on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, October 21, 2020, and April 21, 2021, as required by the terms of those bonds.

63. Venezuela also failed to make interest payments due to Contrarian and the

Contrarian Funds on the 11.75% 2026 October 2020 Judgment Bonds on October 21, 2020 and April 21, 2021, as required by the terms of those bonds.

64. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 11.75% 2026 Bonds, plus pre-judgment interest.

## COUNT V

### Breach of Contract on the 9.25% 2028 Bonds

65. All foregoing paragraphs are incorporated by reference herein.

66. The 9.25% 2028 Bonds are valid and enforceable promissory notes executed by Venezuela.

67. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 9.25% 2028 Bonds.

68. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 9.25% 2028 Additional Bonds on November 7, 2017, May 7, 2018, November 7, 2018, May 7, 2019, November 7, 2019, May 7, 2020, November 7, 2020, and May 7, 2021, as required by the terms of those bonds.

69. Venezuela also failed to make interest payments due to Contrarian and the Contrarian Funds on the 9.25% 2028 October 2020 Judgment Bonds on November 7, 2020 and May 7, 2021, as required by the terms of those bonds.

70. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 9.25% 2028 Bonds, plus pre-judgment interest.

## COUNT VI

### Breach of Contract on the 11.95% 2031 Bonds

71. All foregoing paragraphs are incorporated by reference herein.

72. The 11.95% 2031 Bonds are valid and enforceable promissory notes executed by Venezuela.

73. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 11.95% 2031 Bonds.

74. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 11.95% 2031 Additional Bonds on February 5, 2018, August 5, 2018, February 5, 2019, August 5, 2019, February 5, 2020, August 5, 2020, and February 5, 2021, as required by the terms of those bonds.

75. Venezuela also failed to make an interest payment due to Contrarian and the Contrarian Funds on the 11.95% 2031 October 2020 Judgment Bonds on February 5, 2021, as required by the terms of those bonds.

76. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 11.95% 2031 Bonds, plus pre-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE Contrarian and the Contrarian Funds respectfully request that the Court enter judgment in their favor and against Venezuela as follows:

A. Declaring that the 2001 FAA and each Bond is an enforceable, valid, and unconditional obligation owed by Venezuela;

B. Declaring that Venezuela has breached the 2001 FAA, and the terms of each Bond, by failing to pay Contrarian and the Contrarian Funds the contractually required interest payments;

C. Awarding damages to Contrarian and the Contrarian Funds in an amount to be proven at trial, but in no event less than $53,117,659.34;

D. Awarding Contrarian and the Contrarian Funds pre-judgment and post-judgment interest, as appropriate; and

E. Awarding Contrarian and the Contrarian Funds such other and further relief as the Court deems just and equitable.

May 17, 2021
New York, New York

Respectfully submitted.

*/s/ Steven F. Molo*
Steven F. Molo
Justin M. Ellis
Lauren F. Dayton
MOLOLAMKEN LLP
430 Park Avenue
New York, NY  10022
Tel:   (212) 607-8160
Fax:   (212) 607-8161
smolo@mololamken.com

Elizabeth K. Clarke
MOLOLAMKEN LLP
300 N. LaSalle Street, Suite 5350
Chicago, IL  60654
Tel:   (312) 450-6700
Fax:   (312) 450-6701

*Counsel for Plaintiffs*