USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,

Plaintiffs,

v.

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant.

Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123, 18 Civ. 11940, 20 Civ. 10342, 21 Civ. 597 & 21 Civ. 2678]

Hon. Analisa Torres

**STIPULATION AND [PROPOSED] FINAL JUDGMENT**

---

## STIPULATION FOR ENTRY OF
## FINAL JUDGMENT AND PERMANENT INJUNCTION

The parties to this action, by their undersigned counsel, hereby enter into the following stipulation for the entry of a final judgment and permanent injunction (the "Judgment") with respect to (1) the Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue (as defined below); (2) the Attorney's Fees (as defined below); and (3) the Additional Bonds (as defined below).

WHEREAS, in a complaint filed November 29, 2019 (ECF No. 1), and in a corrected first amended complaint filed January 7, 2020 (ECF No. 21), Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., Contrarian Funds, L.L.C. and E1 SP, a Segregated Account of EMAP SPC ("Plaintiffs"), together with certain other plaintiffs, commenced this action seeking judgment for breach of contract for non-payment of principal and interest on debt securities issued by the Bolivarian Republic of Venezuela (the "Republic") and identified by International Security Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, ISIN USP17625AD98, and ISIN US922646BL74; and

WHEREAS, on May 1, 2020, Plaintiffs filed a joint stipulation of partial dismissal without prejudice to dismiss certain claims (ECF No. 47); and

WHEREAS, on May 4, 2020, the Court entered the joint stipulation of partial dismissal without prejudice (ECF No. 49); and

WHEREAS, on May 7, 2020, Plaintiffs filed a second joint stipulation of partial dismissal without prejudice to dismiss certain claims and plaintiffs (ECF No. 52); and

WHEREAS, on May 8, 2020, the Court entered the second joint stipulation of partial dismissal without prejudice (ECF No. 53); and

WHEREAS, on October 16, 2020, the Court entered judgment (the "October 2020 Judgment") (ECF No. 81) in favor of Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., and Polonius Holdings, LLC (the "October 2020 Judgment Plaintiffs") for breach of contract for non-payment of principal and interest on debt securities issued by the Republic and identified by International Security Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, and ISIN USP17625AD98 (the "Notes"); and

WHEREAS, the October 2020 Judgment included both principal and accrued interest as to certain debt securities (namely, (i) 13.625% RegS Notes Due August 15, 2018 (ISIN USP9395PAA95), (ii) 13.625% Notes Due 08/15/2018 (ISIN US922646AT10), and (iii) 7.00% Notes Due 12/1/2018 (ISIN USP97475AD26)) and only accrued interest as to certain other debt securities (the "Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue") (namely, (iv) 12.75% Notes Due 08/23/2022 (ISIN USP17625AC16), (v) 9% Notes Due 05/07/2023 (ISIN USP17625AA59), (vi) 8.25% Bonds Due 10/13/2024 (ISIN USP97475AP55), (vii) 11.75% Notes Due 10/21/2026 (ISIN USP17625AE71), (viii) 9.25% Notes Due 05/07/2028 (ISIN USP17625AB33), (ix) 11.95% Notes Due 08/05/2031 (ISIN USP17625AD98)); and

WHEREAS, on October 30, 2020, the October 2020 Judgment Plaintiffs filed a Motion for Attorneys' Fees in connection with the October 2020 Judgment; and

WHEREAS, on December 10, 2020, counsel for the Plaintiffs informed the Republic of its intent to pursue certain claims arising after and relating to the Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue; and

WHEREAS, on December 10, 2020, counsel for Plaintiffs also informed the Republic of Plaintiffs' intent to reassert certain of the claims previously dismissed on May 4 and 8, 2020, namely claims of Plaintiff Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC, concerning debt securities ISINs USP17625AA59, USP17625AB33, USP17625AC16, USP17625AD98, USP17625AE71, USP97475AP55 (the "Additional Bonds"); and

WHEREAS, Plaintiffs have provided evidence to the Republic of their standing to sue, identity, and continuing ownership interest in the Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue and the Additional Bonds; and

WHEREAS, the Republic has determined to proceed with an orderly and consensual renegotiation of legacy commercial claims as soon as practicable, in accordance with laws enacted and to be enacted by the IV National Assembly; and

WHEREAS, the Republic's anticipated claims reconciliation process will include, in the case of legacy debt securities, a determination of unpaid principal and interest accrued according to original contractual terms; and

WHEREAS, the Republic has determined to respond to all reconciled claims in accordance with principles and on financial terms that are consistent with an economic recovery program to be supported by the International Monetary Fund and other official sector sponsors; and

WHEREAS, the Republic has determined that no preferential treatment will be accorded in the debt renegotiation to claims that have been reduced to a court judgment; and

WHEREAS, Plaintiffs have not agreed to participate in any such claims reconciliation process, or any potential debt renegotiation, and specifically reserve their right to accept or reject any offer from the Republic and/or to pursue any post-judgment collection efforts they choose, subject to the terms of this stipulation; and

WHEREAS the Republic recognizes that interest on unpaid principal under the Plaintiffs' notes at issue in this stipulation run at rates of 8.25% to 12.75% per annum, while interest on a federal judgment would run at the rate provided for in 28 U.S.C. § 1961, which is currently 0.056% per annum; and

WHEREAS, the Republic has determined that Plaintiffs' claims for unpaid principal and interest due on account of accrued coupons have been adequately documented and computed; and

WHEREAS, the October 2020 Judgment awarded a part of the then-accruing coupon payments prior to the coupon dates, which had the effect of reducing the interest rate payable on those amounts to the post-judgment interest rate provided for in 28 U.S.C. § 1961, and the Republic has agreed as a compromise and as part of this overall settlement to entry of a Judgment now that similarly includes amounts of coupon interest through the date of entry of such Judgment, which likewise has the effect of reducing the interest rate payable on those amounts to the post-judgment interest rate provided for in 28 U.S.C. § 1961; and

WHEREAS, the Republic has determined that the amounts of such interest through the date of entry of Judgment on such coupons have been properly calculated;

WHEREAS, 17 months have elapsed since Plaintiffs filed their complaint on the debt securities that are the subject of this stipulation on November 29, 2019; and

WHEREAS, the parties further recognize that creditors' ability to collect on judgments on debt securities such as those at issue in this proceeding is currently restricted by sanctions imposed by the President of the United States and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury; and

WHEREAS, the United States maintains these sanctions in order to "prevent further diverting of Venezuela's assets by Maduro and preserve these assets for the people of Venezuela"; and

WHEREAS, the Republic has determined that it is in the interests of the Venezuelan people, of the restoration of democracy in Venezuela, and of the eventual orderly and consensual renegotiation of legacy commercial claims, to reduce expenditures on litigation where possible, consistent with the interests of a fair recognition of just claims and ensuring that unjust claims are not paid; and

WHEREAS, no agency or instrumentality of Venezuela is a party to this agreement; and

WHEREAS, the parties are in agreement that the Court should retain jurisdiction over matters related to the enforcement of the agreement reflected in this Final Judgment; and

WHEREAS, PLAINTIFFS REPRESENT AND WARRANT to the Republic that: (i) Plaintiffs are not, and are not owned or controlled by, or otherwise affiliated with, a Sanctioned Party, and are not acting directly or indirectly in any way for or on behalf of a Sanctioned Party; and (ii) no Sanctioned Party has any interest in Plaintiffs' claims against the Republic and no Plaintiff will knowingly permit any Sanctioned Party to benefit in any way from any amounts that Plaintiffs may recover on this Judgment. The term "Sanctioned Party" means

any entity whose property and interests in property are blocked pursuant to Executive Order 13692, 13850 or 13884 or any other sanctions administered or enforced by OFAC for so long as the sanctions blocking such property are in effect, which as of the date of this stipulation include the Republic of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela, and the Venezuelan Economic and Social Development Bank, any person owned or controlled, directly or indirectly, by the foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf of, any of the foregoing, including as a member of the Nicolás Maduro regime. Any breach of this representation and warranty shall be grounds for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6); THEREFORE, it is

STIPULATED AND AGREED that the Court should enter a final judgment in the form of Judgment attached hereto; and it is

FURTHER STIPULATED AND AGREED that the Republic waives all defenses to liability or to entry of judgment as to the claims that are the subject of this stipulation, including without limitation any defense based upon sovereign immunity, jurisdiction, or venue; waives all right to demand trial and trial by jury; and waives all right to appeal from this stipulated judgment and permanent injunction;

FURTHER STIPULATED AND AGREED that nothing in this stipulation relieves any party from applicable law, including any law concerning sovereign immunities and any restrictions administered by the Office of Foreign Assets Control of the United States Department of the Treasury; and it is

FURTHER STIPULATED AND AGREED as follows:

### A. Additional Interest Payments on Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues to Accrue

With respect to the Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue, it is FURTHER STIPULATED AND AGREED that the October 2020 Judgment awarded a part of the then-accruing coupon payments and that Judgment may be entered for (i) interest on principal at the coupon rate accruing after the October 2020 Judgment on the foregoing Bonds up until Judgment is entered (the "Remaining Coupon Amount"), and (ii) pre-judgment interest on each missed coupon interest payment starting from the day after such coupon was due up until the date Judgment is entered; and it is

FURTHER STIPULATED AND AGREED that the following coupons on the Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue have become due since the entry of the October 2020 Judgment:

| Bond | ISIN | Coupon Date |
| --- | --- | --- |
| 11.75% Notes Due 10/21/2026 | USP17625AE71 | October 21, 2020<br>April 21, 2021 |
| 11.95% Notes Due 08/05/2031 | USP17625AD98 | February 5, 2021 |
| 12.75% Notes Due 08/23/2022 | USP17625AC16 | February 23, 2021 |

4

| | | |
|---|---|---|
| 9.00% Notes<br>Due 05/07/2023 | USP17625AA59 | November 7, 2020<br>May 7, 2021 |
| 9.25% Notes<br>Due 05/07/2028 | USP17625AB33 | November 7, 2020<br>May 7, 2021 |
| 8.25% Notes<br>Due 10/13/2024 | USP97475AP55 | April 13, 2021 |

and it is FURTHER STIPULATED AND AGREED that there shall be no award of attorneys' fees and costs to either party with respect to the award of Judgment provided for in this stipulation on the foregoing Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues To Accrue; and

### B. Attorneys' Fees on October 2020 Judgment

With respect to the Attorneys' Fees on the October 2020 Judgment, it is FURTHER STIPULATED AND AGREED that the October 2020 Judgment Plaintiffs shall be awarded fees in the amount of $525,000 in connection with the October 2020 Judgment; and

### C. Additional Bonds

FURTHER STIPULATED AND AGREED that, with respect to the Additional Bonds, Contrarian Emerging Markets, L.P. Emma 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC, will not seek to enforce inside or outside the United States the Judgment for a period ending at the earlier of (i) issuance of a general or specific license from OFAC, or lifting of OFAC sanctions that would permit enforcement of that judgment by persons subject to the jurisdiction of the United States; or (ii) 7.5 months from the entry of the Judgment; and it is

FURTHER STIPULATED AND AGREED that, with respect to the Additional Bonds, if Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., or E1 SP, a Segregated Account of EMAP SPC, transfers said Judgment, the transferee and any subsequent transferees shall be bound by this stipulation; and it is

FURTHER STIPULATED AND AGREED that, with respect to the Additional Interest Payments on Bonds Subject to October 2020 Judgment on Which Coupon Interest Continues to Accrue and the Additional Bonds, this stipulation shall be null and void if the Court does not grant Plaintiffs leave to file a First Supplemental Complaint bringing these claims.

Dated: May 14, 2021
     New York, New York

| MOLOLAMKEN LLP | SULLIVAN & CROMWELL LLP |
|---|---|
| *(signature)* | *(signature)* |
| Steven F. Molo | Joseph E. Neuhaus |
| Justin M. Ellis | Sergio J. Galvis |
| Lauren F. Dayton | James L. Bromley |
| MOLOLAMKEN LLP | 125 Broad Street |
| 430 Park Avenue, 6th Floor | New York, NY 10004 |
| New York, NY 10022 | Tel: (212) 558-4000 |
| Tel.: (212) 607-8170 | Fax: (212) 558-3588 |
| Fax: (212) 607-8161 | neuhausj@sullcrom.com |
| smolo@mololamken.com | galviss@sullcrom.com |
| | bromleyj@sullcrom.com |
| Elizabeth K. Clarke (admitted *pro hac vice*) | |
| MOLOLAMKEN LLP | Angela N. Ellis |
| 300 N. LaSalle Street, Suite 5350 | 1700 New York Avenue, N.W. Suite 700 |
| Chicago, IL 60654 | Washington, D.C. 20006 |
| Tel.: (312) 450-6700 | Tel: (202) 956-7500 |
| Fax: (312) 450-6701 | Fax: (202) 293-6330 |
| | ellisan@sullcrom.com |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

SO ORDERED.

Dated: May 24, 2021
     New York, New York

*(signature)*

**ANALISA TORRES**
United States District Judge