# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>                    Plaintiffs,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                    Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123, 18 Civ. 11940, 20 Civ. 10342, 21 Civ. 597, & 21 Civ. 2678]<br><br>Hon. Analisa Torres<br><br>**[PROPOSED] SECOND SUPPLEMENTAL COMPLAINT** |

Plaintiffs Contrarian Capital Management, L.L.C. and Boston Patriot Summer St LLC ("Plaintiffs"), for their Second Supplemental Complaint against The Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of Venezuela's failure to pay principal and interest on various series of bonds (the "Bonds") of which the Plaintiffs beneficially hold obligations.

2. Venezuela issued the Bonds and sold them to investors under two contracts called "fiscal agency agreements," which it executed in 1998 (the "1998 FAA") and 2001 (the "2001 FAA"). In the 1998 FAA, the 2001 FAA, and the offering documents for each Bond issued pursuant to those contracts, Venezuela unconditionally promised to make regularly scheduled principal and interest payments to holders of the Bonds. The 1998 FAA and the 2001 FAA are each governed by New York law without regard to conflict of laws principles.

3. Venezuela has defaulted on its obligations under the 1998 FAA, the 2001 FAA, and the Bonds. Beginning in October 2017, Venezuela failed to make required interest payments on the Bonds as those payments became due.

4. Contrarian Capital Management, L.L.C. ("Contrarian") acts as investment adviser for certain investment funds and separately managed accounts, including Plaintiff Boston Patriot Summer St LLC ("Boston Patriot"), that are beneficial holders of the Bonds. Contrarian does not beneficially hold the Bonds but brings this suit to recover the due and unpaid principal and interest on the Bonds to which Boston Patriot is entitled.

5. Neither Plaintiffs, nor, to Plaintiffs' knowledge, any of the beneficial owners of any Plaintiff, is (a) the state and Government of Venezuela; (b) any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela, and the Venezuelan Economic and Social Development Bank; (c) any person owned or controlled, directly or indirectly, by the entities listed in subsections (a) or (b); (d) any person who has acted or purported to act directly or indirectly for, or on behalf of, the entities listed in subsections (a) or (b), including without limitation any member of the Nicolás Maduro regime; (e) any "senior foreign political figure" as defined in 31 C.F.R. § 1010.605(p) to the extent that the term "covered financial institution" in

31 C.F.R. § 1010.605(p) is construed to refer to Plaintiffs; (f) any spouse, parent, sibling, child, or spouse's parent or sibling of any natural person listed in subsections (a)-(e); or close associate of any natural person listed in subsection (a)-(e).

## PARTIES

6. Contrarian is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

7. Boston Patriot Summer St LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Greenwich, Connecticut.

8. Boston Patriot Summer St LLC is a beneficial owner of Bonds of which the holder of record is Cede & Co., as nominee of the Depository Trust Company. Boston Patriot Summer St LLC has been authorized to take any and all actions and to exercise any and all rights and remedies that Cede & Co. is entitled to take as the holder of record of the Bonds.

9. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. § 1605 and § 1330 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity. In the 1998 FAA, the 2001 FAA, and the terms and conditions of each Bond, Venezuela expressly and irrevocably waived any immunity from suits against it with respect to the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto.

11. In the 1998 FAA and the 2001 FAA, Venezuela waived sovereign immunity for pre-judgment attachment with respect to the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto.

12. Venezuela is also not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2) because it conducts commercial activity in the United States. Venezuela engaged in a commercial activity carried on in the United States when it marketed the Bonds in the United States, offered them for sale in the United States, allowed them to be traded in the United States, promised to make payments on them in the United States, and directed the actions of its fiscal agents located in the United States. These actions caused direct effects in the United States, including damages to Plaintiffs and other investors from Venezuela's breach of its payment obligations on the Bonds.

13. This Court has personal jurisdiction over Venezuela because, in the 1998 FAA and the 2001 FAA, Venezuela irrevocably submitted itself to the jurisdiction of this Court for the purpose of any suit arising from the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto. In addition, this Court has personal jurisdiction over Venezuela because it contracted to provide goods and services in this State by promising to make principal and interest payments on the Bonds in New York, New York.

14. In the 1998 FAA, the 2001 FAA, and the terms and conditions of each Bond, Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

15. Venue is proper because, in the 1998 FAA and the 2001 FAA, Venezuela consented to and irrevocably waived any objection to venue in this District. Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District. Moreover, in the 1998 FAA and the 2001 FAA, Venezuela waived any defense that this Court would be an inconvenient forum for this action.

**FACTUAL ALLEGATIONS**

16. The 1998 FAA is a contract entered into as of August 6, 1998 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The parties to the 1998 FAA amended that contract in amendments dated January 14, 2004 and September 29, 2004. The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

17. The 2001 FAA is a contract entered into among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties to the 2001 FAA amended that contract with three amendments entered into as of September 19, 2003 ("Amendment No. 1"), March 21, 2005 ("Amendment No. 2"), and December 17, 2007 ("Amendment No. 3"). The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

18. From time to time, Venezuela has issued unsecured bonds pursuant to the 1998 FAA and the 2001 FAA. The principal amount, interest rate, maturity, and other terms of each bond are set forth in the Bonds themselves and in the offering documents for each Bond. In the 1998 FAA and the 2001 FAA, Venezuela pledged its full faith and credit for the due and punctual payment of all Bonds issued under those agreements.

19. Plaintiffs purchased the Bonds from institutional broker-dealers who are, or were at the time Plaintiffs transacted with them for the Bonds, registered with the U.S. Securities and Exchange Commission and regulated by FINRA.

20. Plaintiffs acquired the Bonds as buyers in the ordinary course of business.

21. Plaintiffs purchased the Bonds in good faith, for value, and without notice of any adverse claim.

22. Plaintiffs paid a price within the range of market prices for each of the Bonds on the day of the purchase.

23. Boston Patriot Summer St LLC is the beneficial owner of the following Bonds issued under the 1998 FAA and the 2001 FAA with the following terms (the "Boston Patriot Bonds"):

| Issue | ISIN | Date Due | FAA | Principal Beneficially Held | Payment Dates |
|---|---|---|---|---|---|
| 12.75% 2022 Bonds | USP17625AC16 | 08/23/2022 | 2001 FAA and Amend. Nos. 1-3 | $2,814,000 | Feb. 23; Aug. 23 |
| 11.75% 2026 Bonds | USP17625AE71 | 10/21/2026 | | $52,926,000 | Oct. 21; Apr. 21 |
| 11.95% 2031 Bonds | USP17625AD98 | 08/05/2031 | | $11,793,600 | Feb. 5; Aug. 5 |
| 9.375% 2034 Bonds | US922646BL74 | 01/13/2034 | 1998 FAA, amended on Jan. 14, 2004 | $5,000,000 | Jan. 13; July 13 |

The terms of the Boston Patriot Bonds are set out in each Bond's offering memorandum.

24. In a stipulation dated May 7, 2020 (ECF No. 52), Plaintiff Boston Patriot Summer

6

St LLC stipulated to dismiss without prejudice its pending claims on the Boston Patriot Bonds. The Court entered that stipulation of dismissal without prejudice (ECF No. 53).

25. Beginning in October 2017, Venezuela stopped making interest payments on the Boston Patriot Bonds. Since then, Venezuela has not made any of the interest payments required by the Boston Patriot Bonds' terms. Specifically, Venezuela has failed to make the following interest payments:

  i. 12.75% 2022 Bonds: Feb. 23, 2018, Aug. 23, 2018, Feb. 23, 2019, Aug. 23, 2019, Feb. 23, 2020, Aug. 23, 2020, Feb. 23, 2021, and Aug. 23, 2021

  ii. 11.75% 2026 Bonds: Oct. 21, 2017, Apr. 21, 2018, Oct. 21, 2018, Apr. 21, 2019, Oct. 21, 2019, Apr. 21, 2020, Oct. 21, 2020, and Apr. 21, 2021

  iii. 11.95% 2031 Bonds: Feb. 5, 2018, Aug. 5, 2018, Feb. 5, 2019, Aug. 5, 2019, Feb. 5, 2020, Aug. 5, 2020, Feb. 5, 2021, and Aug. 5, 2021

  iv. 9.375% 2034 Bonds: Jan. 13, 2018, July 13, 2018, Jan. 13, 2019, July 13, 2019, Jan. 13, 2020, July 13, 2020, Jan. 13, 2021, and July 13, 2021

26. Venezuela's failure to pay interest currently owing on the Boston Patriot Bonds has continued for more than 30 days. As a result, an Event of Default exists under the terms and conditions of the Bonds.

27. Plaintiffs have performed all obligations they may have under the 1998 or the 2001 FAA or any Bonds issued pursuant to the 1998 FAA or the 2001 FAA.

## COUNT I

### Breach of Contract on the 12.75% 2022 Bonds

28. All foregoing paragraphs are incorporated by reference herein.

29. The 12.75% 2022 Bonds are valid and enforceable promissory notes executed by Venezuela.

30. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 12.75% 2022 Bonds.

31. Venezuela failed to make interest payments due to Plaintiffs on the 12.75% 2022 Boston Patriot Bonds on February 23, 2018, August 23, 2018, February 23, 2019, August 23, 2019, February 23, 2020, August 23, 2020, February 23, 2021, and August 23, 2021 as required by the terms of those bonds.

32. Venezuela therefore owes Plaintiffs the accrued unpaid interest on their 12.75% 2022 Bonds, plus pre-judgment interest.

## COUNT II

### Breach of Contract on the 11.75% 2026 Bonds

33. All foregoing paragraphs are incorporated by reference herein.

34. The 11.75% 2026 Bonds are valid and enforceable promissory notes executed by Venezuela.

35. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 11.75% 2026 Bonds.

36. Venezuela failed to make interest payments due to Plaintiffs on the 11.75% 2026 Boston Patriot Bonds on October 21, 2017, April 21, 2018, October 21, 2018, April 21, 2019, October 21, 2019, April 21, 2020, October 21, 2020, and April 21, 2021, as required by the terms

of those bonds.

37. Venezuela therefore owes Plaintiffs the accrued unpaid interest on their 11.75% 2026 Bonds, plus pre-judgment interest.

## COUNT III

### Breach of Contract on the 11.95% 2031 Bonds

38. All foregoing paragraphs are incorporated by reference herein.

39. The 11.95% 2031 Bonds are valid and enforceable promissory notes executed by Venezuela.

40. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 11.95% 2031 Bonds.

41. Venezuela failed to make interest payments due to Plaintiffs on the 11.95% 2031 Boston Patriot Bonds on February 5, 2018, August 5, 2018, February 5, 2019, August 5, 2019, February 5, 2020, August 5, 2020, February 5, 2021, and August 5, 2021 as required by the terms of those bonds.

42. Venezuela therefore owes Plaintiffs the accrued unpaid interest on their 11.95% 2031 Bonds, plus pre-judgment interest.

## COUNT IV

### Breach of Contract on the 9.375% 2034 Bonds

43. All foregoing paragraphs are incorporated by reference herein.

44. The 9.375% 2034 Bonds are valid and enforceable promissory notes executed by Venezuela.

45. Venezuela failed to make interest payments due to Plaintiffs on the 9.375% 2034 Boston Patriot Bonds on January 13, 2018, July 13, 2018, January 13, 2019, July 13, 2019,

January 13, 2020, July 13, 2020, January 13, 2021, and July 13, 2021 as required by the terms of those bonds.

46. Venezuela therefore owes Plaintiffs the accrued unpaid interest on their 9.375% 2034 Bonds, plus pre-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiffs respectfully request that the Court enter judgment in their favor and against Venezuela as follows:

A. Declaring that each of the 1998 FAA, the 2001 FAA, and each Bond is an enforceable, valid, and unconditional obligation owed by Venezuela;

B. Declaring that Venezuela has breached the 1998 FAA, the 2001 FAA, and the terms of each Bond, by failing to pay Plaintiffs the contractually required interest payments;

C. Awarding damages to Plaintiffs in an amount to be proven at trial, but in no event less than $43,618,631.27;

D. Awarding Plaintiffs pre-judgment and post-judgment interest, as appropriate; and

E. Awarding Plaintiffs such other and further relief as the Court deems just and equitable.

October 8, 2021  
New York, New York

Respectfully submitted.

/s/ Steven F. Molo  
Steven F. Molo  
Justin M. Ellis  
Lauren F. Dayton  
MOLOLAMKEN LLP  
430 Park Avenue  
New York, NY  10022  
Tel:   (212) 607-8160  
Fax:   (212) 607-8161  
smolo@mololamken.com

Elizabeth K. Clarke  
MOLOLAMKEN LLP  
300 N. LaSalle Street, Suite 5350  
Chicago, IL  60654  
Tel:   (312) 450-6700  
Fax:   (312) 450-6701

*Counsel for Plaintiffs*