USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>Plaintiffs,<br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123, 18 Civ. 11940, 20 Civ. 10342, 21 Civ. 597 & 21 Civ. 2678]<br><br>Hon. Analisa Torres<br><br>**STIPULATION AND FINAL JUDGMENT** |

**STIPULATION FOR ENTRY OF
FINAL JUDGMENT AND PERMANENT INJUNCTION**

The parties to this action, by their undersigned counsel, hereby enter into the following stipulation for the entry of a final judgment and permanent injunction (the "Judgment") with respect to the claims brought by plaintiff Boston Patriot Summer St LLC.

WHEREAS, in a complaint filed November 29, 2019 (ECF No. 1), and in a corrected first amended complaint filed January 7, 2020 (ECF No. 21), Boston Patriot Summer St LLC, together with Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Polonius Holdings, LLC, Emma 1 Master Fund, L.P., Contrarian Funds, L.L.C. and E1 SP, a Segregated Account of EMAP SPC ("Plaintiffs"), commenced this action seeking judgment for breach of contract for non-payment of principal and interest on debt securities issued by the Bolivarian Republic of Venezuela (the "Republic") and identified by International Security Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, ISIN USP17625AD98, and ISIN US922646BL74; and

WHEREAS, on May 7, 2020, Plaintiffs filed a joint stipulation of partial dismissal without prejudice to dismiss all claims brought by Boston Patriot Summer St LLC (ECF No. 52); and

WHEREAS, on May 8, 2020, the Court entered the joint stipulation of partial dismissal without prejudice dismissing all claims brought by Boston Patriot Summer St LLC (ECF No. 53); and

WHEREAS, on October 16, 2020, the Court entered judgment (the "October 2020 Judgment") (ECF No. 81) in favor of Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., and Polonius Holdings, LLC (the "October 2020 Judgment Plaintiffs") for breach of contract for non-payment of principal and interest on debt

securities issued by the Republic and identified by International Security Identification Numbers ISIN US922646AT10, ISIN USP9395PAA95, ISIN USP97475AD26, ISIN USP17625AC16, ISIN USP17625AA59, ISIN USP97475AP55, ISIN USP17625AE71, ISIN USP17625AB33, and ISIN USP17625AD98; and

WHEREAS, on May 24, 2021, the Court entered judgment (the "May 2021 Judgment") (ECF No. 119) in favor of (i) plaintiffs Contrarian Capital Fund I, L.P., Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, and Contrarian Emerging Markets, L.P. against the Republic for breach of contract with respect to the Additional Interest Payments on Bonds Subject to the October 2020 Judgment[1], and (ii) in favor of plaintiffs Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., and Polonius Holdings, LLC, jointly, for attorneys' fees on account of the judgment issued on October 16, 2020, in the amount of $525,000, and (iii) in favor of plaintiffs Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC with respect to certain previously dismissed claims.

WHEREAS, in July 2021, counsel for the Plaintiffs informed the Republic of Plaintiffs' intent to reassert the claims of Boston Patriot Summer St LLC previously dismissed on May 8, 2020; and

WHEREAS, Boston Patriot Summer St LLC has provided evidence to the Republic of its standing to sue, identity, and continuing ownership interest in the Bonds; and

WHEREAS, the Republic has determined to proceed with an orderly and consensual renegotiation of legacy commercial claims as soon as practicable, in accordance with laws enacted and to be enacted by the IV National Assembly; and

WHEREAS, the Republic's anticipated claims reconciliation process will include, in the case of legacy debt securities, a determination of unpaid principal and interest accrued according to original contractual terms; and

WHEREAS, the Republic has determined to respond to all reconciled claims in accordance with principles and on financial terms that are consistent with an economic recovery program to be supported by the International Monetary Fund and other official sector sponsors; and

WHEREAS, the Republic has determined that no preferential treatment will be accorded in the debt renegotiation to claims that have been reduced to a court judgment; and

WHEREAS, Boston Patriot Summer St LLC has not agreed to participate in any such claims reconciliation process, or any potential debt renegotiation, and specifically reserves its right to accept or reject any offer from the Republic and/or to pursue any post-judgment collection efforts it chooses, subject to the terms of this stipulation; and

WHEREAS the Republic recognizes that interest on unpaid principal under the notes at issue in this stipulation run at rates of 9.375% to 12.75% per annum, while interest on a federal judgment would run at the rate provided for in 28 U.S.C. § 1961, which is currently 0.10% per annum; and

WHEREAS the parties have agreed that there shall be no award of attorneys' fees with respect to this judgment; and

---

[1] Unless otherwise indicated, all capitalized terms used herein have the same definition as set forth in the May 2021 Judgment.

WHEREAS, the parties further recognize that creditors' ability to collect on judgments on debt securities such as those at issue in this proceeding is currently restricted by sanctions imposed by the President of the United States and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury; and

WHEREAS, the United States maintains these sanctions in order to "prevent further diverting of Venezuela's assets by Maduro and preserve these assets for the people of Venezuela"; and

WHEREAS, the Republic has determined that it is in the interests of the Venezuelan people, of the restoration of democracy in Venezuela, and of the eventual orderly and consensual renegotiation of legacy commercial claims, to reduce expenditures on litigation where possible, consistent with the interests of a fair recognition of just claims and ensuring that unjust claims are not paid; and

WHEREAS, no agency or instrumentality of Venezuela is a party to this agreement; and

WHEREAS, the parties are in agreement that the Court should retain jurisdiction over matters related to the enforcement of the agreement reflected in this Final Judgment; and

WHEREAS, BOSTON PATRIOT SUMMER ST LLC REPRESENTS AND WARRANTS to the Republic that: (i) Boston Patriot Summer St LLC is not, and is not owned or controlled by, or otherwise affiliated with, a Sanctioned Party, and is not acting directly or indirectly in any way for or on behalf of a Sanctioned Party; and (ii) no Sanctioned Party has any interest in Boston Patriot Summer St LLC's claims against the Republic and no Plaintiff will knowingly permit any Sanctioned Party to benefit in any way from any amounts that Boston Patriot Summer St LLC may recover on this Judgment.  The term "Sanctioned Party" means any entity whose property and interests in property are blocked pursuant to Executive Order 13692, 13850 or 13884 or any other sanctions administered or enforced by OFAC for so long as the sanctions blocking such property are in effect, which as of the date of this stipulation include the Republic of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela, and the Venezuelan Economic and Social Development Bank, any person owned or controlled, directly or indirectly, by the foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf of, any of the foregoing, including as a member of the Nicolás Maduro regime.  Any breach of this representation and warranty shall be grounds for relief from the judgment under Federal Rule of Civil Procedure 60(b)(6); THEREFORE, it is

STIPULATED AND AGREED that the Court should enter a final judgment in the form of Judgment attached hereto; and it is

FURTHER STIPULATED AND AGREED that the Republic waives all defenses to liability or to entry of judgment as to the claims that are the subject of this stipulation, including without limitation any defense based upon sovereign immunity, jurisdiction, or venue; waives all right to demand trial and trial by jury; and waives all right to appeal from this stipulated judgment and permanent injunction;

FURTHER STIPULATED AND AGREED that nothing in this stipulation relieves any party from applicable law, including any law concerning sovereign immunities and any restrictions administered by the Office of Foreign Assets Control of the United States Department of the Treasury; and it is

FURTHER STIPULATED AND AGREED that Boston Patriot Summer St LLC will not seek to enforce inside or outside the United States the Judgment for a period ending at the earlier of (i) issuance of a general or specific license from OFAC, or lifting of OFAC sanctions that would permit enforcement of that judgment by persons subject to the jurisdiction of the United States; or (ii) 12 months from the date of entry of the May 2021 Judgment (May 24, 2021); and it is

FURTHER STIPULATED AND AGREED that, if Boston Patriot Summer St LLC transfers said Judgment, the transferee and any subsequent transferees shall be bound by this stipulation; and it is

FURTHER STIPULATED AND AGREED that this stipulation shall be null and void if the Court does not grant Boston Patriot Summer St LLC leave to file a Second Supplemental Complaint bringing these claims.

**Dated:** October 8, 2021
New York, New York

| MOLOLAMKEN LLP | SULLIVAN & CROMWELL LLP |
|---|---|
| /s/ Steven F. Molo | /s/ Joseph E. Neuhaus |
| Steven F. Molo | Joseph E. Neuhaus |
| Justin M. Ellis | Sergio J. Galvis |
| Lauren F. Dayton | James L. Bromley |
| MOLOLAMKEN LLP | 125 Broad Street |
| 430 Park Avenue, 6th Floor | New York, NY  10004 |
| New York, NY  10022 | Tel: (212) 558-4000 |
| Tel.: (212) 607-8170 | Fax: (212) 558-3588 |
| Fax: (212) 607-8161 | neuhausj@sullcrom.com |
| smolo@mololamken.com | galviss@sullcrom.com |
|  | bromleyj@sullcrom.com |
| Elizabeth K. Clarke (admitted *pro hac vice*) |  |
| MOLOLAMKEN LLP |  |
| 300 N. LaSalle Street, Suite 5350 | *Counsel for Defendant* |
| Chicago, IL  60654 |  |
| Tel.: (312) 450-6700 |  |
| Fax: (312) 450-6701 |  |
|  |  |
| *Counsel for Plaintiffs* |  |

SO ORDERED.

Dated: October 27, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

4