

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

July 31, 2023

BY CM/ECF AND EMAIL

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

> Re:   *Contrarian Capital Management, LLC, et al. v. Bolivarian Republic of Venezuela*, 19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 19 Civ. 3123 & 18 Civ. 11940): Default Judgment Procedure

Dear Judge Torres,

We represent Plaintiffs in this case involving the nonpayment of sovereign bonds by Defendant Bolivarian Republic of Venezuela ("Venezuela" or "the Republic"). In an effort to avoid unnecessary burden and delay, we write concerning the process for proving service of our papers relating to default judgment.

Plaintiffs filed a complaint on November 29, 2019, Dkt. 1, and attempted service on Venezuela at its New York Consulate on six separate occasions. *See* Dkt. 25 (detailing service attempts). Each attempt failed. *Id.* Plaintiffs eventually requested that the Clerk of this Court arrange for service on the Republic via diplomatic channels pursuant to 28 U.S.C. § 1608(a)(4), which was finally completed on February 3, 2023. Dkt. 27.

Counsel appeared on behalf of the Republic on March 31, 2020. Dkts. 32, 33. The parties then litigated the merits of Plaintiffs' breach-of-contract claim, and this Court granted summary judgment to and entered judgment in favor of Plaintiffs in October 2020. Dkts. 74, 81. Through its counsel, the Republic stipulated to filing of and entry of judgment on a supplemental complaint in May 2021. Dkt. 114. After the case was closed, the Republic – again, through counsel – stipulated to filing of and entry of judgment on a second supplemental complaint in October 2021. Dkt. 121.

In March 2023, Plaintiffs approached Venezuela's counsel to discuss a third supplemental complaint. *See* Dkt. 129. Counsel for the Republic stated that it no longer represents the Republic in this case despite never having sought leave to withdraw. *Id.* On May 16, 2023, Plaintiffs requested leave to file a third supplemental complaint. Dkt. 129. The Court granted the request, and Plaintiffs filed the complaint on May 26, 2023. Dkts. 131, 132. Counsel for Venezuela still have not withdrawn from their representation.

Hon. Analisa Torres                    - 2 -                        July 31, 2023

      Venezuela's answer to the third supplemental complaint was due June 9, 2023. Venezuela failed to respond and thus has defaulted. Plaintiffs have obtained a certificate of default from the Clerk of Court, Dkt. 137, and have filed an application for default judgment contemporaneously with this letter.

      This Court's procedures for default judgment provide that a party seeking default must serve its supporting papers and the Court's Order To Show Cause on the defendant and file an affidavit of service. The Court's procedures do not specify a method of service. Personal service of an order to show cause is not required by the federal rules. Fed. R. Civ. P. 55(b)(2) provides only that if a party against whom default is sought has appeared, as Venezuela has, the "party or its representative must be served with written notice of the [default] application at least 7 days before the hearing."[1] Personal service of an order to show cause is also not mandated by the FSIA, which only requires service of the final default judgment. *See* 28 U.S.C § 1608(e).

      Venezuela received notice of this lawsuit and appeared through counsel. Its counsel then litigated the case and never sought leave to withdraw. Plaintiffs therefore respectfully request that the Court allow them to effectuate service of their papers in support of default judgment and the Court's signed Order To Show Cause by filing those materials on ECF.

                              Sincerely,

                              /s/ Steven F. Molo
                              Steven F. Molo

Cc:  All counsel (by CM/ECF)

---

[1] Fed. R. Civ. P. 55(b)(2)'s requirement of service upon Venezuela is satisfied by docketing Plaintiffs' papers in support of default judgment and the order to show cause on ECF, which will send written notice to Venezuela's counsel. *See* SDNY Local Rule 5.2(a) ("A paper served and filed by electronic means . . . is, for purposes of Fed. R. Civ. P. 5, served and filed."); SDNY Electronic Case Filing Rules & Instructions, Rule 19.1 (stating that receipt of Notice of Electronic Filing "constitutes service").