## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

NEW YORK • LOS ANGELES • PALO ALTO
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

August 4, 2023

BY CM/ECF AND EMAIL

Hon. Analisa Torres,
    United States District Court,
        Southern District of New York,
            Daniel Patrick Moynihan U.S. Courthouse,
                500 Pearl Street,
                    New York, NY 10007-1312.

Re:   *Contrarian Capital Management LLC, et al.* v. *Bolivarian Republic of Venezuela*, 19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 18 Civ. 11940 and 19 Civ. 03123)

Dear Judge Torres:

We write in response to Plaintiffs' July 31, 2023 letter, which requests the Court's leave to "effectuate service of their papers in support of default judgment and the Court's signed Order to Show Cause by filing those materials on ECF." ECF No. 142. Plaintiffs argue that this is an appropriate method of service on the Republic because it "appeared through counsel" in this litigation—*i.e.*, Sullivan & Cromwell—and counsel "never sought leave to withdraw." *Id.* at 2. Plaintiffs' argument is incorrect. As Plaintiffs acknowledge, *id.* at 1, we informed them more than four months ago that Sullivan & Cromwell is no longer engaged as counsel to the Interim Government and the National Assembly of the Bolivarian Republic of Venezuela, headed by President Juan Guaidó (the "Interim Government"), and Sullivan & Cromwell had no reason to seek "leave to withdraw" from a case that had been closed for approximately two years.

The Court entered final judgment in this matter in favor of Plaintiffs on October 16, 2020. ECF No. 81. On two occasions thereafter, the Republic, represented by Sullivan & Cromwell and after negotiations between the parties, stipulated to the filing by Plaintiffs of supplemental complaints for additional claims and the entry of judgment on both claims. ECF No. 118 (May 24, 2021); ECF No. 125 (Oct. 27, 2021). In joint motion filings for each of those stipulations, the parties specifically noted that "the Republic reserves its rights regarding

Hon. Analisa Torres                                                                                                              -2-

whether supplemental pleadings would otherwise be appropriate in this or any other case," and that the Republic had "agreed to this procedure solely in the interest of expeditiously facilitating an overall settlement of the parties' disputes." ECF No. 114 (May 14, 2021); ECF No. 121 (Oct. 8, 2021). The docket was closed by this Court on May 24, 2021, and the submission of the October 8, 2021 stipulation was the last time that the Republic or Sullivan & Cromwell took any action in this proceeding until Plaintiffs contacted Sullivan & Cromwell in March 2023 apparently in connection with their eventual motion to file a third amended complaint.

As we informed Plaintiffs in response to their March email, Sullivan & Cromwell's engagement as counsel to the Interim Government had ended earlier in 2023.[1] And because of that, in cases that were still open and active, Sullivan & Cromwell filed motions to withdraw as counsel.[2] Plaintiffs were well aware of these filings, because they had appeared in two of the pending proceedings in the U.S. District Court for the District of Delaware in which Sullivan & Cromwell had moved to withdraw.[3] This case, by contrast, had been closed since May 2021 (and

---

[1] *See* Exhibit A. The reasons for the termination of our representation of the Interim Government are protected confidential information and are set forth in the confidential Declaration of Joseph E. Neuhaus Submitted for *In Camera* Review.

[2] *See* Mot. to Withdraw as Counsel for Def. Bolivarian Republic of Venezuela and for Extension of Time, *Valores Mundiales, S.L.* v. *Bolivarian Republic of Venezuela*, No. 1:19-cv-0046 (D.D.C. Mar. 10, 2023), ECF No. 37; Unopposed Mot. to Withdraw as Counsel for Def. Bolivarian Republic of Venezuela, *Tidewater Inv. SRL* v. *Bolivarian Republic of Venezuela*, No. 1:19-mc-00079 (D. Del. Apr. 28, 2023), ECF No. 23; Mot. to Withdraw as Counsel for Def. Bolivarian Republic of Venezuela, *OI European Grp. B.V.* v. *Bolivarian Republic of Venezuela*, No. 1:19-cv-00290 (D. Del. Apr. 28, 2023), ECF No. 75; Mot. to Withdraw as Counsel for Def. Bolivarian Republic of Venezuela, *OI European Grp. B.V.* v. *Bolivarian Republic of Venezuela*, No. 1:19-mc-00290 (D. Del. Apr. 28, 2023), ECF No. 143.

[3] *See* Mot. and Ord. for Admission *Pro Hac Vice*, *Red Tree Invs., LLC* v. *Petróleos de Venezuela, S.A.*, Misc. Nos. 22-68 & 22-69 (D. Del. Feb. 15, 2022), ECF No. 5; Jon Shazar, *Can't A Hedge Fund Buy $180M In Defaulted Venezuelan Debt In Private?*, DEALBREAKER (Mar. 4, 2019), https://dealbreaker.com/2019/03/contrarian-red-tree ("Red Tree Investments . . . was set up by Contrarian for the purpose of keeping its name out of the papers"); *see also* Mot. and Ord. for Admission *Pro Hac Vice*, *Contrarian Cap. Mgmt.* v. *Bolivarian Republic of Venezuela*, Nos. 21 Misc. 18, 22 Misc. 131, & 22 Misc. 263 (D. Del. Apr. 26, 2023), ECF No. 2.

Hon. Analisa Torres                                                                                                         -3-

completely inactive since the second stipulation in October 2021), so there was no pending case in which to file a motion to withdraw.⁴

       Plaintiffs nonetheless proceeded to file a letter with this Court on May 16, 2023 requesting leave to file a third supplemental complaint. ECF No. 129. In response, we informed the Court that, as Sullivan & Cromwell "twice advised Plaintiffs' counsel, on March 31 and April 27, 2023," "this firm no longer represents Defendant the Bolivarian Republic of Venezuela in connection with this action." ECF No. 130. As a result, Sullivan & Cromwell "could not have agreed to accept or waive service of any complaint that Plaintiffs may now wish to file." *Id.* The Court granted Plaintiffs' request and ordered Plaintiffs to "file their supplemental complaint," but did not address the issue of counsel or service. ECF No. 131. After Plaintiffs filed their third supplemental complaint and a Proposed Clerk's Certificate of Default (ECF Nos. 132 and 134), we again filed a letter explaining that "Plaintiffs have not accomplished service on Defendant pursuant to Rule 5(b) by merely filing their new complaint on the docket" because "our firm no longer represents the Republic." ECF No. 136. The Court has not taken any further action or made any statement regarding the issue of counsel or service.

       On August 3, 2023, the Republic informed us that they are in the process of identifying counsel to represent them in this case.

       As the Republic is currently unrepresented by counsel in this action, we respectfully submit that this Court should reject Plaintiffs' effort to avoid the typical requirements of service by filing documents on ECF. The proper way for Plaintiffs to effect service is through the State Department under 28 U.S.C. § 1608(a)(4).⁵ When Plaintiffs completed service through the State

---

⁴    To the extent that the Court disagrees and is of the view that Sullivan & Cromwell is required to file a motion to withdraw as counsel to the Republic in this matter, we will file such a motion.

⁵    Under the Foreign Mailing Instructions for the U.S. District Court for the Southern District of New York Clerk's Office, in cases involving a foreign defendant, "[a] judgment or default judgment should be served . . . using: FRCP 4(f)(2)(C)(ii), 28 U.S.C. § 1608(a)(3), 28 U.S.C. § 1608(a)(4), or 28 U.S.C. § 1608(b)(3)(B) depending on which rule the judge specifies." The Republic expressly objected to service by mail when it acceded to the Hague Convention. *See* Dutch Government Treaty Database, *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: Parties with Reservations, Declarations, and Objections* (entry for Venezuela), https://treatydatabase.overheid.nl/en/Verdrag/Details/004235_b#Venezuela ("The Republic of Venezuela does not agree to the transmission of documents through postal channels."). Accordingly, service through the State Department under 28 U.S.C. § 1608(a)(4) is the only method of service available because it is the only method of service listed in the Court's rule that does not involve mail.

Hon. Analisa Torres                                                                                                                   -4-

Department at the beginning of this case, the process took 17 days (*see* ECF Nos. 24 and 27-1)—substantially less than the time that has elapsed since we informed Plaintiffs that we no longer represent the Republic.  Particularly because of the importance of default judgments against a foreign sovereign, Plaintiffs should not be permitted a short-cut by serving the Republic's former counsel.

                                                Respectfully submitted,

                                                */s/ Judson O. Littleton*
                                                Judson O. Littleton