

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

August 14, 2023

BY CM/ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: *Contrarian Capital Management, LLC, et al. v. Bolivarian Republic of Venezuela*, 19 Civ. 11018 (S.D.N.Y.) (rel. Nos. 18 Civ. 11940 & 19 Civ. 3123)

Dear Judge Torres,

      We represent Plaintiffs. We write pursuant to the Court's August 7, 2023 Order, Dkt. No. 146, and in response to Sullivan & Cromwell's August 4, 2023 letter, Dkt. No. 144 (the "Letter").

      Sullivan & Cromwell states it no longer represents Venezuela and, for that reason, Plaintiffs cannot serve Venezuela via ECF in this case. It cites no rule or law in support of that proposition.

      Whether Plaintiffs may effect service via ECF is not a function of Sullivan & Cromwell's agreement with Venezuela – it is a function of Sullivan & Cromwell's status as counsel of record in this case. Sullivan & Cromwell has appeared for Venezuela and it is attorney of record until this Court says otherwise. *See* Local Rule 1.4 ("An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court.").

      Two Sullivan & Cromwell attorneys are listed as counsel of record on the docket of this case. When documents are filed, those attorneys are sent Notices of Electronic Filing. Those Notices "constitute[ ] service" when received. Southern District of New York Electronic Case Filing Rules & Instructions, Rule 19.1. That service is effective as service on Venezuela. *See also* Local Rule 5.2(a) ("A paper served and filed by electronic means . . . is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules.").

      Sullivan & Cromwell notes that, as part of its disengagement with Venezuela, it filed motions to withdraw in four other cases. Letter at 2. But it didn't mention that one motion was denied, two were withdrawn *after* Venezuela obtained substitute counsel, and one was granted as

Hon. Analisa Torres                                                                                                    August 14, 2023

unopposed.[1]  In any event, Sullivan & Cromwell has not moved to withdraw in this case, and should it do so, Plaintiffs will oppose that motion.

Sullivan & Cromwell contends that it did not need to move to withdraw from this case because the case has been closed for two years.  Letter at 1.  But closure of a case by the Clerk of Court is an administrative act with no effect on Plaintiffs' service obligations.  Indeed, one case cited by Sullivan & Cromwell was technically closed for more than three years before Sullivan & Cromwell moved to withdraw.[2]  Sullivan & Cromwell concedes that, after this case was closed, it continued to represent Venezuela and continued to file documents on Venezuela's behalf.  Letter at 2.  It continues to file letters and receive notifications of filings.

Sullivan & Cromwell suggests that service pursuant to 28 U.S.C. § 1608(a)(4) would be quick and easy.  Letter at 4.  That is not necessarily true.  In another case where Venezuela recently defaulted before this Court, effecting service through the State Department pursuant to Section 1608 took **over eight months**.  *See Pharo Gaia Fund, Ltd. et al v. Bolivarian Republic of Venezuela*, No. 20-cv-8497 (AT) (S.D.N.Y. June 22, 2023), Dkt. No. 37.

The Court should not allow Venezuela to delay judgment by playing a shell game with its counsel of record.  The Letter concedes that Venezuela is aware that it needs counsel in this case but does not suggest that substitute counsel is imminent.  Letter at 3.  Plaintiffs already commenced this case by serving a complaint through the State Department pursuant to 28 U.S.C. § 1608(a)(4).  When default is entered, Plaintiffs will need to serve the default judgment through those same procedures again before they may execute on the judgment.  *See* 28 U.S.C. § 1608(e).  Forcing Plaintiffs to effect yet another round of service is simply a delay tactic by "a highly-recalcitrant judgment debtor."  *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 17-mc-151 (LPS), 2021 WL 129803, at *18 (D. Del. Jan. 14, 2021).

The Court should allow Plaintiffs to continue serving Venezuela via ECF.

Respectfully submitted,

/s/ Steven F. Molo
Steven F. Molo

Cc:  All counsel of record (by CM/ECF)

---

[1] March 16, 2023 Minute Order, *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-0046 (D.D.C. Mar. 16, 2023); Notice of Withdrawal, *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 1:19-mc-00290 (D. Del. June 12, 2023), Dkt. No. 159; Notice of Withdrawal, *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-00290 (D. Del. June 12, 2023), Dkt. No. 85; Order, *Tidewater Inv. SRL v. Bolivarian Republic of Venezuela*, No. 1:19-mc-00079 (D. Del. May 10, 2023), Dkt. No. 26.

[2] *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 1:19-mc-00290 (D. Del.) (case closed November 4, 2019; motion to withdraw filed April 28, 2023).