**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,<br><br>Plaintiffs,<br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | : | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123, 18 Civ. 11940, 20 Civ. 10342, 21 Civ. 597 & 21 Civ. 2678]<br><br>Hon. Analisa Torres |

**MEMORANDUM OF LAW IN SUPPORT OF SULLIVAN & CROMWELL'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA**

Pursuant to Local Civil Rule 1.4, Sullivan & Cromwell LLP respectfully moves for leave to withdraw its appearance as counsel for Defendant Bolivarian Republic of Venezuela (the "Republic") in this matter. As we previously informed Plaintiffs and noted to the Court (ECF No. 144), Sullivan & Cromwell's engagement as counsel to the Republic ended in February 2023. While we believed at that time that it was unnecessary to withdraw from this case because a final judgment had been entered and the matter was closed, in light of recent proceedings, we are now making this motion to allow the Court to decide whether Sullivan & Cromwell is released from remaining as counsel.

## BACKGROUND

This case ended more than two years ago when final judgment was entered by this Court on October 16, 2020 (ECF No. 81), and the case was closed on the docket on May 24, 2021. The last time Sullivan & Cromwell took any action in this case was more than 22 months ago, on October 8, 2021, when the parties filed a Stipulation of Entry of Final Judgment and Permanent Injunction. (ECF No. 125.) Then, nearly two years after the closure of the case, Plaintiffs contacted Sullivan & Cromwell and asked to have a telephone conversation. Sullivan & Cromwell told them twice—on March 31 and April 27, 2023—that Sullivan & Cromwell no longer represents the Republic.[1] Then, on May 16, 2023, Plaintiffs filed a letter with this Court requesting leave under Fed. R. Civ. P. 15(d) to file a third "supplemental complaint raising contract claims for . . . new missed payments," and noting that "Sullivan & Cromwell has not to date sought leave to withdraw its appearance in this case." (ECF No. 129.) Thereafter, Sullivan & Cromwell submitted a letter informing the Court that Sullivan & Cromwell had "twice advised Plaintiffs' counsel, on March 31 and April 27, 2023 . . . [that] this firm no longer represents Defendant the Bolivarian Republic of Venezuela in connection with this action." (ECF No. 130.) The Court then ordered Plaintiffs to file their supplemental complaint, but did not address service or Sullivan & Cromwell's status as counsel in this case. (ECF No. 131.)

After Plaintiffs filed their Third Supplemental Amended Complaint and a Proposed Clerk's Certificate of Default (ECF Nos. 132 and 134), Sullivan & Cromwell filed a letter with the Court reiterating that Sullivan & Cromwell told Plaintiffs' counsel that "Sullivan & Cromwell no longer represents Defendant the Bolivarian Republic of Venezuela in connection with this action," and the new supplemental complaint was not properly served "[b]ecause our firm no longer

---

[1] *See* Exhibit A.

represents the Republic." (ECF No. 136.) Thereafter, the Clerk of the Court entered a Certificate of Default in the form submitted by Plaintiffs' counsel, which included a statement that "Defendant's counsel has not withdrawn from its representation in this case." (ECF No. 137.)

On July 31, 2023, Plaintiffs then sought a default judgment against the Republic. (ECF Nos. 138–142.) On August 2, 2023, Sullivan & Cromwell filed a letter with the Court explaining that "Sullivan & Cromwell is no longer engaged as counsel to the Interim Government and the National Assembly of the Bolivarian Republic of Venezuela, headed by President Juan Guaidó . . . and Sullivan & Cromwell had no reason to seek 'leave to withdraw' from a case that had been closed for approximately two years." (ECF No. 144.) Thereafter, the Court ordered Sullivan & Cromwell to "advise the Court of whether it intends to move to withdraw." (ECF No. 150.) In response to the Court's order, Sullivan & Cromwell files this motion for leave to withdraw.

**ARGUMENT**

Sullivan & Cromwell respectfully moves to withdraw because it no longer serves as counsel to the Interim Government and the National Assembly of the Bolivarian Republic of Venezuela, headed by President Juan Guaidó, as the firm's engagement by those entities has ended.

This Court has discretion to grant a motion for withdrawal. In exercising that discretion, the Court has stated that it "analyze[s] two factors when considering a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *See Ashmore* v. *CGI Group, Inc.*, 2013 WL 5863569, at *1 (S.D.N.Y. Oct. 30, 2013) (Torres, J.), *vacated in part on other grounds*, *Ashmore* v. *CGI Group, Inc.*, 2014 WL 1414314 (S.D.N.Y. Apr. 7, 2014) (Torres, J.); *see also* Local Civil Rule 1.4 (The Court may grant a motion

to withdraw "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.").

The reason for the termination of Sullivan & Cromwell's representation of the Republic in this matter is subject to the attorney-client duty of confidentiality and is set forth in the confidential Declaration of Joseph E. Neuhaus Submitted for *In Camera* Review. Counsel seeking to withdraw from representation must adhere to their professional obligations to "not knowingly reveal confidential information . . . or use such information to the disadvantage of a client or for the advantage of the lawyer," and to avoid any "material adverse effect on the interests of the client." NYSBA N.Y. R. Prof. Conduct 1.6, 1.16; *see* ABA Standing Comm. on Ethics and Prof'l Responsibility, Formal Op. 476 (2016) (concluding that "a lawyer who has a good faith basis for withdrawal . . . [should] submit only such information as is reasonably necessary to satisfy the needs of the court and preferably by whatever restricted means of submission, such as in camera review under seal").

Sullivan & Cromwell's withdrawal will not materially impact the timing of this proceeding. No trial date has been set (or is expected) in this matter. Nor will the withdrawal of Sullivan & Cromwell result in material delay or unfair prejudice to any party given the current posture of this litigation. Federal Rule of Civil Procedure Rule 15(a)(1)(3) provides that "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or *within 14 days after service of the amended pleading, whichever is later*." (emphasis added.) Plaintiffs never validly served their Third Supplemental Amended Complaint on the Republic. Sullivan & Cromwell cannot accept service on behalf of the Republic, and therefore Plaintiffs must comply with 28 U.S. Code

§ 1608(a)(4) and proceed with service through the State Department.[2] This process will take additional time to complete, but it need not be very long if Plaintiffs' counsel pursues service with diligence. Indeed, Plaintiffs' counsel has shown that it knows how to navigate that process: when it served its initial complaint in this matter, service through the State Department took 17 days. (*See* ECF Nos. 24 and 27-1.)[3] In any case, there are no imminent pending deadlines in this matter. While Plaintiffs follow the correct method of service, the Republic can work to find new counsel for this case.

Sullivan & Cromwell has previously been instructed by the Office of the Special Attorney General ("SAG"), but Sullivan & Cromwell understands that the Office of the SAG is no longer operative and that Venezuela's Asset Administration and Protection Commission is the body with the power to retain new legal counsel. Sullivan & Cromwell has therefore communicated with Gustavo Marcano, the head of Venezuela's Asset Administration and

---

[2] Under the Foreign Mailing Instructions for the U.S. District Court for the Southern District of New York Clerk's Office, in cases involving a foreign defendant, "[a] judgment or default judgment should be served . . . using: FRCP 4(f)(2)(C)(ii), 28 U.S.C. § 1608(a)(3), 28 U.S.C. § 1608(a)(4), or 28 U.S.C. § 1608(b)(3)(B) depending on which rule the judge specifies." The Republic expressly objected to service by mail when it acceded to the Hague Convention. *See* Dutch Government Treaty Database, *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: Parties with Reservations, Declarations, and Objections* (entry for Venezuela), https://treatydatabase.overheid.nl/en/Verdrag/Details/004235_b#Venezuela ("The Republic of Venezuela does not agree to the transmission of documents through postal channels."). Accordingly, service through the State Department under 28 U.S.C. § 1608(a)(4) is the only method of service available because it is the only method of service listed in the Court's rule that does not involve mail.

[3] Plaintiffs, in their August 14, 2023 letter to the Court (ECF No. 149), argued that service could take considerably longer, citing an instance where it took other counsel eight months to have a motion for default judgment served. There is no reason to think that such an extreme example—which is not consistent with our experience—would be repeated here, where Plaintiffs' counsel have already shown they can manage the process much more expeditiously.

Protection Commission, about the end of our representation of the Republic in this case and other cases. Mr. Marcano has acknowledged our emails. Sullivan & Cromwell has further informed Mr. Marcano by email that Venezuela may wish to engage new counsel in this matter.

The Republic informed us on August 3 and 16, 2023 that it is in the process of hiring new counsel to represent the Republic in this matter.

We understand from Plaintiffs' prior filings in this matter that Plaintiffs oppose this motion.

Sullivan & Cromwell is not asserting a retaining or charging lien. *See* Local Civil R. 1.4.

WHEREFORE, the undersigned respectfully request that the Court grant the motion for leave for the undersigned attorneys at Sullivan & Cromwell to withdraw as counsel to Venezuela.

Dated: August 23, 2023

SULLIVAN & CROMWELL LLP

*/s/ Joseph E. Neuhaus*

Joseph E. Neuhaus
James L. Bromley
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
neuhausj@sullcrom.com
bromleyj@sullcrom.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2023, a true and correct copy of the foregoing was filed with the Court's ECF system, a copy was sent to the email address that we have for Gustavo Marcano, and a copy via United States Postal Service certified mail was sent to Mr. Marcano at the following address:

Gustavo Marcano
8300 NW 53rd Street, Suite 102,
Doral FL, 33166[4]
gmarcano@cive-us.org

I further certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Joseph E. Neuhaus*
Joseph E. Neuhaus
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
neuhausj@sullcrom.com

4 On March 22, 2023, Mr. Marcano informed Sullivan & Cromwell to send, via certified mail, motions to withdraw in other matters to this address. The last address of the Interim Government and the National Assembly of the Bolivarian Republic of Venezuela known to Sullivan & Cromwell is the address for the Venezuelan embassy in Washington, D.C., which was located at 2409 California St. NW Washington, D.C. 20008. Sullivan & Cromwell understands that the Venezuelan embassy in Washington, D.C. is currently closed.