UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, EMMA 1 MASTER FUND, L.P., E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, and CONTRARIAN FUNDS, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA, <br><br> Defendant. | Case No. 19 Civ. 11018 [rel. Nos. 19 Civ. 3123 & 18 Civ. 11940] <br><br> Hon. Analisa Torres <br><br> **AMENDED THIRD SUPPLEMENTAL COMPLAINT** |

Contrarian Capital Management, L.L.C., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Emma 1 Master Fund, L.P., E1 SP, a Segregated Account of EMAP SPC, and Contrarian Funds, L.L.C., for their Third Supplemental Complaint against The Bolivarian Republic of Venezuela ("Venezuela"), allege as follows:

**NATURE OF THE ACTION**

1. This is a breach of contract action arising out of Venezuela's failure to pay interest on certain bonds (the "Bonds") of which Plaintiffs beneficially hold obligations.

2. Venezuela issued the Bonds and sold them to investors under two contracts called "fiscal agency agreements," which it executed in 1998 (the "1998 FAA") and 2001 (the "2001 FAA"). In the 1998 FAA, the 2001 FAA, and the offering documents for each Bond issued pursuant to those contracts, Venezuela unconditionally promised to make regularly scheduled principal and interest payments to holders of the Bonds. The 1998 FAA and the 2001 FAA are each governed by New York law without regard to conflict of laws.

3. Venezuela has defaulted on its obligations under the 1998 FAA, the 2001 FAA, and the Bonds. Venezuela has already been adjudged liable for its failure to pay to Plaintiffs certain principal and interest payments that have come due since October 2017.

4. Contrarian Capital Management, L.L.C. ("Contrarian"), acts as investment adviser for certain investment funds and separately managed accounts (the "Contrarian Funds") that are beneficial holders of the Bonds. Contrarian does not beneficially hold the Bonds but brings this suit to recover the due and unpaid principal and interest on the Bonds that the Contrarian Funds are entitled to and have not already been reduced to judgment.

5. The "Contrarian Funds" comprise Boston Patriot Summer St LLC, Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Emma 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC. The Contrarian Funds hold interests in accounts held by Polonius Holdings, LLC directly, and through a master participation agreement with Contrarian Funds, L.L.C. Contrarian acts as an investment manager for each of the Contrarian Funds.

6. None of Plaintiffs, nor, to Plaintiffs' knowledge, any of the beneficial owners of any Plaintiff, is (a) the state and Government of Venezuela; (b) any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, Petróleos de Venezuela, S.A., the National Bolivarian Armed Forces of Venezuela, and the Venezuelan Economic and Social

Development Bank; (c) any person owned or controlled, directly or indirectly, by the entities listed in subsections (a) or (b); (d) any person who has acted or purported to act directly or indirectly for, or on behalf of, the entities listed in subsections (a) or (b), including without limitation any member of the Nicolás Maduro regime; (e) any "Senior Foreign Political Figure" as defined in 31 C.F.R. § 1010.605(p) to the extent that the term "covered financial institution" in 31 C.F.R. § 1010.605(p) is construed to refer to Plaintiffs; (f) any spouse, parent, sibling, child, or spouse's parent or sibling, of any natural person listed in subsections (a)-(e); (g) or close associate of any natural person listed in subsection (a)-(e).

## PARTIES

7. Contrarian is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

8. Contrarian EM II, LP is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

9. Contrarian Emerging Markets, L.P. is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

10. Boston Patriot Summer St LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Greenwich, Connecticut.

11. Polonius Holdings, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Greenwich, Connecticut.

12. Emma 1 Master Fund, L.P. is a limited partnership organized under the laws of the Cayman Islands with its principal place of business in Greenwich, Connecticut.

13. E1 SP, a Segregated Account of EMAP SPC, is a segregated portfolio company organized under the laws of the Cayman Islands with its principal place of business in Greenwich, Connecticut.

14. Contrarian Funds, L.L.C. is a limited liability company organized under the laws of Delaware with its principal place of business in Greenwich, Connecticut.

15. Each of the Contrarian Funds is a beneficial owner of the Bonds of which the holder of record is Cede & Co., as nominee of the Depository Trust Company. Each Contrarian Fund has been authorized to take any and all actions and to exercise any and all rights and remedies that Cede & Co. is entitled to take as the holder of record of the Bonds.

16. Venezuela is a "foreign state" as defined in 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 28 U.S.C. § 1605 and § 1330 because this is a nonjury civil action against a foreign state that is not entitled to sovereign immunity. In the 1998 FAA, the 2001 FAA, and the terms and conditions of each Bond, Venezuela expressly and irrevocably waived any immunity from suits against it with respect to the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto.

18. In the 1998 FAA and the 2001 FAA, Venezuela waived sovereign immunity for pre-judgment attachment with respect to the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto.

19. Venezuela is also not entitled to sovereign immunity under 28 U.S.C. § 1605(a)(2) because it conducts commercial activity in the United States. Venezuela engaged in a commercial activity in the United States when it marketed the Bonds in the United States, offered them for sale in the United States, allowed them to be traded in the United States, promised to make payments

on them in the United States, and directed the actions of its fiscal agents located in the United States. These actions caused direct effects in the United States, including damages to Contrarian, the Contrarian Funds, and other investors from Venezuela's breach of its payment obligations on the Bonds.

20. This Court has personal jurisdiction over Venezuela because, in the 1998 FAA and the 2001 FAA, Venezuela irrevocably submitted itself to the jurisdiction of this Court for the purpose of any suit arising from the Bonds, the contracts under which the Bonds were issued, or any coupon appertaining thereto. In addition, this Court has personal jurisdiction over Venezuela because it contracted to provide goods and services in this State by promising to make principal and interest payments on the Bonds in New York, New York.

21. In the 1998 FAA, the 2001 FAA, and the terms and conditions of each Bond, Venezuela appointed the Consul General of Venezuela, or, in the Consul's absence or incapacity, any official of the Consulate of Venezuela, which currently maintains offices at 7 East 51st Street, New York, New York 10022, as its authorized agent for service of process.

22. Venue is proper because, in the 1998 FAA and the 2001 FAA, Venezuela consented to and irrevocably waived any objection to venue in this District. Venue is also proper under 28 U.S.C. § 1391(f)(1) because a substantial part of the events and omissions giving rise to this claim arose in this District. Moreover, in the 1998 FAA and the 2001 FAA, Venezuela waived any defense that this Court would be an inconvenient forum for this action.

### FACTUAL ALLEGATIONS

23. The 1998 FAA is a contract entered into as of August 6, 1998 among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and the Chase Manhattan Bank, as fiscal agent. The parties to the 1998 FAA amended that contract in amendments dated

January 14, 2004 and September 29, 2004. The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

24. The 2001 FAA is a contract entered into among Venezuela, Banco Central de Venezuela, as official financial agent of Venezuela, and Deutsche Bank AG and Bankers Trust Company as fiscal agents and principal paying agents. The parties to the 2001 FAA amended that contract with three amendments entered into as of September 19, 2003 ("Amendment No. 1"), March 21, 2005 ("Amendment No. 2"), and December 17, 2007 ("Amendment No. 3"). The 2001 FAA and its amendments are governed by the laws of the State of New York without regard to conflicts of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

25. From time to time, Venezuela has issued unsecured bonds pursuant to the 1998 FAA and the 2001 FAA. The principal amount, interest rate, maturity, and other terms of each bond are set forth in the Bonds themselves and in the offering documents for each Bond. In the 1998 FAA and the 2001 FAA, Venezuela pledged its full faith and credit for the due and punctual payment of all Bonds issued under those agreements.

26. Plaintiffs purchased the Bonds from institutional broker-dealers who are or were at the time Plaintiffs transacted with them for the Bonds, registered with the U.S. Securities and Exchange Commission and regulated by FINRA.

27. Plaintiffs acquired the Bonds as buyers in the ordinary course of business.

28. Plaintiffs purchased the Bonds in good faith, for value, and without notice of any adverse claim.

29. Plaintiffs paid a price within the range of market prices for each of the Bonds on the day of the purchase.

30. The Contrarian Funds are beneficial owners of the following Bonds issued under the 1998 FAA and the 2001 FAA with the following terms:

| **Issue** | **ISIN** | **Date Due** | **FAA** | **Payment Dates** |
|---|---|---|---|---|
| 13.625% 2018 (-AT) Bonds | US922646AT10 | 08/15/2018 | 1998 FAA, (as amended) | Feb. 15; Aug. 15 |
| 13.625% 2018 RegS Bonds | USP9395PAA95 | 08/15/2018 | 2001 FAA | Feb. 15; Aug. 15 |
| 7.00% 2018 Bonds | USP97475AD26 | 12/01/2018 | 2001 FAA and Amend. No. 1 | June 1; Dec. 1 |
| 12.75% 2022 Bonds | USP17625AC16 | 08/23/2022 | 2001 FAA and Amend. Nos. 1-3 | Feb. 23; Aug. 23 |
| 9.00% 2023 Bonds | USP17625AA59 | 05/07/2023 | 2001 FAA and Amend. Nos. 1-3 | Nov. 7; May 7 |
| 8.25% 2024 Bonds | USP97475AP55 | 10/13/2024 | 2001 FAA and Amend. Nos. 1-3 | Oct. 13; Apr. 13 |
| 11.75% 2026 Bonds | USP17625AE71 | 10/21/2026 | 2001 FAA and Amend. Nos. 1-3 | Oct. 21; Apr. 21 |
| 9.25% 2028 Bonds | USP17625AB33 | 05/07/2028 | 2001 FAA and Amend. Nos. 1-3 | Nov. 7; May 7 |
| 11.95% 2031 Bonds | USP17625AD98 | 08/05/2031 | 2001 FAA and Amend. Nos. 1-3 | Feb. 5; Aug. 5 |
| 9.375% 2034 Bonds | US922646BL74 | 01/13/2034 | 1998 FAA, (as amended) | Jan. 13; July 13 |

31. The terms of each Bond held by the Contrarian Funds are set out in each Bond's offering memorandum.

32. Beginning in October of 2017, Venezuela stopped making interest payments on the Bonds. Since then, Venezuela has not made any of the interest payments required by the Bonds' terms.

33. Plaintiffs previously filed suit to recover missed principal and interest payments on the Bond holdings identified in the Second Amended Complaint filed in this action on May 15, 2020, the Supplemental Amended Complaint filed on May 17, 2021, and in the Second Supplemental Complaint filed on October 20, 2021.

34. On October 16, 2020, this Court entered judgment for Plaintiffs on the missed principal and interest payments asserted in the Second Amended Complaint.

35. On May 24, 2021, this Court entered judgment for Plaintiffs on the missed interest payments asserted in the Supplemental Amended Complaint.

36. On October 27, 2021, this Court entered judgment for Plaintiffs on the missed interest payments asserted in the Second Supplemental Complaint.

37. Since the filing of the Second Supplemental Complaint, Venezuela has failed to pay the entire principal amount of the 12.75% 2022 Bonds and the 9.00% 2023 Bonds when they became due. Specifically, it failed to pay the entire principal amount on the 12.75% 2022 Bonds when they became due on August 23, 2022, and it failed to pay the entire principal of the 9.00% 2023 Bonds when they became due on May 7, 2023.

38. Under the terms of the 13.625% (-AT) 2018 Bonds, the 13.625% 2018 RegS Bonds, the 7.00% 2018 Bonds, the 12.75% 2022 Bonds, and the 9.00% 2023 Bonds, coupon interest continues to accrue on those bonds whether or not their maturity date has passed.

39. Since the filing of the Second Supplemental Complaint, Venezuela has also missed the following additional interest payments on the Bonds:

| | | |
|---|---|---|
| i. | 13.625% 2018 (-AT) Bonds: | August 15, 2021, February 15, 2022, August 15, 2022, February 15, 2023, and August 15, 2023 |
| ii. | 13.625% 2018 RegS Bonds: | August 15, 2021, February 15, 2022, August 15, 2022, February 15, 2023, and August 15, 2023 |
| iii. | 7.00% 2018 Bonds: | June 1, 2021, December 1, 2021, June 1, 2022, December 1, 2022, and June 1, 2023 |
| iv. | 12.75% 2022 Bonds: | August 23, 2021, February 23, 2022, August 23, 2022, February 23, 2023, and August 23, 2023 |
| v. | 9.00% 2023 Bonds: | November 7, 2021, May 7, 2022, November 7, 2022, and May 7, 2023 |
| vi. | 8.25% 2024 Bonds: | October 13, 2021, April 13, 2022, October 13, 2022, April 13, 2023, and October 13, 2023 |
| vii. | 11.75% 2026 Bonds: | October 21, 2021, April 21, 2022, October 21, 2022, and April 21, 2023 |
| viii. | 9.25% 2028 Bonds: | November 7, 2021, May 7, 2022, November 7, 2022, and May 7, 2023 |
| ix. | 11.95% 2031 Bonds: | August 5, 2021, February 5, 2022, |

|   |   |   |
|---|---|---|
|   |   | August 5, 2022, February 5, 2023, and August 5, 2023 |
| x. | 9.375% 2034 Bonds: | July 13, 2021, January 13, 2022, July 13, 2022, July 13, 2022, January 13, 2023, and July 13, 2023 |

40. Venezuela's failure to pay interest currently owing on the Bonds has continued for more than 30 days. As a result, an Event of Default exists under the terms and conditions of the Bonds.

41. Plaintiffs have performed all obligations they may have under the FAAs or any Bonds issued pursuant to the FAAs.

## COUNT I

### Breach of Contract on the 13.625% (-AT) 2018 Bonds

42. All foregoing paragraphs are incorporated by reference herein.

43. The 13.625% (-AT) 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

44. Plaintiffs have performed all obligations they may have under the 1998 FAA (as amended) and under the 13.625% (-AT) 2018 Bonds.

45. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on August 15, 2021, February 15, 2022, August 15, 2022, February 15, 2023, and August 15, 2023, as required by the terms of those bonds.

46. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 13.625% (-AT) 2018 Bonds, plus pre-judgment interest.

## COUNT II

### Breach of Contract on the 13.625% RegS 2018 Bonds

47. All foregoing paragraphs are incorporated by reference herein.

48. The 13.625% RegS 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

49. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and under the 13.625% RegS 2018 Bonds.

50. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on August 15, 2021, February 15, 2022, August 15, 2022, February 15, 2023, and August 15, 2023, as required by the terms of those bonds.

51. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 13.625% RegS 2018 Bonds, plus pre-judgment interest.

## COUNT III
### Breach of Contract on the 7.00% 2018 Bonds

52. All foregoing paragraphs are incorporated by reference herein.

53. The 7.00% 2018 Bonds are valid and enforceable promissory notes executed by Venezuela.

54. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 7.00% 2018 Bonds.

55. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on June 1, 2021, December 1, 2021, June 1, 2022, December 1, 2022, and June 1, 2023, as required by the terms of those bonds.

56. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 7.00% 2018 Bonds, plus pre-judgment interest.

## COUNT IV

### Breach of Contract on the 12.75% 2022 Bonds

57. All foregoing paragraphs are incorporated by reference herein.

58. The 12.75% 2022 Bonds are valid and enforceable promissory notes executed by Venezuela.

59. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 12.75% 2022 Bonds.

60. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on the 12.75% 2022 Bonds on August 23, 2021, February 23, 2022, August 23, 2022, February 23, 2023, and August 23, 2023, as required by the terms of those bonds.

61. Venezuela failed to pay Contrarian the entire principal amount of the 12.75% 2022 Bonds, which became due and payable when the bonds matured on August 23, 2022.

62. Venezuela therefore owes Contrarian and the Contrarian Funds the entire principal amount of the 12.75% 2022 Bonds, plus accrued unpaid interest and pre-judgment interest.

## COUNT V

### Breach of Contract on the 9.00% 2023 Bonds

63. All foregoing paragraphs are incorporated by reference herein.

64. The 9.00% 2023 Bonds are valid and enforceable promissory notes executed by Venezuela.

65. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 9.00% 2023 Bonds.

66. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on the 9.00% 2023 Bonds on November 7, 2021, May 7, 2022, November 7, 2022, and May 7, 2023, as required by the terms of those bonds.

67. Venezuela failed to pay Contrarian the entire principal amount of the 9.00% 2023 Bonds, which became due and payable when the bonds matured on May 7, 2023.

68. Venezuela therefore owes Contrarian and the Contrarian Funds the entire principal amount of the 9.00% 2023 Bonds, plus accrued unpaid interest and pre-judgment interest.

## COUNT VI

### Breach of Contract on the 8.25% 2024 Bonds

69. All foregoing paragraphs are incorporated by reference herein.

70. The 8.25% 2024 Bonds are valid and enforceable promissory notes executed by Venezuela.

71. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 8.25% 2024 Bonds.

72. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on the 8.25% 2024 Bonds on October 13, 2021, April 13, 2022, October 13, 2022, April 13, 2023, and October 13, 2023, as required by the terms of those bonds.

73. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 8.25% 2024 Bonds, plus pre-judgment interest.

## COUNT VII

### Breach of Contract on the 11.75% 2026 Bonds

74. All foregoing paragraphs are incorporated by reference herein.

75. The 11.75% 2026 Bonds are valid and enforceable promissory notes executed by Venezuela.

76. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 11.75% 2026 Bonds.

77. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on the 11.75% 2026 Bonds on October 21, 2021, April 21, 2022, October 21, 2022, and April 21, 2023, as required by the terms of those bonds.

78. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 11.75% 2026 Bonds, plus pre-judgment interest.

## COUNT VIII

### Breach of Contract on the 9.25% 2028 Bonds

79. All foregoing paragraphs are incorporated by reference herein.

80. The 9.25% 2028 Bonds are valid and enforceable promissory notes executed by Venezuela.

81. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 9.25% 2028 Bonds.

82. Venezuela failed to make an interest payment due to Contrarian and the Contrarian Funds on the 9.25% 2028 Bonds on November 7, 2021, May 7, 2022, November 7, 2022, and May 7, 2023, as required by the terms of those bonds.

83. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 9.25% 2028 Bonds, plus pre-judgment interest.

## COUNT IX

### Breach of Contract on the 11.95% 2031 Bonds

84. All foregoing paragraphs are incorporated by reference herein.

85. The 11.95% 2031 Bonds are valid and enforceable promissory notes executed by Venezuela.

86. Plaintiffs have performed all obligations they may have under the 2001 FAA (as amended) and the 11.95% 2031 Bonds.

87. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 11.95% 2031 Bonds on August 5, 2021, February 5, 2022, August 5, 2022, February 5, 2023, and August 5, 2023, as required by the terms of those bonds.

88. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 11.95% 2031 Bonds, plus pre-judgment interest.

## COUNT X

### Breach of Contract on the 9.375% 2034 Bonds

89. All foregoing paragraphs are incorporated by reference herein.

90. The 9.375% 2034 Bonds are valid and enforceable promissory notes executed by Venezuela.

91. Plaintiffs have performed all obligations they may have under the 1998 FAA (as amended) and the 9.375% 2034 Bonds.

92. Venezuela failed to make interest payments due to Contrarian and the Contrarian Funds on the 9.375% 2034 Bonds on July 13, 2021, January 13, 2022, July 13, 2022, January 13, 2023, and July 13, 2023, as required by the terms of those bonds.

93. Venezuela therefore owes Contrarian and the Contrarian Funds the accrued unpaid interest on their 9.375% 2034 Bonds, plus pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Contrarian and the Contrarian Funds respectfully request that the Court enter judgment in their favor and against Venezuela as follows:

A. Declaring that the 1998 FAA, the 2001 FAA, and each Bond is an enforceable, valid, and unconditional obligation owed by Venezuela;

B. Declaring that Venezuela has breached the 1998 FAA, the 2001 FAA, and the terms of each Bond, by failing to pay Contrarian and the Contrarian Funds the contractually required interest payments and repayment of principal;

C. Awarding damages to Contrarian and the Contrarian Funds in an amount to be proven at trial;

D. Awarding Contrarian and the Contrarian Funds their fees and costs as permitted by law;

E. Awarding Contrarian and the Contrarian Funds pre-judgment and post-judgment interest; and

F. Awarding Contrarian and the Contrarian Funds such other and further relief as the Court deems just and equitable.

October 30, 2023
New York, New York

                          Respectfully submitted,

                          */s/ Steven F. Molo*
                          Steven F. Molo
                          Justin M. Ellis
                          Lauren F. Dayton
                          Mark W. Kelley
                          MoloLamken LLP
                          430 Park Avenue
                          New York, NY  10022
                          Tel:    (212) 607-8160
                          Fax:   (212) 607-8161
                          smolo@mololamken.com

                          Elizabeth K. Clarke
                          MoloLamken LLP
                          300 N. LaSalle Street, Suite 5350
                          Chicago, IL 60654
                          Tel:    (312) 450-6700
                          Fax:   (312) 450-6701

                          *Counsel for Plaintiffs*