

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

March 18, 2024

BY CM/ECF

Hon. Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

  Re: *Contrarian Capital Management, LLC, et al. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 11018 (S.D.N.Y.): Motion for Relief Under 28 U.S.C. § 1610(c)

Dear Judge Torres,

  We represent the Plaintiffs. Pursuant to your Honor's Individual Rule III.A, we request leave to file a motion for a finding that, under 28 U.S.C. § 1610(c), a reasonable period of time has passed since the Court entered judgment against the Defendant Bolivarian Republic of Venezuela in January 2024. Alternatively, because the Court's prior rulings under Section 1610(c) entitle Plaintiffs to relief now, Plaintiffs request that the Court deem this letter as their motion and grant relief without further briefing. The Republic has stated that it intends to oppose this motion.

  This case concerns debts the Republic owes to Plaintiffs under certain bonds. The Republic stipulated to entry of judgment on some of those debts on December 11, 2023, and this Court entered that judgment on January 2, 2024. Dkts. 176, 177. However, before Plaintiffs may execute against the Republic's assets, the Foreign Sovereign Immunities Act requires a court to determine that "a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c).

  Section 1610(c)'s reasonable-period-of-time requirement exists so foreign sovereigns have sufficient time to pay a judgment voluntarily before a creditor may commence execution proceedings. *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017). Courts therefore consider whether there is "'evidence that the foreign state is actively taking steps to pay the judgment,'" as well as "the steps necessary to pay the judgment" and "evidence of evasion of the judgment," when determining whether a reasonable period of time has elapsed. *Id.* (quoting *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001)).

Hon. Analisa Torres                                                                                                          March 18, 2024

      Under these principles, a reasonable time has passed since the January 2024 judgment. The Republic has failed to pay **any** debts to its similarly situated U.S. creditors since this suit was filed. Ellis Decl. ¶ 7. This Court thus recently found in a related case against the Republic that only 43 days was a reasonable period of time to wait before execution proceedings could begin. *Altana Credit Opportunities Fund SPC et al. v. Bolivarian Republic of Venezuela*, No. 20 Civ. 8402, Dkt. 91 (S.D.N.Y. Dec. 7, 2023); *see also Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, Dkt. 74 (S.D.N.Y. May 27, 2021) (finding seven months reasonable, and noting that courts have found two and five months reasonable for the Republic's creditors); *Contrarian Cap. Mgmt., LLC*, No. 19 Civ. 11018, Dkt. 120, at 2 (S.D.N.Y. July 12, 2021) (similar). Other courts have reached similar results. *See, e.g.*, *Devengoechea v. Bolivarian Republic of Venezuela*, No. 12 Civ. 23743, Dkt. 299 (S.D. Fla. Dec. 22, 2023) (18 days); *Crystallex*, 2017 WL 6349729, at *1 (60 days); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, No. 14 Civ. 2014, Dkt. 48 (D.D.C. Jan. 20, 2016) (two months).

      The Court's prior § 1610(c) rulings, and the Republic's continued failure to pay these or any other U.S. debts, warrant finding that a reasonable amount of time has passed and that Plaintiffs may begin executing on the January 2024 judgment. Accordingly, Plaintiffs respectfully request that the Court enter the proposed order attached as Exhibit 1.

      Respectfully submitted,

      /s/ Steven F. Molo
      Steven F. Molo

Cc: All counsel of record (via CM/ECF)