UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC, <br><br>                             Plaintiffs,<br><br>                  v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>                             Defendant. | Case No. 19 Civ. 11018<br><br>Hon. Analisa Torres |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR RELIEF UNDER 28 U.S.C. § 1610(C)**

Contrarian Capital Management, L.L.C., Contrarian Capital Fund I, L.P., Contrarian Dome du Gouter Master Fund, LP, Contrarian Capital Senior Secured, L.P., Contrarian EM II, LP, Contrarian Emerging Markets, L.P., Boston Patriot Summer St LLC, Polonius Holdings, LLC, Contrarian Funds, L.L.C., EMMA 1 Master Fund, L.P., and E1 SP, a Segregated Account of EMAP SPC (together, "Plaintiffs") hereby move under 28 U.S.C. § 1610(c) for a finding that a reasonable period of time has elapsed since this Court's January 2, 2024 judgment against the Defendant Bolivarian Republic of Venezuela so that Plaintiffs may start execution proceedings.

## BACKGROUND

Since 2017, the Republic has failed to pay principal and interest it owes on bonds beneficially held by Plaintiffs (the "Bonds"). *See* Dkt. 74 at 3.  In October 2020, the Court entered a nearly $289 million judgment for Plaintiffs reflecting certain of the Republic's missed payments

on those Bonds. *See* Dkt. 81. The Republic has made no effort to pay that judgment. Ellis Decl. ¶ 6. Thus, in March 2021, Plaintiffs moved under 28 U.S.C. § 1610(c) for a determination that a reasonable period of time has elapsed since the October 2020 judgment. *See* Dkt. 105. The Court granted that motion in July 2021. *See* Dkt. 120.

In May and October 2021, the parties stipulated to two judgments of more than $104 million reflecting more missed payments on the Bonds. Dkts. 118, 119, 125, 126. Plaintiffs registered those judgments for execution in the United States District Court for the District of Delaware. *See Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 21 Misc. 18 (D. Del. Jan. 21, 2021) Dkt. 1; *Contrarian Cap. Mgmt., L.L.C. v. Bolivarian Republic of Venezuela*, No. 22 Misc. 131 (D. Del. Mar. 18, 2022) Dkt. 1. The Delaware district court held that a reasonable period of time had passed for those judgments as well. *See Contrarian Cap. Mgmt., L.L.C. et al v. Bolivarian Republic of Venezuela*, No. 21 Misc. 18 (D. Del. Nov. 1, 2023) Dkt. 74. The Republic has made no effort to pay the 2021 judgments, either. Ellis Decl. ¶ 7.

On January 2, 2024, this Court entered a fourth stipulated judgment for more than $200 million reflecting yet more missed payments. *See* Dkts. 176, 177. In the three months since then, the Republic has made no effort to pay that judgment and no representations about when it might pay. Ellis Decl. ¶ 3, 4. On March 18, 2024, Plaintiffs filed a letter motion seeking an order pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since the entry of the January 2024 judgment. Dkt. 178. In response, the Court directed Plaintiffs to file this motion. Dkt. 180.

**ARGUMENT**

Before a judgment creditor may execute against a foreign sovereign's assets, the Foreign Sovereign Immunities Act ("FSIA") requires a court to find that "a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c). That requirement "ensure[s] that

a foreign power is always given an opportunity to evaluate and respond to any court judgment entered against it." *Agudas Chasidei Chabad of United States v. Russian Fed'n*, 798 F. Supp. 2d 260, 271 (D.D.C. 2011).

Section 1610(c) does not define how much time for a sovereign to pay up is "reasonable." *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 18 Civ. 11940, 2021 WL 2168916, at *1 (S.D.N.Y. May 27, 2021). Factors that courts consider include "representations by the foreign state of steps being taken to satisfy the judgment" and "any steps being taken to satisfy the judgment." *Id.* (quotation omitted); *see also* H.R. Rep. 94-1487, at 30 (1976) (describing similar factors). As this Court noted when finding Section 1610(c) satisfied in a related case against the Republic, courts at the time had found as few as two months to be a reasonable time. *Pharo Gaia Fund*, 2021 WL 2168916, at *1.

Under these principles, a reasonable period of time has passed since the January 2024 judgment. The Republic has not taken any steps to pay this judgment or the other judgments entered in this case. Ellis Decl. ¶¶ 4-7. Nor has it made any representations that it would try to pay. *Id.* Instead, the Republic continues to miss the interest payments it owes to Plaintiffs. Ellis Decl. ¶¶ 5, 7. In fact, it has failed to pay any of its debts to its similarly situated U.S. creditors since this suit was filed years ago. Ellis Decl. ¶ 8. Plaintiffs have been forced to pursue execution proceedings against the Republic to satisfy the other judgments this Court has entered in this case. *See Contrarian Capital Management, L.L.C. et al v. Bolivarian Republic of Venezuela*, Nos. 21 Misc. 18, 22 Misc. 131, and 22 Misc. 263 (D. Del.).

Given this context, three months is more than enough time for Plaintiffs to wait before beginning execution proceedings. In fact, courts have recently held that far less time is required under Section 1610(c) given the Republic's well-documented refusal to pay its debts. This Court found that a mere forty-three-day wait was reasonable. *Altana Credit Opportunities Fund SPC v.*

3

*Bolivarian Republic of Venezuela*, No. 20 Civ. 8402 (S.D.N.Y. Dec. 7, 2023) Dkt. 91.  One court even held that only eighteen days was sufficient time in a case against the Republic.  *Devengoechea v. Bolivarian Republic of Venezuela*, No. 12 Civ. 23743 (S.D. Fla. Dec. 22, 2023) Dkt. 299.[1]

If anything, a shorter wait is justified for the January 2024 judgment than those cases.  The Republic has stated in the stipulation agreeing to the May 2021 judgment that it will not pay ***any*** of its legacy commercial debts until it regains control of Venezuela's institutions and territory.  *See, e.g.*, Dkt. 118 at 2.  There is no telling when, if ever, that will happen.  The fact that the Republic openly refuses to pay this judgment makes it futile to wait any longer to begin execution.  *See Pharo Gaia*, 2021 WL 2168916, at *2 (Republic's failure to "provide[] a timeline" for payment "'bolsters plaintiff's argument that it should be allowed to seek attachment'").

## **CONCLUSION**

The Court should issue an order under 28 U.S.C. § 1610(c) finding that a reasonable period of time has passed since this Court entered judgment on January 2, 2024.

---

[1] Several courts have also held that two months was sufficient, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16 Civ. 0661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017); *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, No. 14 Civ. 2014, Dkt. 48 (D.D.C. Jan. 20, 2016).

Dated: April 2, 2024　　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　*/s/ Justin M. Ellis*
　　　　　　　　　　　　　　　　　　　　　Steven F. Molo
　　　　　　　　　　　　　　　　　　　　　Justin M. Ellis
　　　　　　　　　　　　　　　　　　　　　Lauren F. Dayton
　　　　　　　　　　　　　　　　　　　　　Mark W. Kelley
　　　　　　　　　　　　　　　　　　　　　MOLOLAMKEN LLP
　　　　　　　　　　　　　　　　　　　　　430 Park Avenue, 6th Floor
　　　　　　　　　　　　　　　　　　　　　New York, NY  10022
　　　　　　　　　　　　　　　　　　　　　Tel.: (212) 607-8170
　　　　　　　　　　　　　　　　　　　　　Fax: (212) 607-8161
　　　　　　　　　　　　　　　　　　　　　smolo@mololamken.com

　　　　　　　　　　　　　　　　　　　　　Elizabeth K. Clarke (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　MOLOLAMKEN LLP
　　　　　　　　　　　　　　　　　　　　　300 N. LaSalle Street, Suite 5350
　　　　　　　　　　　　　　　　　　　　　Chicago, IL  60654
　　　　　　　　　　　　　　　　　　　　　Tel.: (312) 450-6700
　　　　　　　　　　　　　　　　　　　　　Fax: (312) 450-6701

　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*