UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONTRARIAN CAPITAL MANAGEMENT, L.L.C., CONTRARIAN CAPITAL FUND I, L.P., CONTRARIAN DOME DU GOUTER MASTER FUND, LP, CONTRARIAN CAPITAL SENIOR SECURED, L.P., CONTRARIAN EM II, LP, CONTRARIAN EMERGING MARKETS, L.P., BOSTON PATRIOT SUMMER ST LLC, POLONIUS HOLDINGS, LLC, CONTRARIAN FUNDS L.L.C., EMMA 1 MASTER FUND, L.P., and E1 SP, A SEGREGATED ACCOUNT OF EMAP SPC,

Plaintiffs,

-against-

BOLIVARIAN REPUBLIC OF VENEZUELA,

Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/12/2024_
```

19 Civ. 11018 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Plaintiffs' motion for an order under 28 U.S.C. § 1610(c) finding that a "reasonable period of time" has elapsed since the Court entered judgment against Defendant. Mot., ECF No. 181. For the reasons stated below, Plaintiffs' motion is GRANTED.

## BACKGROUND

In 2019, Plaintiffs filed this lawsuit against Defendant, alleging breach of contract for non-payment on bonds issued by Venezuela. *See generally* ECF No. 1. On October 16, 2020, the Court entered a final judgment for Plaintiffs (the "October 2020 Judgment"). ECF No. 81. Defendant made no payments on the October 2020 Judgment. ECF No. 107 ¶¶ 4–6. In July 2021, the Court granted Plaintiffs' § 1610(c) motion, finding that a reasonable period of time had elapsed since the October 2020 Judgment. ECF No. 120.

In December 2023, the parties stipulated to another judgment of more than $200 million, reflecting additional missed payments on the bonds. ECF No. 176. On January 2, 2024, the Court entered the judgment (the "January 2024 Judgment"). ECF No. 177. Defendant has made no payments on the January 2024 Judgment. Ellis Decl. ¶¶ 4–5, ECF No. 183. Before the Court is Plaintiffs' motion for an order under § 1610(c) finding that a "reasonable period of time" has elapsed since the Court entered the January 2024 Judgment and entitling Plaintiffs to enforce the January 2024 Judgment. Mot. Defendant opposes the motion. *See generally* Def. Mem., ECF No. 185.

**DISCUSSION**

I. <u>Legal Standard</u>

Under the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice."  28 U.S.C. § 1610(c).  The statute does not define what constitutes a "reasonable time."  Factors that courts consider, however, include "procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representations by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment." *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420, 423 (S.D.N.Y. 1987) (quoting H.R. Rep. No. 1487, at 30 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6629).

II. <u>Analysis</u>

Eleven months have passed since the Court entered the January 2024 Judgment.  Although "the period of 'reasonable time' will of course vary according to the nuances of each case," *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001), shorter periods of time have been considered "reasonable" in numerous cases, *see, e.g.*, *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 19 Civ. 3123, 2021 WL 2168916, at *1 (S.D.N.Y. May 27, 2021) (seven months); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (three months); *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two months).  Eleven months is, therefore, a reasonable period of time under § 1610(c).

Defendant argues that the Court should not permit attachment at this time because of the specific circumstances in this action.  Specifically, Defendant contends that it has cooperated with Plaintiffs by entering into the stipulation and that it does not "plan[] to frustrate judgment."  Def. Mem. at 4–6.  But Defendant's claimed cooperation and representation that it does not "plan[] to frustrate judgment" do not change the fact that, for a period of eleven months, Defendant has taken no steps to satisfy the January 2024 Judgment.[1]  *See* Ellis Decl. ¶¶ 4–5.

In 2021, moreover, this Court granted a § 1610(c) motion in *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, a related case, concluding that a reasonable time had passed since the entry of judgment.  2021 WL 2168916, at *3.  A longer period of time has elapsed here.  *Compare* January 2024 Judgment (entered eleven months ago), *with Pharo Gaia*, 2021 WL 2168916, at *1 (holding that the seven months that had passed since the entry of judgment was a reasonable period of time).  The Court sees no reason to depart from its previous reasoning.

---

[1] Defendant's request that the Court deny Plaintiffs' motion "pending the restitution of democracy in Venezuela and initiation of the debt restructuring process" is DENIED.  *See* ECF No. 190.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an order under 28 U.S.C. § 1610(c) finding that a "reasonable period of time" has elapsed since the entry of the January 2024 Judgment is GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 181.

SO ORDERED.

Dated: December 12, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge